NAVI DHILLON (SBN 279537)
navidhillon@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Pacific Bell Telephone Company (Defendant) submits this answer to the first amended complaint filed by Plaintiff California Sportfishing Protection Alliance (Plaintiff) and alleges as follows in response to the numbered paragraphs in Plaintiff's first amended complaint:

## JURISDICTION AND VENUE

1. Answering Paragraph 1, this Paragraph consists of legal conclusions or characterizations of Plaintiff's own lawsuit to which no response is required.

2. Answering Paragraph 2, Defendant admits that on or around August 11, 2020, it received a notice of intent to sue letter from Plaintiff. This Paragraph includes legal conclusions or characterizations of the notice of intent to sue letter to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

3. Answering Paragraph 3, Defendant admits that more than ninety days have passed since Defendant received the notice of intent to sue letter. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

4. Answering Paragraph 4, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

## INTRODUCTION

5. Answering Paragraph 5, Defendant admits that many years ago it operated two telecommunication cables, portions of which were, and still are, situated in the waters of Lake Tahoe. Defendant admits that each cable contains several layers of material, some of which serve a protective purpose. To the extent this Paragraph includes legal conclusions, no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

6. Answering Paragraph 6, Defendant admits that the cables have not been in operation for years, and that at least one end of one cable has been cut. Defendant admits that it has installed modern cables in the waters of Lake Tahoe. This Paragraph includes legal conclusions to which

no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

7. Answering Paragraph 7, this Paragraph purports to describe actions taken by Plaintiff. As to such allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them. To the extent this Paragraph includes legal conclusions, no response is required. As to the remaining allegations, Defendant denies them.

8. Answering Paragraph 8, Defendant admits that lead is a listed chemical under California's Proposition 65 law, codified at Health & Safety Code § 25249.5 et seq. This Paragraph purports to describe official actions of public agencies; such actions speak for themselves and no response is required. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

9. Answering Paragraph 9, Defendant admits that Lake Tahoe is a water body that is located at least in part in the State of California. Defendant admits that recreational activities occur in Lake Tahoe, *i.e.*, boating and swimming. Defendant admits that some individuals have made physical contact with the waters of Lake Tahoe, and that lake waters provide habitat for some species. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

## THE PARTIES

10. Answering Paragraph 10, this Paragraph purports to describe the activities of Plaintiff and its claimed members. As to such allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

11. Answering Paragraph 11, Defendant's response is admit.

12. Answering Paragraph 12, Defendant admits that it installed the cables in Lake Tahoe. This Paragraph purports to characterize Plaintiff's notice of intent to sue letter to which no

1  response is required. As to any remaining allegations, Defendant is without sufficient information
2  to form a belief as to their truth, and, on that basis, denies them.

3      13.    Answering Paragraph 13, Defendant's response is admit.

## LEGAL BACKGROUND

5      14.    Answering Paragraph 14, this Paragraph consists of legal conclusions to which no
6  response is required.

## STATEMENT OF FACTS

8      15.    Answering Paragraph 15, Defendant admits that it installed two telecommunication
9  cables and placed certain submarine portions of those cables in the waters of Lake Tahoe.
10 Defendant admits that one of these cables is located near the mouth of Emerald Bay (Cable A), and
11 that a second cable is located along a portion of Lake Tahoe's western shore (Cable B). As to any
12 remaining allegations, Defendant is without sufficient information to form a belief as to their truth,
13 and, on that basis, denies them.

14     16.    Answering Paragraph 16, Defendant is without sufficient information to form a
15 belief as to the truth of those allegations, and, on that basis, denies those allegations.

16     17.    Answering Paragraph 17, Defendant admits that it installed a new fiber optic cable
17 in or around the location of Cable A, and that this new technology is superior in some respects.
18 Defendant admits that it no longer uses the cables. This Paragraph includes legal conclusions to
19 which no response is required. As to any remaining allegations, Defendant is without sufficient
20 information to form a belief as to their truth, and, on that basis, denies them.

21     18.    Answering Paragraph 18, Defendant admits that Cable A is cut on at least one end.
22 As to the remaining allegations, Defendant is without sufficient information to form a belief as to
23 their truth, and, on that basis, denies them.

24     19.    Answering Paragraph 19, this Paragraph consists of legal conclusions to which no
25 response is required. As to any remaining allegations, Defendant denies them.

26     20.    Answering Paragraph 20, this Paragraph includes legal conclusions to which no
27 response is required. As to the remaining allegations, Defendant is without sufficient information
28 to form a belief as to their truth, and, on that basis, denies them.

21. Answering Paragraph 21, Defendant admits that Lake Tahoe is a popular destination. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

22. Answering Paragraph 22, this Paragraph includes legal conclusions to which no response is required. This Paragraph purports to describe official actions of public agencies; such actions speak for themselves and no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

23. Answering Paragraph 23, this Paragraph includes legal conclusions to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

**FIRST CLAIM FOR RELIEF**
**Violations of RCRA**
**42 U.S.C. § 6972(a)(1)(B)**

24. Answering Paragraph 24, Defendant incorporates all of its responses set forth above.

25. Answering Paragraph 25, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

26. Answering Paragraph 26, Defendant is without sufficient information to form a belief as to the truth of the allegations, and, on that basis, denies them.

27. Answering Paragraph 27, Defendant is without sufficient information to form a belief as to the truth of the allegations, and, on that basis, denies them.

28. Answering Paragraph 28, Defendant is without sufficient information to form a belief as to the truth of the allegations, and, on that basis, denies them.

29. Answering Paragraph 29, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

**RELIEF REQUESTED**

Answering Paragraphs (a)-(f) of the complaint's request for relief at page 9, Defendant denies each of those allegations, and contends Plaintiff is not entitled to any relief whatsoever.

//

\*\*\*

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations, or agreeing that Defendant bears any burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to allege facts sufficient to support a plausible claim for relief.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's alleged claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Provide Adequate Notice)

Each claim for relief in the complaint is barred and/or limited because Plaintiff failed to provide Defendant with adequate notice as required under applicable statutes, including 42 U.S.C section 6972(b).

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing under Article III of the U.S. Constitution)

The complaint fails to present an actual case or controversy within the meaning of Article III of the U.S. Constitution.

DATED: May 20, 2021                        PAUL HASTINGS LLP

By: /s/ Navi S. Dhillon
     NAVI S. DHILLON

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY