1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**

16

**EASTERN DISTRICT OF CALIFORNIA**

17
18
19
20
21
22
23

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br>               Defendant. | Case No. 2:21-cv-00073-MCE-JDP<br><br>AMENDED CONSENT DECREE<br><br> ECF Nos. 16, 18 |

24
25
26

      **WHEREAS**, in January 2021, Plaintiff California Sportfishing Protection Alliance

27

("Plaintiff") filed the above-captioned action (the "Action") against Defendant Pacific Bell Telephone

Company ("Defendant"), alleging violations of the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. section 6901 *et seq.*, and the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), Cal. Health & Safety Code section 25249.5 *et seq.*;

**WHEREAS**, Plaintiff contends it is a non-profit public benefit corporation dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of California's waters;

**WHEREAS**, Plaintiff contends that Defendant Pacific Bell Telephone Company ("Defendant") obtained licenses, easements, or other approvals from the California State Lands Commission for the purpose of installing and operating submarine telecommunications cables along the bottom of the western side of Lake Tahoe (the "Easements");

**WHEREAS**, two telecommunications cables have been installed pursuant to the Easements that, when taken together, are approximately 8 miles long ("the Cables") (A map identifying the approximate current locations of the Cables is attached hereto as **Exhibit A**);

**WHEREAS**, Defendant contends that it stopped using the Cables in or around the 1980s or earlier, that the Easements therefore have terminated, and that Defendant no longer owns the Cables;

**WHEREAS**, Plaintiff contends that the Cables contain lead, a toxic heavy metal known to the State of California, pursuant to California Code of Regulations, title 27, section 27001, subdivision (b), to cause cancer and reproductive toxicity;

**WHEREAS,** the State of California has listed Lake Tahoe as a source of drinking water within the meaning of Proposition 65;

**WHEREAS,** Plaintiff contends that the Cables have leached, are leaching, and will continue to leach lead into the waters of Lake Tahoe, and that such leaching may present an imminent and substantial endangerment to human health or the environment;

**WHEREAS**, Plaintiff contends that the Cables are solid waste within the meaning of RCRA, and that the Cables are discharging lead into Lake Tahoe, a source of drinking water, and thus Defendant is in violation of Proposition 65 (Cal. Health & Safety Code § 25249.5), and Defendant's actions may present an imminent and substantial endangerment to health or the environment that is

1    actionable under RCRA (42 U.S.C. § 6972(a)(1)(B));

2        **WHEREAS**, on or about August 27, 2020, Plaintiff provided Defendant with a written Notice

3    of Violation of RCRA and Proposition 65 ("Notice Letter"), and Plaintiff further contends that the

4    Notice Letter was provided by certified mail return receipt requested to Defendant's Chief Executive

5    Officer and agent for service of process; the Administrator of the United States Environmental

6    Protection Agency ("EPA"); the Regional Administrator of EPA Region IX; the California Attorney

7    General; the Acting Director of the California Department of Resources, Recycling and Recovery; and

8    the District Attorneys for the California counties of Placer and El Dorado, all in accordance with 40

9    C.F.R. section 254.2 and Cal. Health & Safety Code section 25249.7 (A true copy of the Notice Letter

10   is attached as **Exhibit A** to ECF No. 1);

11       **WHEREAS**, on January 14, 2021, Plaintiff filed the complaint initiating this Action and

12   subsequently amended it twice, such that the Second Amended Complaint is the operative complaint

13   for the purposes of this Consent Decree ("Decree");

14       **WHEREAS**, Defendant disputes Plaintiff's allegations set forth in the Second Amended

15   Complaint filed in the Action and the Notice Letter and contends Plaintiff's claims lack merit;

16       **WHEREAS**, in an effort to reduce the cost and expense associated with litigation, the Parties

17   wish to resolve this matter pursuant to the terms of this Decree, which entails the removal of the

18   Cables pursuant to the terms of the Decree;

19       **WHEREAS**, each Party has separately estimated the likely cost of removing the Cables and

20   their respective estimates are in the range of $275,000 and $550,000;

21       **WHEREAS**, because it is uncertain what conditions, if any, may be required by local, state, or

22   federal agencies with respect to the physical removal from Lake Tahoe and off-site transport of the

23   Cables, and to ensure there is sufficient funding, the Parties have agreed to a conservative amount of

24   funds up to $1,500,000 (One Million and Five Hundred Thousand Dollars) that Defendant will make

25   available for the physical removal of the Cables from Lake Tahoe ("Removal Funds"), and the Parties

26   have further agreed that the Removal Funds will not include any transactional, consulting, or legal fees

27   associated with relevant permitting efforts or the costs of the disposal or transportation of the Cables

away from Lake Tahoe following their physical removal from Lake Tahoe ("Excluded Costs"). Defendant will separately be responsible for the Excluded Costs;

WHEREAS, the Parties agree that Defendant, in entering into this Decree, makes no admission of liability or of any issue of law or fact whatsoever regarding the claims made by Plaintiff in the Action or the Notice Letter;

WHEREAS, for the purposes of this Decree, the Parties agree that: (i) the Court has personal jurisdiction over the Parties and subject matter jurisdiction under 28 U.S.C. sections 1331 and 1367, and RCRA (42 U.S.C.§ 6972(a)(1)(B)); (ii) venue is proper in this Court under 28 U.S.C. section 1391(b) and RCRA (42 U.S.C. § 6972(a)), because a substantial part of the events or omissions giving rise to Plaintiff's claims and the alleged endangerment occurred in this District.  Intra-district venue is proper in Sacramento, California, because the sources of the alleged violations are located in El Dorado and Placer Counties, and Plaintiff contends it has standing under Article III of the U.S. Constitution to bring this Action;

WHEREAS, the Parties agree that the Court should retain jurisdiction over this matter for purposes of interpreting, modifying, or enforcing the terms of this Decree for the life of the Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Decree;

WHEREAS, promptly after the mutual execution of this Decree, Plaintiff shall file a motion to approve entry of this Decree, and shall serve a copy of the motion on the California Attorney General for the 45-day statutory review period specified in Proposition 65 (Health & Safety Code § 25249.7(f)), and California Code of Regulations, title 11, section 3003;

WHEREAS, the Parties agree to work together to secure prompt judicial approval of the Decree, regardless of any objections from any interested party;

WHEREAS, the Parties' shared goal is to work in a cooperative fashion to effectuate the removal of the Cables as soon as practicable, and therefore have mutually set a target date for removal of November 1, 2021;

WHEREAS, in the event that the Court for any reason denies the motion to approve the Decree in the form submitted with the motion to approve, this Decree shall become null and void upon

the election of any Party that provides written notice to the other Party pursuant to the notice provisions herein; and

**WHEREAS**, the date this Decree is entered by the Court shall be the "Court Entry Date" for purposes of this Decree.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES, AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.     **Defendant Shall Promptly and Diligently Seek to Secure All Necessary Permits or Other Authorizations for the Removal of the Cables.**  No later than five (5) business days after the Court Entry Date, Defendant shall use diligent and commercially reasonable efforts to promptly pursue the process to secure all necessary local, state and federal permits or other authorizations necessary for lawful removal and off-site transport for disposal or recycling of the Cables (the "Authorizations").  Upon receiving all the Authorizations, Defendant shall notify Plaintiff in writing within five (5) business days.  If, after six (6) months from the Court Entry Date, Defendant has not notified Plaintiff that it has secured all Authorizations, the Parties shall promptly meet and confer in good faith pursuant to the Dispute Resolution provisions herein to resolve the issue.  However, if requested by Defendant and there is a reasonable basis that additional time is needed, Plaintiff shall not unreasonably withhold approval of an extension of up to six months, depending upon the basis for which additional time is needed, to secure the Authorizations.  In the event that no resolution is reached regarding the time for securing the Authorizations after expiration of the time limits provided in this Paragraph 1, then this Decree shall be null and void and vacated upon the written election of either Party, and the Parties shall be restored to their respective legal positions prior to the entry of this Decree.  The statute of limitations applicable to the claims alleged in the Second Amended Complaint shall be tolled as of the Court Entry Date and until the Cables are removed or this Decree is terminated, whichever is earlier.

2.     **Removal of the Cables.**  Defendant shall remove the Cables from Lake Tahoe and transport them for lawful off-site disposal or to a cable recycler within ninety (90) days following receipt of all Authorizations or the Court Entry Date, whichever is later, or as soon thereafter as

reasonably practicable (the "Removal Date"), subject to the other terms of this Decree and all applicable laws, rules and regulations.  Defendant shall notify Plaintiff in writing within five (5) business days of having completed removal of the Cables from Lake Tahoe.  If, after ninety (90) days have elapsed from the date on which Defendant received all relevant Authorizations to remove the Cables and Defendant has not removed the Cables, the Parties shall promptly meet and confer in good faith pursuant to the Dispute Resolution provisions herein to resolve the issue.  In the event that no resolution is reached regarding a new date by which the Cables will be removed, then this Decree shall be null and void and vacated at the written election of either Party, and the Parties shall be restored to their respective legal positions prior to the entry of this Decree.  The statute of limitations applicable to the claims alleged in the Second Amended Complaint shall be tolled as of the Court Entry Date and until the Cables are removed or this Decree is terminated, whichever is earlier.

     **3.**     **Removal Funds for the Removal of the Cables.**  Defendant shall make available Removal Funds to pay for the physical removal of the Cables from Lake Tahoe and will separately pay for applicable Excluded Costs.  Notwithstanding any other provision of this Decree, in the event that the Removal Funds specified in this Decree prove to be insufficient to cover their intended purposes based on third party contractor written estimates, then the Parties shall promptly meet and confer in good faith pursuant to the Dispute Resolution provisions herein to attempt to agree to resolve the issue.  In the event that no agreement is reached regarding the sufficiency of the Removal Funds, then this Decree shall be null and void and vacated upon the written election of either Party, and the Parties shall be restored to their respective legal positions prior to entry of this Decree.  The statute of limitations applicable to the claims alleged in the Second Amended Complaint shall be tolled as of the Court Entry Date and until the Cables are removed or this Decree is terminated, whichever is earlier.

     **4.**     **Dispute Resolution**.  If a dispute under this Decree arises, or either Party believes in good faith that a breach of this Decree has occurred, the Parties shall meet and confer within fourteen (14) days of receiving written notification from the other Party of a request to confer about the matter. If either Party fails to meet and confer in good faith, or the meet-and-confer process is unsuccessful, and after seven (7) days have elapsed from the date the meet-and-confer occurred or should have

occurred, then either Party shall be entitled to all rights and remedies under the law, including filing a motion with the Court.  Notwithstanding any other provision of this Decree, the Court shall retain jurisdiction over the Action for the limited purposes of enforcement of the terms of this Decree or for adjusting upon a showing of good cause any deadlines or time limits set forth in this Decree.

5.     **Plaintiff's Release and Waiver.**  Upon the Court Entry Date of this Decree, Plaintiff, on its own behalf and on behalf of its members, subsidiaries, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases and forever discharges Defendant and its officers, directors, employees, shareholders, parents, subsidiaries, and affiliates, and each of their predecessors, successors and assigns, and each of their agents, attorneys, consultants, and other representatives (each a "Released Defendant Party") from any and all claims or causes of action (i) arising from or pertaining to claims asserted in the Action or the Notice Letter, including, without limitation, all claims for injunctive relief, damages, losses, penalties, fines, sanctions, mitigation, or any other sum incurred or claimed or which could have been claimed under RCRA or Proposition 65, for the alleged failure of Defendant to comply with RCRA and/or Proposition 65, up to the Court Entry Date; and (ii) any other claims that could have been brought against Defendant based on the facts alleged in the Second Amended Complaint or otherwise known to Plaintiff.

Plaintiff, on behalf of the public interest, hereby waives, releases, and forever discharges all Proposition 65 claims that are the subject of the Notice Letter.

6.     **Defendant's Release and Waiver**.  Defendant, on its own behalf and on behalf of any Released Defendant Party under its control, releases Plaintiff (and its officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representative) from, and waives all claims which arise from or pertain to the Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other similar sums incurred or claimed or which could have been claimed for matters associated with or related to the Action.

7.     **The Parties' Waiver of California Civil Code Section 1542.**  Each Party acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor or released party.

Each Party waives and relinquishes any right or benefit it has or may have under California Civil Code section 1542 or any similar provision under statutory or non-statutory law. The Parties acknowledge that each may subsequently discover facts in addition to, or different from, those that it believes to be true with respect to the claims released herein. The Parties agree that this Decree and the releases contained herein shall be and remain effective in all respects notwithstanding the discovery of such additional or different facts.

**8.     Reimbursement of Plaintiff's Fees & Costs**.   Notwithstanding the release set forth above, Defendant shall reimburse Plaintiff in the amount of $220,000 to defray Plaintiff's reasonably incurred investigative, expert, consulting and attorneys' fees and costs.   Payment shall be made payable to the "Law Offices of Andrew L. Packard Attorney Client Trust Account" and remitted to Plaintiff's counsel at 245 Kentucky Street, Suite B3, Petaluma, CA 94952 within thirty (30) days after the Court Entry Date.   Plaintiff's counsel shall hold the aforementioned reimbursement in trust until the Cables have been removed.   Plaintiff's counsel may disburse the aforementioned reimbursement immediately upon receiving valid confirmation that the Cables have been removed.   In the event this Consent Decree becomes null and void pursuant to the terms of this Decree, then Plaintiff's counsel shall return all fees and costs paid under this paragraph to Defendant's counsel within thirty (30) days after the Consent Decree is voided.

**9.     No Admission of Liability**.   The Parties enter into this Decree for the purpose of avoiding prolonged and costly litigation of the RCRA and Proposition 65 claims in the Action. Nothing in this Decree shall be construed as, and Defendant expressly does not intend to imply, an admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Decree constitute or be construed as an admission by Defendant of any fact, finding, conclusion, issue

of law, or violation of law.  However, this paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Decree.

10.    **Effective Date**.  This Decree shall be effective upon mutual execution by all Parties and approval and entry of this Decree by the Court as described above.

11.    **Execution**.  This Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.  An executed copy of this Decree shall be valid as an original.

12.    **Cooperation**.  Both Parties shall support entry of this Decree and shall waive any right to appeal it if entered.  If the Court approves and enters this Decree, but such Decree is reversed and vacated by an appellate court, or if the Court does not approve and enter this Decree within ninety (90) days of the Parties having submitted it to the Court for approval and entry, the Parties shall meet and confer as to whether to modify the terms of this Decree.  If the Parties do not jointly agree on a course of action to take, the Action shall proceed on its normal course on the Court's calendar.

13.    **Choice of Law**.  The terms of this Decree shall be interpreted pursuant to the laws of California.

14.    **Authority**.  The undersigned are authorized to execute this Decree on behalf of their respective Parties and have read, understood and agreed to be bound by all of the terms and conditions of this Decree.

15.    **Integration and Non-Assignment**.   This Decree contains all of the terms and conditions agreed upon by the Parties relating to the matters covered by the Decree, and supersede any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, and communications of the Parties, whether oral or written, respecting the matters covered by this Decree. This Decree is made for the sole benefit of the Parties, and no other person or entity shall have any rights or remedies under or by reason of this Decree, unless otherwise expressly provided for therein.

16.    **Notices.**  Any notices or documents required or provided for by this Decree or related thereto that are to be provided to Plaintiff shall be sent by electronic mail transmission to the email addresses listed below:

William Jennings, Executive Director - E-mail: deltakeep@me.com

With copies sent to:
Andrew L. Packard - E-mail: andrew@packardlawoffices.com
William N. Carlon - E-mail: wncarlon@packardlawoffices.com

Any notices or documents required or provided for by this Decree or related thereto that are to be provided to Defendant shall be sent by electronic mail transmission to the email addresses listed below:

Paul Shorb (ps1383@att.com)
AVP-Senior Legal Counsel
AT&T Services, Inc.
160 Federal Street
Boston, MA 02210

With copies sent to:

Navi Dhillon (navidhillon@paulhastings.com)
Deborah Schmall (deborahschmall@paulhastings.com)
Paul Hastings LLP
101 California Street, 48th floor
San Francisco, CA 94111

Each Party shall promptly notify the other of any change in the above-listed contact information. Signatures of the Parties transmitted by facsimile or email shall be deemed binding.

17. **Mutually Drafted**.  This Decree shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Party on the ground that any such Party drafted it.

18. **Amendments**.  This Decree may be amended or modified only by a writing signed by the Parties or their authorized representatives with a courtesy copy to the California Attorney General.

19. **Dismissal.**  Concurrent with the entry of this Decree, the Parties agree that this Action shall be deemed dismissed with prejudice by the Court.  Notwithstanding the dismissal of this Action, the Parties agree that the Court retains jurisdiction to resolve any disputes or enforce any terms of this Decree.

Dated: November ____, 2021          CALIFORNIA SPORTFISHING PROTECTION

1  ALLIANCE

2

3  By: _____

4  Signature

5  _____

6  Name, Title

7

8  Dated: November _____, 2021   PACIFIC BELL TELEPHONE COMPANY

9

10  By: _____

11  Signature

12  _____

Name, Title

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

**ORDER**

2          The parties' amended consent decree as provided at ECF No. 18-1 is approved and so

3    ordered.  The referenced exhibit and original signatures of the parties are contained there.

4

5

6    IT IS SO ORDERED.

7

     Dated:    November 4, 2021                    _____

8                                                  JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27