NAVI DHILLON (SBN 279537)
navidhillon@paulhastings.com
DEBORAH SCHMALL (SBN 112052)
deborahschmall@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**DEFENDANT'S STATUS UPDATE**<br><br>Judge:         Jeremy D. Peterson<br>Courtroom:  9<br>Date:           N/A<br>Time:          N/A |

STATUS UPDATE

The Court ordered the parties to file a joint status report by May 19, 2023. ECF No. 28. In anticipation of the filing deadline, counsel for the parties had a telephone call on May 17, 2023. The next day, on May 18, 2023, Defendant prepared and circulated a draft joint status report and thereafter made multiple efforts by phone and e-mail to reach agreement on a joint statement, including incorporating nearly every proposal made by Plaintiff. Defendant circulated today at approximately 12:47 p.m. a further draft and suggested counsel confer by phone to address any outstanding issues. Plaintiff declined to confer by phone and did not respond by e-mail until after the close of business. It is regrettable the parties did not reach agreement and Defendant apologizes to the Court for any inconvenience.

Following is a short status update:

As background, to avoid the burden and expense of litigation, a stipulated Consent Decree (ECF No. 22, "Consent Decree") was entered in November 2021. The Consent Decree calls for the removal of certain submerged cables (Cables) in Lake Tahoe and such activities require approvals from certain public agencies (Approval(s)). Defendant has diligently secured Approvals from multiple agencies and, on April 17, 2023, informed the Court that it was waiting for the last Approval from the U.S. Forest Service. On April 28, 2023, the U.S. Forest Service provided written notice of its authorization to remove the Cables. Throughout the process, Defendant has promptly provided Plaintiff with copies of all Approvals.

The Approvals impose several conditions on the removal of the Cables, including prohibiting work during the peak recreation season, which runs approximately between late-May and mid-September. The process of removing the Cables is estimated to take between 20 and 30 days. Due to the timing of receipt of the written notification from the U.S. Forest Service, combined with permitting restrictions and operational logistics, Defendant is unable to remove the Cables before the start of the peak recreation season.

For example, the Approval from the California Department of Parks and Recreation (State Parks) only authorized entry to remove the Cables between May 1 and May 26 and that Approval requires Defendant to submit a written request to State Parks and obtain its authorization for entry after the peak recreation season. As a consequence, the next opportunity to remove the Cables is

after the end of the peak recreation season.  On May 16, 2023, Defendant sent a detailed letter to Plaintiff identifying permitting restrictions relative to the timing of the removal of the Cables.  A true copy of that letter is attached as **Exhibit A**.

As communicated to Plaintiff, Defendant is in the process of seeking the further Approval from State Parks and making other necessary arrangements (e.g., securing a staging area) so the Cables can be removed promptly after the peak recreation season ends.  To inform the Court as to when removal of the Cables is expected, Defendant will file a further status report after State Parks acts on the written request.

Respectfully submitted,

DATED:  May 19, 2023                                                PAUL HASTINGS LLP


By:  /s/ Navi Singh Dhillon
        NAVI S. DHILLON

        Attorneys for Defendant,
        PACIFIC BELL TELEPHONE
        COMPANY

# EXHIBIT A



1(415) 856-7080
navidhillon@paulhastings.com

May 16, 2023

**VIA E-MAIL**

Mr. Andrew Packard, Esq.
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Re:     *CSPA v. Pacific Bell Telephone Company*, Case No. 2:21-cv-00073-MCE-JDP (E.D. Cal.)

Dear Andrew:

We write in response to your e-mail dated May 12, 2023, regarding removal of the cables.  On our call last Wednesday (May 10, 2023), we discussed the permitting status and likely timeline for removal of the cables.  Plaintiff said it preferred that the cables be removed by Memorial Day, but we explained why permitting and practical challenges made it infeasible to do so.  You asked that we highlight relevant language from the permits that limit cable removal during the upcoming recreation season.  We agreed.  You also suggested the parties consider entering into a stipulation to set a date certain for the removal of the cables.  Given those circumstances, we were surprised by the substance and tone of your May 12 e-mail.

At every step, we have provided status updates on our diligent efforts to secure relevant permits from multiple regulatory agencies, including sharing all permits with Plaintiff.  Under such circumstances, it is counterproductive for Plaintiff to demand in its May 12 e-mail that we complete the removal by an arbitrary date of its choosing that ignores permitting and practical considerations.  As before, we strongly suggest the parties continue to work together.

**Cable Removal Restrictions during Recreation Period**.  As promised, following is a summary of permit conditions restricting work during the peak recreation season.  Each permit discussed was previously shared with you.

The "State Parks Right of Entry Permit" imposes several conditions, including:

> Work will take place in unofficial public use areas of the lake and the shoreline. However, no work will take place on or near Park roads or trails. As stated in G. AESTHETIC RESOURCES: ***Project work is scheduled to take place in spring, which is typically, still the off season at Emerald Bay and D. L. Bliss State Parks, and as a result, this project will likely not cause any recreational impacts***. ~~Work is expected to take sixteen days (16) between March 27 and May 1, 2023.~~ [replaced with: "Date of the project is now expected to take place May 1 through May 26, 2023."] All noise and interruptions to scenic views will be temporary. ***If work cannot be completed in this time window, AT&T will request, in writing, an extension of the ROE for October of 2023.*** At that time Parks will re-evaluate the need for additional condition measures if needed to accommodate the busier time of year.

Case 2:21-cv-00073-JDP   Document 29   Filed 05/19/23   Page 6 of 7



(PDF pg. 18 [Exhibit B at 6], emphasis added, strikethrough in original; *see also* PDF pg. 1 (mandating compliance with all requirements and conditions set forth in Exhibit B).)[1]  AT&T requires a further approval from State Parks to complete the work and will submit a written request soon.

Similarly, the "CDFW Lake and Streambed Alteration Agreement" states at page 5 of the PDF:

> Lake access and project staging will take place at the Tahoe Keys Marina, located approximately 3.5-miles east of Baldwin Beach.  **The cable removal is expected to occur in the fall during the recreational off-season, no earlier than October**. The cable will be removed using a 30-feet by 60-feet modular barge suitable for shallow water use.

(emphasis added.)

Consistent with restrictions imposed by other agencies, the April 12, 2023 letter from the U.S. Army Corps approving coverage under a Nationwide Permit provides in its first special condition:  "Your use of the permitted activity must not interfere with the public's right to free navigation on all navigable waters of the United States."

As we have explained on multiple occasions, the permitting agencies did not want any work to occur during the peak season (i.e., approximately Memorial Day to Labor Day) to avoid potential impacts to recreational activities.  While the project cannot proceed during the peak season, the agencies issued the relevant permits on an expedited basis because potential impacts were avoided, thereby allowing streamlined environmental review under the California Environmental Quality Act and its federal counterpart.

## CONCLUSION

Plaintiff's position that the cables can be removed by Memorial Day is incorrect.[2]

Our side is committed to complying with the Consent Decree in full and we remain within the time limits for removal.  From our perspective, no live dispute exists between the parties.  In the event a dispute were to arise, the Consent Decree calls for the parties to meet and confer.  You asked for an informal call on Wednesday and we were happy to join.  However, even though no dispute existed, you sent us a generic e-mail two minutes into our call attempting to convert an informal call into a formal meet-and-confer under the Consent Decree.  We objected to that effort on our call and renew that objection here.

We are working diligently and the removal process is at the final stage.  To the extent Plaintiff wishes to file a motion with the Court, we first need to complete the meet-and-confer process.  We are available this week for a call.

---

[1] The strikethrough text was replaced following changes made by State Parks after the Notice of Exemption was filed (3/15/23) but before the Right of Entry permit was issued (3/24/23).  (See PDF pg. 7 [Exhibit A].)

[2] Plaintiff's letter incorrectly states that we "conceded" that removal could be completed within a "two-week" period.  We never made such a representation.  Regardless, the permits and associated plans we shared with you months ago reflect that the project is estimated to take approximately 20-30 days.  (See, e.g., Permit Drawings, PDF pg. 70 ["Project completion will require approximately 30 days."]; State Parks Right of Entry Permit, PDF pg. 7 [project will take "a total of 20 potential work days"].)



May 16, 2023
Page 3

Our strong preference remains to work together and avoid burdening the Court with unnecessary motion practice.  Please feel free to call or write with any questions.

Sincerely,

Navi S. Dhillon
for PAUL HASTINGS LLP


cc:     All counsel