1  ANDREW L. PACKARD (State Bar No. 168690)
   WILLIAM N. CARLON (State Bar No. 305739)
2  LAW OFFICES OF ANDREW L. PACKARD
   245 Kentucky Street, Suite B3
3  Petaluma, CA 94952
   Tel: (707) 782-4060
4  Fax: (707) 782-4062
   andrew@packardlawoffices.com
5  wncarlon@packardlawoffices.com

6  WILLIAM VERICK (State Bar No. 140972)
   KLAMATH ENVIRONMENTAL LAW CENTER
7  1125 16th Street, Suite 204
   Arcata, CA  95521
8  Tel: (707) 630-5061
   Fax: (707) 630-5064
9  Email: wverick@igc.org

10 J. KIRK BOYD (State Bar No. 122759)
   LAW OFFICE OF JOHN KIRK BOYD
11 548 Market St., Suite 1300
   San Francisco, CA 94104-5401
12 Tel: (415) 440-2500
   jkb@drjkb.com
13
   Attorneys for Plaintiff
14 CALIFORNIA SPORTFISHING
   PROTECTION ALLIANCE

15

16                    UNITED STATES DISTRICT COURT

17                    EASTERN DISTRICT OF CALIFORNIA

18

19 | CALIFORNIA SPORTFISHING | CASE NO. 2:21-cv-00073-MCE-JDP
20 | PROTECTION ALLIANCE,     |
   |                          | **PLAINTIFF'S STATUS UPDATE AND**
21 |       Plaintiff,         | **REQUEST FOR STATUS**
   |                          | **CONFERENCE**
22 |     v.                   |
23 | PACIFIC BELL TELEPHONE COMPANY, |
24 |       Defendant.         |

25

26

27

28

PLAINTIFF'S STATUS UPDATE

This Court ordered the parties to file a joint status report by May 19, 2023, and on May 17, 2023, the parties did meet and confer to discuss the permitting status and likely timeline for removal of the Cables.

What Defendant fails to tell the Court in their unilateral update is that the parties had a disagreement during the meet and confer process for the Joint Statement. This disagreement turned on whether the permits that have been issued create an absolute ban on removal work from Memorial Day, May 29, 2023, until mid-September, 2023. Defendant claims the permits create an absolute ban; Plaintiff's view is that the permits do not create an absolute ban. Agencies retain the flexibility to allow the removal work to proceed, even after Memorial Day, while the weather is good and boat ramps are available. During back-and-forth emails last Friday, May 19, 2023, in preparation for the filing of the Joint Statement, Plaintiff provided Defendant language that described this disagreement about the flexibility of the permits. Defendant refused to include this language in the Joint Statement and then unilaterally filed its own update. As a result of this action, Plaintiff now submits its own update.

The Consent Decree provides that the cables must be removed "within ninety (90) days following receipt of all Authorizations or the Court Entry Date, whichever is later, or as soon thereafter as reasonably practicable (the "Removal Date")." Defendant's "receipt of all Authorizations" occurred on April 28, 2023 and under the provisions of the Consent Decree, the cables must be removed by July 27, 2023.

Time, is therefore, of the essence.

Plaintiff's position is that it is appropriate to ask State Lands for clarification about whether flexibility allows for removal between now and July 27 to comply with the 90 day requirement. The same is true of the permit of the California Department of Fish and Wildlife. Defendant claims these two permits create absolute prohibitions and, therefore, Defendant will

- 1 -
PLAINTIFF'S STATUS UPDATE

not commence removal operations until mid-September at very best. If these agencies choose to prohibit removal activities between now and mid-September, then so be it, but it is inaccurate for AT&T to claim there is an absolute prohibition when that has yet to be determined.

AT&T's attempt to postpone all removal activity until mid- September, 2023, creates a genuine possibility that weather, fire evacuations or other issues, will prevent the removal of the Cables for yet another year (the Consent Decree was signed in November 2021). Plaintiff would like to immediately inquire of State Lands and CDFW whether they approve of removal between the present and July 27, 2023, as is presently required by the Consent Decree.

Plaintiff will immediately inform AT&T and the Court about whether the agencies agree that removal can be done now, when the weather is good and boat ramps, including ramps on Northshore and Westshore, are available. The largest boat ramp on Lake Tahoe is at Lake Forest in Tahoe City and is available now. Obexer's, a ramp on the Westshore, nearby where some of the Cable is lying, is also available now. Plaintiff is glad to work with Defendant so that the Cables can be removed promptly. It is likely the agencies are supportive too.

Plaintiff asks the Court for 10 days, until June 1, 2023, to inquire of State Lands and the CDFW if the permits impose an absolute ban, or whether flexibility allows for removal to proceed in compliance with the 90-day deadline in the Consent Decree, and to report their responses to the Court, and to Defendant. Alternatively, Plaintiff requests a status conference at the Court's earliest convenience.

DATED:  May 22, 2023

LAW OFFICES OF ANDREW L. PACKARD

By: _____
ANDREW L. PACKARD

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

- 2 -
PLAINTIFF'S STATUS UPDATE