ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Fax: (707) 630-5064
Email: wverick@igc.org

J. KIRK BOYD (State Bar No. 122759)
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500
jkb@drjkb.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**PLAINTIFF'S SUPPLEMENTAL STATUS REPORT**<br><br>Zoom Conference<br><br>Hon. Jeremy D. Peterson<br><br>July 19, 2023, 2:00 p.m. |

PLAINTIFF'S SUPPLEMENTAL STATUS REPORT

Plaintiff respectfully submits this Supplemental Status Report in response to the Supplemental Status Report filed by Defendant yesterday, July 18, before the hearing scheduled in this matter on July 19, 2023.

On June 22, 2023, this Court held a Status Conference hearing in this case. At that time there was lengthy discussion about whether operations to remove cables from Lake Tahoe could take place within 90 days after the final permit was issued, as was required by the Consent Decree, (with a deadline of July 27, 2023), or if the removal should be delayed until September 6, 2023.

Defendant made the argument that for boating safety, removal operations should not begin in the months of July and August, but that they would commence removal on September 6, 2023, as long as State Parks had issued a permit allowing them to commence on that date.

As part of this conversation, the Court questioned whether mobilization could begin prior to the commencement date so that the date would not slip. While Plaintiff felt that the boating safety concerns could be addressed, based on representations to the Court from Defendant that the work would begin on September 6, 2023, and that it would take approximately three weeks to remove the cables, Plaintiff agreed to the September 6, 2023, date for the commencement of removal.

As part of the hearing discussion, the Court ordered another Status Conference hearing on July 19, 2023, and the filing of Status Reports by July 12, 2023.

On July 10, 2023, the parties held a zoom meet and confer. The morning of the zoom meet and confer, Plaintiff sent Defendant photos of the Tahoe Keys Marina that were taken by Plaintiff's counsel, Kirk Boyd, on July 5, 2023. (See Declaration of John Kirk Boyd in Support of this Supplemental brief, Boyd Dec. para. 3).

PLAINTIFF'S SUPPLEMENTAL STATUS REPORT

During the zoom meet and confer on July 10, Mr. Boyd brought up the Tahoe Keys photos and a discussion followed about how the work was scheduled to commence at Tahoe Keys on September 6, 2023, provided that State Parks had issued an updated permit. (Boyd Dec. at para. 4).

At no time was there any discussion that the parties were at an "impasse" as to the removal date. (Boyd Dec. at para. 5). To the contrary, what was discussed, in accordance with the Court's previous questions about mobilization prior to the commencement date, was what mobilization plan was in place so that the removal operations would commence on September 6. (Boyd Dec. at para. 6).

Assurances were given by Defendant that, provided State Parks issued a new permit, mobilization plans were in place so that removal activities would commence on September 6, 2023. (Boyd Dec. at para. 7). The previous representations from the earlier hearing were specifically confirmed during the meet and confer on July 10, and there was an agreement as to the removal date, September 6, 2023. (Boyd Dec. at para. 8).

The Consent Decree is binding on both parties with the following condition: "In the event that no resolution is reached regarding a new date by which the Cables will be removed, then this Decree shall be null and void and vacated at the written election of either party..." (Consent Decree, pg. 9, lns. 6-8).

The key language here is "In the event that no resolution is reached regarding a new date by which the Cables will be removed,..." Here, based on the representations at the previous hearing, and at the meet and confer just prior to the filing of the parties' Status Reports, *an agreement was reached regarding the commencement date for the removal of the cables.*

Defendant cannot now unilaterally claim that there is no agreement as to the commencement date because it does not like what has been written in a Wall Street Journal

article. Defendant seems to think it can now just ignore the agreed to commencement date and the application of the Consent Decree. That is not how the rule of law works.

Defendant does not have the prerogative to represent to this Court that boating is a problem, but don't worry, just allow an extension beyond the 90-day period provided for in the Consent Decree, and removal will commence on September 6, and then, confirm this representation at a meet and confer with Plaintiff a week before the hearing, only to, because of a newspaper article, announce two days prior to hearing that there is no agreement and the September 6, 2023 commencement date is off.

The September 6, 2023, commencement date for removal is not off, it remains. The Defendant should live up to its representations on its own, but if it will not, then Plaintiff will seek to enforce the Consent Decree and the commencement date of September 6, 2023.

It is now July 18. If Defendant wants to do additional testing between now and the commencement date of September 6, it can do so. But the Consent Decree is not reliant on further testing. The Defendant has already agreed that it will remove the cables. As was shown by Plaintiff in an Exhibit to an earlier Status Report, in a confirmed bid for removal operations using two barges presently on the water in Tahoe City, one with an excavator on it to pull up the cable, the total cost for removal of the cables from Lake Tahoe is $450,000 - 10 truckloads!

It is time for the commencement date of September 6, 2023, to be followed in accordance with the Consent Decree, and for the removal job to be done.

|  |  |
|---|---|
| Respectfully submitted, | LAW OFFICES OF ANDREW L. PACKARD |
| DATED:  July 19, 2023 | By:  /s/ Andrew L. Packard<br>     ANDREW L. PACKARD<br><br>Attorneys for Plaintiff<br>CALIFORNIA SPORTFISHING<br>PROTECTION ALLIANCE |

PLAINTIFF'S SUPPLEMENTAL STATUS REPORT