NAVI DHILLON (SBN 279537)
navidhillon@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
DEBORAH SCHMALL (SBN 112052)
deborahschmall@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**NOTICE OF ELECTION TO VACATE CONSENT DECREE**<br><br>Judge:          Jeremy D. Peterson<br>Courtroom:    9<br><br>Action Filed:  January 14, 2021<br>Trial Date:    None |

**NOTICE**

Defendant Pacific Bell Telephone Company (AT&T) respectfully submits this notice to inform the Court that it has elected to exercise its contractual right to render the Amended Consent Decree (Consent Decree) null and void.  ECF No. 22 at 6 (Section 2); Dhillon Decl. Ex B.  Having met and conferred, the parties remain at an impasse over the timing for removal of the two lead-clad telecom cables in Lake Tahoe (Cables).  Thus, and in accordance with Section 2, the Consent Decree "shall" be vacated, thereby restoring the parties to their respective positions prior to its entry.  ECF No. 22 at 6.  For the Court's convenience, we have submitted a proposed order to facilitate vacating the Consent Decree.

By way of background, in November 2021, the Court entered the Consent Decree, which memorialized the terms of the parties' negotiated settlement.  Under Section 2, the parties agreed, subject to certain conditions, that the Cables would be removed within 90 days of receipt of all regulatory approvals "or as soon thereafter as reasonably practicable…."  ECF No. 22 at 5-6.  The parties agree that 90 days from receipt of all regulatory approvals is July 27, 2023.  ECF No. 32 at 2; ECF No. 33 at 2-3.  The Cables were not removed during that 90-day period due to permitting restrictions.

When negotiating the Consent Decree, the parties understood that the exact timing for removal of the Cables was uncertain due to regulatory or permitting conditions, among other factors.  The Consent Decree specifies what happens if the Cables are not removed within the 90-day period and meet-and-confer efforts are unsuccessful:

> In the event that no resolution is reached regarding a new date by which the Cables will be removed, then this [Consent] Decree *shall be null and void and vacated at the written election of either Party*, and the Parties shall be restored to their respective legal positions prior to the entry of this [Consent] Decree.

ECF No. 22 at 5-6 (emphasis added).

As discussed at the July 19, 2023, status conference, the parties do not agree on a removal date for the Cables.  *See also* ECF Nos. 33, 36, 39, 41.  During that conference, AT&T explained that it remained willing to confer further.  But AT&T also emphasized that it anticipated exercising

NOTICE OF ELECTION TO VACATE CONSENT DECREE

its contractual right to terminate the Consent Decree on July 27 in the event no agreement was reached so the litigation could proceed forthwith, especially in light of the recent reporting by *The Wall Street Journal* (Journal). For its part, Plaintiff said it would file a motion to enforce the Consent Decree if AT&T elected to terminate it. AT&T countered that vacating the Consent Decree should be a ministerial matter but it would be prepared to file an administrative motion should Plaintiff file a motion to enforce the Consent Decree. But both parties urged the Court to expedite any motion practice to avoid any delay. The Court ordered counsel to meet and confer and submit a stipulation with a proposed accelerated briefing schedule.

But motion practice is no longer necessary. The day after the status conference, on July 20, Plaintiff informed AT&T that it "will not bring a Motion to Enforce the Consent Decree" and will instead "vigorously litigate" its claims. Dhillon Decl., Ex. A. Promptly thereafter, AT&T circulated a draft stipulation and proposed order to vacate the Consent Decree. *Id.* Plaintiff declined to stipulate, but reaffirmed that it wished to proceed with the litigation so the merits can be resolved:

> If AT&T tells the Court it wants to terminate the Consent Decree, Plaintiff will respond as I have here, that this termination would be in violation of the Consent Decree, but Plaintiff does not wish to get bogged down in litigation of the Consent Decree, and will focus on prevailing on the merits.

Dhillon Decl., Ex. A. Accordingly, AT&T understands Plaintiff does not oppose entry of an order vacating the Consent Decree and agrees that litigation of the merits should promptly resume.

***REQUEST***: As noted above, AT&T has submitted a proposed order for the Court's consideration. We respectfully ask that the Consent Decree be vacated by Monday, July 31, 2023, so time-sensitive discovery and related matters can proceed immediately. AT&T contends the responsible course of action is to quickly preserve relevant information in the hands of Plaintiff and third parties so that the issues may be adjudicated based on science in open court. But all of this work will take time, which is why we ask for prompt entry of the proposed order.

Counsel for AT&T can be available at any time for a telephonic conference on or before Monday should the Court have any questions.

NOTICE OF ELECTION TO VACATE CONSENT DECREE

1    Respectfully submitted,

2

3    DATED:  July 27, 2023                    PAUL HASTINGS LLP

4

5                                             By:  /s/ Navi Singh Dhillon

6                                                    NAVI S. DHILLON

7                                             Attorneys for Defendant
                                              PACIFIC BELL TELEPHONE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ELECTION TO VACATE CONSENT DECREE