NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
DEBORAH SCHMALL (SBN 112052)
deborahschmall@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | Case No. 2:21-cv-00073-MCE-JDP<br><br>**DECLARATION OF NAVI SINGH DHILLON IN SUPPORT OF DEFENDANT'S NOTICE OF ELECTION TO VACATE CONSENT DECREE**<br><br>Judge: Jeremy D. Peterson<br>Courtroom: 9<br><br>Action Filed: January 14, 2021<br>Trial Date: None |

DHILLON DECL. ISO DEFENDANT'S NOTICE OF ELECTION

I, Navi Singh Dhillon declare as follows:

1. I am a Partner at Paul Hastings LLP and counsel for Defendant Pacific Bell Telephone Company (Defendant). I make this declaration in support of Defendant's Notice of Election to Vacate Consent Decree. Unless otherwise indicated, I have personal knowledge of the matters set forth below and, if called as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit A** is a true copy of e-mail correspondence between myself and Plaintiff's counsel from July 20, 2023 to July 27, 2023.

3. I have attempted to confer with counsel for Plaintiff regarding the timing for removal of the Cables. The parties remain at impasse.

4. On July 27, 2023, my law firm sent written notice of Defendant's election to terminate the Amended Consent Decree (ECF No. 22). A true copy of that written election is attached as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 27, 2023, in San Francisco, California.

By:   /s/ Navi Singh Dhillon
      NAVI SINGH DHILLON

# EXHIBIT A

| | |
|---|---|
| **From:** | Dhillon, Navi |
| **To:** | "Kirk Boyd" |
| **Cc:** | Andrew Packard; Grunbaum, Lucas |
| **Subject:** | RE: Follow up after hearing |
| **Date:** | Thursday, July 27, 2023 11:31:00 AM |
| **Attachments:** | image001.png |

Dear Kirk

As noted below, we disagree with your contentions and the parties have been at an impasse for months. As directed by the Court, we have attempted to meet and confer and no agreement was reached.

We will send you separate correspondence today regarding termination of the consent decree.

Sincerely

Navi

**PAUL HASTINGS**

**Navi Dhillon | Partner**
O: 415.856.7080 | M: 415.203.8805

---

**From:** Kirk Boyd <jkb@drjkb.com>
**Sent:** Monday, July 24, 2023 5:08 PM
**To:** Dhillon, Navi <navidhillon@paulhastings.com>
**Cc:** Andrew Packard <andrew@packardlawoffices.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>
**Subject:** [EXT] Re: Follow up after hearing

Dear Navi,
Your attached Stipulation is not consistent with my last email. What I said was that AT&T has not acted in good faith to follow the Consent Decree and keep its agreement to remove the cables commencing on September 6, 2023. An agreement that was confirmed during our meet and confer on July 10.
If AT&T seeks to terminate the Consent Decree, that would be its unfortunate choice, and a violation of both the letter and spirit of Consent Decree. There has already been, and remains, an agreement as to the removal day, September 6. The fact that the Wall Street Journal has published articles does not change this agreement, and AT&T lacks the right to unilaterally terminate the agreement.
Nonetheless, Plaintiff will prevail on the merits and focus on that result. We will let science be the guide, and the Judge will apply that science. If AT&T tells the Court it wants to terminate the Consent Decree, Plaintiff will respond as I have here, that this termination would be in violation of the Consent Decree, but Plaintiff does not wish to get bogged down in litigation on the Consent Decree, and will focus on prevailing on the merits.
Best,
Kirk

> On Jul 24, 2023, at 2:37 PM, Dhillon, Navi <navidhillon@paulhastings.com> wrote:
>
> Dear Kirk –
>
> Consistent with your e-mail below, attached is a draft stipulation and proposed order vacating the Consent Decree. If you approve, we will handle the filing.
>
> Contrary to your e-mail, AT&T has acted in good faith at every step, and we disagree with any suggestion that the cables present any actual or potential harm to the public or the environment.—Rather than engage in further disagreement, we suggest counsel focus on working together to advance the litigation in an orderly manner.
>
> The court ordered us to meet and confer and may be expecting motion practice later this month given your comments at the last conference. To be respectful of the Court and given its busy docket, we suggest filing the stipulation today or tomorrow at the latest.
>
> Pleased to discuss by phone if that would be helpful.
>
> Best regards,
>
> Navi

**Navi Dhillon | Partner**
O: 415.856.7080 | M: 415.203.8805

**From:** Kirk Boyd <jkb@drjkb.com>
**Sent:** Thursday, July 20, 2023 1:53 PM
**To:** Dhillon, Navi <navidhillon@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>
**Cc:** Andrew Packard <andrew@packardlawoffices.com>
**Subject:** [EXT] Follow up after hearing

**--- External Email ---**

Navi,

It was clear in the Status Conference hearing yesterday that AT&T intends to terminate the Consent Decree. It is unfortunate that AT&T has acted in bad faith and not kept the agreement for removal to commence on September 6, 2023.

Plaintiff will not bring a Motion to Enforce the Consent Decree. Rather, Plaintiff will vigorously litigate, and win, its RCRA and Prop 65 claims. The discharges of lead into the water of Lake Tahoe from the 139,000 pounds of lead AT&T has left in the Lake continue to cause harm to human and aquatic health, and may cause imminent and substantial harm in the future.

Plaintiff will obtain an Order that AT&T remove its toxic garbage from the lake.

Kirk


<7.24.23_ Draft Stipulation re Termination of Consent Decree.docx><mg_info.txt>

NAVI DHILLON (SBN 279537)
navidhillon@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
DEBORAH SCHMALL (SBN 112052)
deborahschmall@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**STIPULATION RE TERMINATION OF CONSENT DECREE AND [PROPOSED] ORDER**<br><br>Judge:          Hon. Jeremy D. Peterson<br>Courtroom:   9<br>Date:            N/A<br>Time:           N/A |

STIPULATION AND PROPOSED ORDER

1   Having met and conferred, the undersigned Parties stipulate as follows:

2   WHEREAS, in January 2021, Plaintiff filed this action against Defendant, asserting claims under the federal Resource Conservation and Recovery Act (42 U.S.C. § 6901 *et seq.*) and California's Safe Drinking Water and Toxic Enforcement Act of 1986 (Cal. Health & Safety Code § 25249.5 *et seq.*);

WHEREAS, Defendant contends Plaintiff's claims lack merit;

WHEREAS, the dispute between the Parties centers on two submarine telecom lead-clad cables located on the bottom of Lake Tahoe (Cables);

WHEREAS, in an effort to reduce the cost and expense associated with litigation, the Parties in 2021 entered into a settlement agreement;

WHEREAS, on November 5, 2021, the Court approved the Parties' settlement agreement and entered a consent decree memorializing its terms (Consent Decree) (ECF No. 22);

WHEREAS, the Consent Decree called for removal of the Cables subject to certain conditions and contained provisions authorizing termination of the Consent Decree under certain circumstances;

WHEREAS, as detailed in prior status reports (ECF Nos. 33, 35-36, 39-42), the Parties disagree as to the timing of removal of the Cables; and

WHEREAS, pursuant to Section 2 of the Consent Decree, the Parties agree that the Consent Decree is null and void and that it should be vacated by the Court.

NOW, THEREFORE, the Parties jointly and respectfully ask that the Court enter an order vacating the Consent Decree so litigation can resume.  A proposed order follows the signature blocks below.

Respectfully submitted,

DATED: July [x], 2023						PAUL HASTINGS LLP


						By: _____
						         NAVI S. DHILLON

						Attorneys for Defendant
						PACIFIC BELL TELEPHONE COMPANY


DATED: July [x], 2023						LAW OFFICES OF ANDREW L. PACKARD


						By: _____
						         ANDREW L. PACKARD

						Attorneys for Plaintiff
						CALIFORNIA SPORTFISHING
						PROTECTION ALLIANCE

***

The filer of this document attests that all signatories listed above have concurred in the filing of this document.

***

**[PROPOSED] ORDER**

In light of the Parties' stipulation and good cause appearing, the Court hereby vacates the Consent Decree (ECF No. 22). The Parties are restored to their respective legal positions prior to entry of the Consent Decree.

A status conference was previously set for August 24, 2023. The Parties are directed to file status conference statements by August 17, 2023.

**IT IS SO ORDERED**.

Dated: _____       _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

**PAUL HASTINGS**

1(415) 856-7080
navidhillon@paulhastings.com

July 27, 2023

*VIA E-MAIL*

Mr. John Kirk Boyd, Esq.
548 Market Street, Suite 1300
San Francisco, CA 94104
jkb@drjkb.com

Re:   Notice of Written Election to Vacate Amended Consent Decree (Consent Decree)
      *CSPA v. Pacific Bell Telephone Company*, Case No. 2:21-cv-00073-MCE-JDP (E.D. Cal.)

Dear Kirk:

Pursuant to Section 2 of the Amended Consent Decree (Consent Decree), we write to inform California Sportfishing Protection Alliance (Plaintiff) that Pacific Bell Telephone Company (AT&T) hereby elects to render the Consent Decree "null and void" in light of the parties' disagreement on the timing for removal of the two telecom cables in Lake Tahoe (Cables). ECF No. 22 at 6. Following such an election, the parties agreed that the Consent Decree shall be "vacated" and the parties would be "restored to their respective legal positions prior to entry of [the Consent Decree]." *Id*.

As detailed in our prior correspondence and filings with the Court, the parties disagree as to the timing for removal of the Cables. At the July 19, 2023, status conference, you informed the Court that Plaintiff would file a motion to enforce the Consent Decree in the event AT&T elected to terminate the Consent Decree. However, the next day on July 20, you sent an e-mail stating that "Plaintiff will not bring a Motion to Enforce the Consent Decree," and will instead "vigorously litigate" its claims. In response, on July 24, we circulated a draft stipulation and proposed order to vacate the Consent Decree. Later that day, Plaintiff declined to stipulate but reaffirmed that it would not bring a motion to enforce the Consent Decree and would instead "focus on prevailing on the merits."

We fully support resuming the litigation so the merits can be resolved as swiftly as possible. Accordingly, we will file today a notice informing the Court of AT&T's election to terminate the Consent Decree and submit a proposed order vacating the same. Based on your recent e-mails, it appears Plaintiff will not object to the entry of such an order and we will be sure to include that e-mail correspondence along with our notice.

We suggest counsel set a time to confer about case management and other procedural matters before the August 24, 2023, status conference. Please let us know your availability.

Sincerely,

Navi S. Dhillon
for PAUL HASTINGS LLP

cc:   All counsel
      Mr. William Jennings, Executive Director of California Sportfishing Protection Alliance