ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Fax: (707) 630-5064
Email: wverick@igc.org

J. KIRK BOYD (State Bar No. 122759)
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500
jkb@drjkb.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**PLAINTIFF'S STATUS CONFERENCE STATEMENT**<br><br>Zoom Conference<br><br>August 24, 2023, 2:00pm<br><br>Hon. Jeremey D. Peterson |

This Court ordered the parties to file a Status Conference Statement by August 17, 2023, in preparation for a Status Conference via zoom on August 24, 2023. This is the Plaintiff's Status Conference Statement.

On August 15, 2023, the parties held a one hour meet and confer via zoom to discuss the nature and timing of discovery, as well as a schedule for a trial date.

It was a productive zoom conference. First of all, on the substance of the trial, the parties agree that the goal is to make a sound presentation of the scientific evidence to the Court, and to "let science be the guide." This is significant because it provides a GuideStar for the parties to work together through the discovery process to make sure that, when possible, discovery is done cooperatively, including perhaps having divers for both parties present together for the collection of samples. This also applies to testing procedures. With an agreement as to how testing should be done, this Court can be provided evidence based upon results, without having quarrels about how the samples were taken, or how tests were done.

As far as discovery timing, both parties will commence with written discovery immediately. By August 22, 2023, two days before the Status Conference hearing, Plaintiff will have served Requests for Admissions, Requests for Production of Documents and Written Interrogatories.

A focus for both parties is to have all information concerning sampling, testing, or any written communication about the cables in Lake Tahoe, "to be put on the table." In this manner, all existing science, and the assessments of the cable situation prior to and during this litigation, are available for all to see, assess and comment upon. The parties also agreed in their meet and confer that they will provide for assessment all physical evidence collected, such as cable pieces.

Since some of the evidence collection, sampling and testing has been done by third parties, the Defendant has already sent out numerous third-party subpoenas. There is some

disagreement about the scope of the third-party subpoenas. Certainly, all documentation regarding sampling and testing within Lake Tahoe, either before or after the commencement of the litigation, is discoverable, and procedures can be worked out going forward so that any future sampling and testing can be made available to both parties.

Difficulty arises, however, when the Defendant in this case pursues sampling and testing regarding cables in the Northeast, South or West, essentially across America. This creates an unnecessary burden on the litigants of this Lake Tahoe case, and does not provide relevant information to the crux of the issue in the case which is the science regarding the cables in Lake Tahoe, not the science for cables outside of Lake Tahoe.

As is discussed below, the parties have agreed to a relatively swift trial date with a focus on science. Going too far afield with third party subpoenas would be unduly burdensome, and would slow down the litigation of this matter. At some point, requesting information from third parties regarding other water bodies where cables have been left is too attenuated. The parties, perhaps with the assistance of the Court, should limit the parameters of the third-party pursuit of documents.

Finally, as for a trial date, the parties are in agreement as to a trial schedule. The trial schedule was discussed during the main conference and then distributed afterwards (It is attached hereto). The parties have agreed to a trial date of September 16, 2024, and worked out a timeline leading up to that trial day. The one issue is whether the Plaintiff and Defendant expert disclosures will be simultaneous. Defendant has suggested that the Plaintiff provide expert disclosures three weeks before the Defendant, and Plaintiff has responded that the disclosures should be simultaneous. The best date for both would be April 1, 2024, the date that Defendant has picked for the disclosure of its experts. This timeline is provided so that the Court will have the opportunity to review it, and set a trial date at our next Status Conference hearing.

1
2
3
                                                Respectfully submitted,
4
DATED: August 17, 2023            LAW OFFICE OF JOHN KIRK BOYD
5
6
                                       By: /S/
7
                                           John Kirk Boyd
8
                                       Attorneys for Plaintiff
                                       CALIFORNIA SPORTFISHING
9
                                       PROTECTION ALLIANCE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28