NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | Case No. 2:21-cv-00073-MCE-JDP<br><br>**DEFENDANT PACIFIC BELL TELEPHONE'S SUPPLEMENTAL STATUS CONFERENCE STATEMENT**<br><br>Judge:   Hon. Jeremy D. Peterson<br>Courtroom: 9<br>Date:    August 24, 2023<br>Time:    10:00 a.m. via ZOOM |

In accordance with the Court's direction at yesterday's status conference, Defendant Pacific Bell Telephone Company (AT&T) respectfully submits this statement with AT&T's proposed case schedule. We respectfully ask that the Court set a schedule that allows for an expeditious resolution of the alleged claims.

During a lengthy meet-and-confer telephone call on August 15, 2023, the parties discussed a case schedule and consistent those discussions AT&T sent to Plaintiff a proposed schedule that same day. Two days later, on August 17, Plaintiff accepted the schedule (including the proposed trial date), except that it asked that expert disclosures occur on the same day—March 4. Also on August 17, both parties filed status conference statements with identical proposed dates, with the expert disclosure date as the only exception. In Plaintiff's words, the "parties are in agreement as to a trial schedule." ECF No. 56 at 2.

On August 23, one day before the status conference, the parties conferred on the expert disclosure dates and reached agreement on a process for expert disclosures and all other dates. Yesterday, and to AT&T's surprise, Plaintiff announced that it was backing away from the agreed upon dates. The Court stated it expected to set a case schedule early next week along the lines proposed by the parties in their CMC statements, but observed that a trial date in late September or early October 2024 appeared more feasible. The Court directed the parties to submit proposed schedules by the close of business today, August 25.

Shortly after the status conference, Plaintiff contacted AT&T to discuss scheduling and suggested the parties agree to a schedule with an October 7, 2024, trial date consistent with the Court's guidance. AT&T agreed, and as requested by Plaintiff sent another revised schedule with dates keyed to an October 2024 trial date. As before, Plaintiff backed away again and now proposes a different schedule, adding argument that was not authorized or requested by the Court. Accordingly, AT&T does not respond here but is prepared to do so if requested by the Court.

AT&T proposes the schedule below. AT&T is mindful of the Court's guidance that it was not inclined to set a trial date, but proposes dates that would facilitate trial in the fall of 2024.

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | September 14, 2023 |
| Deadline for pleading amendments | October 9, 2023 |
| Informal exchange of expert topics | March 4, 2024 |
| Disclosure of expert reports | March 25, 2024 |
| Disclosure of supplemental expert reports (CCP § 2034.280) | April 8, 2024 |
| Disclosure of rebuttal expert reports | April 29, 2024 |
| Close of Fact and Expert Discovery | June 10, 2024 |
| Deadline to file dispositive and *Daubert* motions | July 8, 2024 |
| Responses to dispositive and *Daubert* motions | July 29, 2024 |
| Replies in support of dispositive and *Daubert* motions | August 12, 2024 |
| Deadline for pre-trial filings, e.g., exhibits, deposition designations | August 19, 2024 |
| Responses to pre-trial filings | September 6, 2024 |
| Final pre-trial conference | September 16, 2024 |
| Bench trial – estimated 4-7 days | Fall 2024 |

As requested by the Court, AT&T provides additional context for the proposed expert disclosure process discussed by the parties during the meet-and-confer process:

The parties agreed to an early exchange date for expert topics, whereby each party would generally disclose what topics it would be presenting expert evidence on (e.g., toxicology). As a compromise, AT&T agreed to a simultaneous exchange of expert reports as proposed by Plaintiff. Further, consistent with Civil Local Rule 240(a)(11), the parties agreed to exchange supplemental expert reports. More specifically, the parties agreed a "supplemental" expert report could be disclosed to express an opinion on a subject to be covered by an expert designated by the other party during the earlier simultaneous exchange, but only if the party supplementing its expert

disclosures did not previously disclose an expert to testify on that subject. This process for supplemental expert disclosures tracks section 2034.280 of the California Code of Civil Procedure, which is referenced in Local Rule 240(a)(11).  The parties further agreed the need for any supplemental expert reports should be limited due to the earlier exchange of expert topics, but built in an additional procedure to facilitate an orderly exchange of information.  Lastly, the parties agreed to exchange rebuttal expert reports. As discussed during the meet-and-confer process, a "supplemental" report can cover a new subject with new opinions while a "rebuttal" report generally is limited to responding to a previously disclosed expert opinion by the other side.

      Respectfully submitted,

DATED:  August 25, 2023          PAUL HASTINGS LLP

By:    */s/* Navi Singh Dhillon
      NAVI SINGH DHILLON

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY