# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

California Sportfishing Protection Alliance
*Plaintiff*
v.
Pacific Bell Telephone Company
*Defendant*

Civil Action No. 2:21-cv-00073

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Monique Fortner, 1155 Golden Bear Trail, South Lake Tahoe, CA 96150-4555

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The materials described in Schedule A

| Place: Paul Hastings LLP<br>101 California Street, 48th Floor<br>San Francisco, CA 94111 | Date and Time:<br>14 days from service |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/4/23

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

[signature]

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Pacific Bell Telephone Company, who issues or requests this subpoena, are:

Navi Dhillon, Paul Hastings LLP, 101 California Street, 48th Fl, San Francisco, CA 94111; Ph: 415-856-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:21-cv-00073

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________________
____________________________________________ on *(date)* ________________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**PACIFIC BELL TELEPHONE COMPANY'S**
**REQUESTS TO MONIQUE FORTNER TO PRODUCE DOCUMENTS**

In accordance with Federal Rule of Civil Procedure 45, You are requested to produce the following documents and tangible items for inspection.

**DOCUMENTS TO PRODUCE**

1. All Documents related to Your experience or qualifications to perform sampling, testing, or analysis of lead-clad cables in water, soil, or aerial environments.

2. All Documents and Communications, including pictures and videos, concerning any sections of lead-clad cables removed from Lake Tahoe by You or others acting on Your behalf, including but not limited to Seth Jones or Marine Taxonomic Services, Ltd.

3. All Documents and Communications concerning or discussing sampling, testing, data, analysis, research, permits, maps, or Studies relating to lead-clad cables at Lake Tahoe or elsewhere.

4. All Documents and Communications concerning or discussing permits requested or obtained by You or others acting on Your behalf, including but not limited to Seth Jones or Marine Taxonomic Services, Ltd., to test, cut or remove any sections of lead-clad cables in or from Lake Tahoe.

5. All Documents and Communications, including but not limited to any pictures, videos, or test results, relating to any "kiddie pool" used by You or others acting on Your behalf, including but not limited to Seth Jones or Marine Taxonomic Services, Ltd., to test lead-clad cables removed from Lake Tahoe.

6. All Documents related to and Communications between You and any party described or otherwise referenced in the WSJ Articles, or Plaintiff or Plaintiff's counsel in the Lawsuit, concerning or discussing the WSJ Articles, the WSJ Investigation, any testing or analysis of lead-clad cables (including any draft reports), or the Lawsuit, including but not limited to the Environmental Defense Fund, Marine Taxonomic Services, Ltd., Wall Street Journal, Pace Analytical Services, Environmental Systems Research Institute, MCH Strategic Data, Quest Diagnostics, Pure Earth; Environmental Council of the State, Altec Testing & Engineering, Inc., RTI International, ALTA Environmental Corporation, Seth Jones, Jack Caravanos, Tom Neltner, Ben Grumbels, Bruce Nelson, Bryan Stolte, Jennifer Redmon, Braden Allenby, Gordon Binkhorst, James Winn, Dr. Phillip Landrigan, or any "environmental researchers."

7. All invoices for work performed relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead-clad cables, including but not limited to work performed for any individuals or entities listed in Request No. 6.

8. All Documents and Communications concerning or discussing the Lawsuit, the WSJ Investigation, the WSJ Articles or lead-clad cables at Lake Tahoe or elsewhere, including research, sampling, testing, data, analysis, drafts, reports, or Studies.

9. All Documents and Communications related to any research, sampling, testing, data, analysis, drafts, reports, or Studies You performed or collected for or on behalf of the Wall Street Journal or the Environmental Defense Fund relating to lead, Lake Tahoe, the WSJ Articles, the WSJ Investigation, or the Lawsuit.

10. All Documents and Communications concerning the Marine Taxonomic Services and Below the Blue Lead Cable Investigation Report, available at https://belowtheblue.org/edf-report (the "EDF Report").

11. All Documents and Communications concerning the method by which sampling locations were selected at Lake Tahoe or other locations referenced in the WSJ Articles, including Documents and Communications concerning the statement in the EDF Report that "[s]ampling locations were chosen in part by their likelihood to show high lead levels."

12. All Documents or Communications related to statements about AT&T, Inc., any of its subsidiaries, or any current or former telecommunications company referenced in the WSJ Articles.

13. All Documents and Communications exchanged between You and any current or former employee of Defendant or AT&T, Inc. related to lead-clad cables.

14. All Documents and Communications concerning or discussing any agreement between You and any party relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead clad cables, including Plaintiff or any of Plaintiff's counsel in the Lawsuit, and any individuals or entities listed in Request No. 6.

15. All Communications between You and any federal, state, or local governmental or regulatory agency related to or otherwise referencing the following:

    (i) the Lawsuit;

    (ii) the WSJ Articles;

    (iii) the WSJ Investigation; or

    (iv) lead-clad cables, including but not limited to their location, potential removal, environmental impact, or health effects.

16. All Documents or writings of any nature You have disseminated to any News Outlet regarding lead-clad cables.

17. All Documents prepared by You, for the benefit of You, or provided to You concerning any Study, research or investigation on the possible or actual adverse effects of lead-clad cables.

18. All Documents and Communications relating to Your participation in or funding of any test or Study related to or otherwise concerning lead-clad cables.

## TANGIBLE ITEMS FOR INSPECTION

1. All samples or other tangible items on which You or any party acting at Your direction conducted any testing, analysis, evaluation, or investigation in connection with the WSJ Articles, the WSJ Investigation, or lead-clad cables.

2. Any sections of lead-clad cable removed from Lake Tahoe or any other location by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner.

3. Any "kiddie pool," or other container, used by You or anyone acting on Your behalf, including but not limited to Seth Jones, to test lead-clad cable.

## DEFINITIONS

1. "**Communications**" means, without limitation, any oral communication, whether transmitted in meetings, by telephone, tape recordings, voice-mail or otherwise, and all written communications, including communications by e-mail or other electronic- or internet-based communications system. For the sake of clarity, Communications shall include internal and external communications.

2. "**Defendant**" means Defendant Pacific Bell Telephone Company.

3. "**Document**" means all materials within the full scope of Federal Rule of Civil Procedure 34, including: all writings and recordings, including the originals and all non-identical copies (including, without limitation, e-mail and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, minutes, receipts, summaries, pamphlets, books, interoffice and intraoffice communications, photographs, charts, videotape, recordings, motion pictures, plans, drawings, surveys, and electronic, mechanical, magnetic, optical, or electronic records or representations of any kind. For the sake of clarity, Documents shall include internal and external Communications.

4. "**Lawsuit**" means the case captioned *California Sportfishing Protection Alliance v. Pacific Bell Telephone Co.*, 2:21-cv-00073-JDP, currently pending in the Eastern District of California.

5. "**News Outlet**" means any persons or entities engaged in the act of reporting news whether orally, in print, televised, via mail or e-mail, or on the internet, including all newspapers, magazines, periodicals, documentaries, television shows, list-servs, forums, blogs, vlogs, tweets, and posts.

6. "**Study**" or "**Studies**" means any published or unpublished, reported or unreported, final or draft, performed or abandoned, planned, or proposed analysis, assessment, peer reviewed or non-peer reviewed, data collection, experiment, research, survey, test, or trial.

7. "**WSJ Articles**" means the following Wall Street Journal articles, and any forthcoming articles related to the same subject matter: S. Pulliam *et al*., *America is Wrapped in Miles of Toxic Lead Cables*, THE WALL STREET JOURNAL (July 9, 2023), available at https://www.wsj.com/articles/lead-cables-telecoms-att-toxic-5b34408b; J. West *et al*., *How the Journal Investigated Hidden Lead Cables Circling the U.S.*, THE WALL STREET JOURNAL (July 9, 2023), available at https://www.wsj.com/articles/lead-cables-investigation-att-methodology-1703dbb0; S. Ramachandran *et al.*, *What AT&T and Verizon Knew About Toxic Lead Cables*, THE WALL STREET JOURNAL (July 12, 2023), available at https://www.wsj.com/articles/att-verizon-lead-cables-telecom-5e329f9; S. Ramachandran *et al.*, *I Was Really Sick, and I Didn't Know From What*, THE WALL STREET JOURNAL (July 14, 2023), available at https://www.wsj.com/articles/lead-cables-exposure-workers-ca6d67f0; J. West *et al*., *Bayou Teche is an Epicenter of America's Lead Cable Problem*, THE WALL STREET JOURNAL (July 10, 2023), available at https://www.wsj.com/articles/lead-cables-louisiana-telecoms-59f36ffe.

8. **"WSJ Investigation**" means any investigation, research, sampling, testing, analysis, fact-finding, or diligence that the WSJ conducted, gathered, commissioned, or requested, relating to cables (of any type) or lead, leading up to, in connection with, or following the WSJ Articles.

9. "**You**" or "**Your**" means Monique Fortner and any of Your representatives, agents, employees, administrators, boards, vendors and other persons or entities acting on Your behalf.

**INSTRUCTIONS**

1. The terms "or" and "and" shall be interpreted either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. "All," "any," "each," and "every" shall each be construed as both "each" and "every" to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

3. "Concerning" shall be construed to bring within the scope of the Request all documents that comprise, evidence, constitute, describe, refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Request.

4. "Including" shall be construed to mean "including but not limited to."

5. This Subpoena requests Documents and Communications in Your possession, custody, or control.

6. All definitions set forth above are in addition to the defined words' standard meanings. If You contend that You do not understand the definition of the term or phrase used in any Request, then You should respond to that portion of the Request that You do understand and explain what it is that You do not understand with regard to the remainder of the Request. If You believe that any Request is overbroad in part, then You should respond to

that portion of the Request that You do not consider overbroad and explain why You believe the remainder is overbroad.

7. You are required to produce not only the original or an exact copy of the original of all Documents and Communications responsive to any of the Requests listed below, but also all copies of such Documents and Communications which bear any notes or markings not found on the original and all preliminary, intermediate, final, and revised drafts or embodiments of such Documents and Communications. You are required to produce all versions of such Documents and Communications.

8. Produce all Documents in complete form, with each page marked with consecutive document control numbers, and with no redactions unless necessary to avoid producing privileged information (in which case the redaction should be reflected on a privilege log).

9. Produce Documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in the request.

10. If any document requested herein is withheld or redacted on the basis of any claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, You shall provide a written statement: (a) describing the nature of the document (e.g., letter, memorandum, minutes, telegram, notes, etc.); (b) specifying the date on which the document was prepared; (c) identifying the Person(s) who prepared or authored the document; (d) identifying the Person(s) to whom the document was sent, copied, or shown; (e) stating the privilege or other doctrine pursuant to which the document is being withheld from production and setting forth the basis for such claim of privilege or immunity from production; and (f) setting forth the subject matter of the document in a manner that, without revealing the information claimed to be privileged or protected, will enable Pacific Bell Telephone Company to assess the merit of that claim.

11. If You are unable to produce a Document or Communication requested, please state in writing why You cannot produce the Document or Communication, including whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred voluntarily or involuntarily to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the Person(s) directing or authorizing the same and the date(s) thereof. If Your inability to produce the Document or the property is because it is not in Your possession or the possession of a Person or entity from whom You could reasonably obtain it, state the name, address, and telephone number of any Person You believe may have the original or a copy of any such Document or property.

12. These requests are continuing in nature. If, after responding to the Requests, You obtain or become aware of any erroneous information that has been provided or any further responsive information, either directly or indirectly, a supplemental answer is required. You are under a duty to amend a prior response upon learning that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not been made known to Pacific Bell Telephone Company during the discovery process or in writing.