NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
CHRISTOPHER J. CARR (SBN 184180)
lucasgrunbaum@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone:  (415) 856-7000

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-JDP<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Judge: Hon. Jeremy D. Peterson<br><br>Complaint Filed: January 14, 2021<br>Zoom Hearing Date: November 9, 2023<br>Time: 10:00 a.m.<br>Courtroom: 9 |

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ................................................................................................................ 1

II.   MEET AND CONFER CERTIFICATION ........................................................................ 2

III.  BACKGROUND ................................................................................................................ 2

IV.  ARGUMENT ...................................................................................................................... 4

V.   CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akkawi v. Sadr*,
   2022 WL 4484056 (E.D. Cal. Sept. 27, 2022) ........................................................................ 5

*Amazing Ins., Inc. v. DiManno*,
   2020 WL 5440050 (E.D. Cal. Sept. 10, 2020) ........................................................................ 5

*Bird v. Wells Fargo Bank*,
   2017 WL 1213425 (E.D. Cal. Mar. 31, 2017) ........................................................................ 5

*Moore v. Chase, Inc.*,
   2015 WL 4393031 (E.D. Cal. July 17, 2015) ........................................................................ 5

*In re Motion to Compel Leslie Westmoreland's Compliance with Non-Party Subpoena*,
   2022 WL 1478914 (E.D. Cal. April 7, 2022) .................................................................... 1, 4

*Trepco Imports & Distribution, Ltd. v. Arizona Beverages USA, LLC*,
   2020 WL 4336296 (S.D. Cal. July 28, 2020) ........................................................................ 4

**Rules**

Fed. R. Civ. P. 45(d)(2)(B)(i) ........................................................................................................ 4

Local Rule 251(b) ......................................................................................................................... 4

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL      CASE NO. 2:21-cv-00073-MCE-JDP

Defendant Pacific Bell Telephone Company (Pacific Bell) respectfully submits this memorandum in support of its motion for an order directing non-party Below the Blue (BtB) to comply with a document subpoena ("Subpoena").

## I.  INTRODUCTION

The Subpoena served on BtB seeks information directly relevant to this lawsuit. By Plaintiff's counsel's own admission, BtB and its principals—Seth Jones and Monique Fortner—"brought [the case] to [Plaintiff] on a platter." Dhillon Decl., Ex. A. Specifically, Jones dove to the bottom of Lake Tahoe, cut "a foot of [a lead-clad cable] off, and took it all apart, and weighed the various components, and determined that every foot of that cable contained three pounds of lead." *Id*. at 2. Jones then brought the cable to counsel for Plaintiff, the cable was placed in a "kiddie swimming pool" for testing, and, in the words of Plaintiff's counsel, "we had the evidence that we needed to bring the case." *Id*.

On August 9, Pacific Bell served the Subpoena on BtB, which asked for documents, communications, and information related to its sampling and testing of lead-clad cables. Dhillon Decl., Ex. B. The compliance deadline passed a month ago, on August 23, 2023, and BtB failed to provide any substantive response.

Even after the deadline passed, Pacific Bell made multiple efforts to confer in good faith with BtB to avoid motion practice, including a letter sent September 5 and emails sent September 11 and September 14. Dhillon Decl., Exs. C-D. Those efforts were unsuccessful. Dhillon Decl. at ¶8.

As explained more fully below, Pacific Bell respectfully asks that the Court grant this Motion. *See In re Motion to Compel Leslie Westmoreland's Compliance with Non-Party Subpoena*, 2022 WL 1478914, at *3 (E.D. Cal. April 7, 2022) (compelling compliance with non-party subpoena where "informal" efforts to secure compliance failed and the non-party had "delayed compliance at times without sufficient explanation"). Pursuant to Section II.D.5 of the Court's Procedures for Civil Matters, Pacific Bell quotes in full the document requests and requests for inspection included in Pacific Bell's subpoena to Below the Blue as Appendix A.

## II.     MEET AND CONFER CERTIFICATION

Counsel for Pacific Bell hereby certifies that it attempted in good faith to meet and confer with BtB regarding compliance with the document subpoena as reflected in Exhibits C-D to the Dhillon Decl.

## III.    BACKGROUND

BtB is a corporation founded by Seth Jones and Monique Fortner, both of whom possess information relevant to this case. According to BtB's website, its "goal is to remove foreign debris from bodies of water, educate the public about pollution, and collect data that will help facilitate policy change and enforcement." Karis Decl., Ex. A. BtB "work[s] closely with a team of environmental lawyers" to further that goal. *Id.* The website identifies Jones and Fortner as the organization's two "co-founder[s]." *Id.* The "About Us" page names only one other individual associated with BtB, who is described as a "videographer." *Id.* As noted above, Jones, Fortner, and BtB have played a central role in the lead up to this litigation.

After the filing of this lawsuit, Jones and Fortner coordinated with the Environmental Defense Fund ("EDF") to conduct lead-cable testing in six regions across the United States, including sites at Lake Tahoe. Ultimately, the *Wall Street Journal* also became involved, and the testing expanded to a number of other sites. Karis Decl., Ex. B. Jones and Fortner sought to use lead-cable testing at Lake Tahoe and other sites to convince the federal government to become involved. Karis Decl., Ex. C. Jones and Fortner prepared a 66-page Lead Cable Investigation Report for EDF documenting their lead-cable testing at numerous sites. *Id.*, Ex. D.

Both at Lake Tahoe and at other sites, the "sampling" performed by Jones and Fortner suffers from fundamental deficiencies, including severe sampling bias. Indeed, Jones and Fortner conceded that "[s]ampling locations were ***chosen*** in part by their likelihood ***to show high lead levels***." *Id.* at 5 (emphasis added). As explained by Tom Neltner, Senior Director of EDF, Jones and Fortner "collected samples of water, soil, and other materials with the objective of screening for lead by ***focusing on worst case situations***. The goal was not to assess the risk." *Id.*, Ex. E (emphasis added).

In July of 2023, the *Journal* published articles asserting that lead-clad cables in Lake Tahoe and elsewhere raise a public health concern. The articles prominently cite Jones and Fortner for their

work on the very cables at issue in this case. According to the *Journal*, Jones and Fortner "assisted the *Journal* in site visits, collecting the samples—sometimes through scuba diving—and tabulating the data," and "tested water samples from Lake Tahoe" for the *Journal* as recently as March 2023. *Id.*, Exs. F at 5 and G at 8. BtB itself proudly states on its website that it "worked tirelessly behind the scenes" with the *Journal*, performing work that was "critical to the unleashing of two articles titled 'America is Wrapped in Miles of Toxic Lead Cables' and 'How the Journal Investigated Hidden Lead Cables Circling the U.S.'" *Id,* Ex. H at 1.

Given BtB's prominent role in the underlying dispute, Pacific Bell issued a subpoena to BtB on August 4, 2023, asking BtB to produce, *inter alia*, all documents and communications related to sampling, testing, and analysis performed on lead-clad telecommunications cables at Lake Tahoe and elsewhere. The subpoena requested compliance within 14 days of service. BtB received service of the subpoena on August 9, 2023, which made August 23, 2023 the deadline for production. Dhillon Decl., Ex. F.

After BtB was served, Jones emailed counsel for Pacific Bell on August 15, 2023 to request a "6 week extension in the due date for producing materials" related to the BtB subpoena. *Id.*, Ex. F at 4. Counsel for Pacific Bell responded on August 16, agreeing to provide the six-week extension if Jones would accept service of a separate subpoena directed to him, personally. *Id.* Jones responded on August 22, insisting on an extension for BtB but refusing to accept service of his personal subpoena. *Id*. And in an email sent on August 23, Jones "object[ed] to the requests in the [BtB] subpoena because they are burdensome, not related to litigation and violate my first amendment rights." *Id.*, at 1. Accordingly, counsel for Pacific Bell declined to grant the requested extension.

After BtB's deadline to respond to the subpoena had passed, counsel for Pacific Bell sent Jones a meet-and-confer letter pursuant to Eastern District of California Local Rule 251(b) in a good-faith effort to resolve the differences that are the subject of this Motion. *Id.*, Ex. C. BtB provided no substantive response other than a conclusory sentence objecting to the Subpoena and a representation that they would be retaining counsel. *Id.*, Ex. D. Notwithstanding Pacific Bell's request, BtB failed to identify its legal counsel and no legal counsel for BtB has contacted Pacific Bell. *Id*., Ex. D and ¶ 8.

On September 22, 2023, the Court authorized the filing of this motion. As of this writing, BtB has yet to produce a single document in response to the Subpoena. Dhillon Decl., ¶ 8.

### IV.    ARGUMENT

Federal Rule of Civil Procedure 45(d)(2)(B)(i) authorizes a "serving party" to, "[a]t any time," "move the court for the district where compliance is required for an order compelling production." Where, as here, a non-party has "delayed compliance at times without sufficient explanation," and where "informal" efforts to secure compliance have failed, courts in this circuit have compelled compliance with non-party subpoenas. *See, e.g.*, *Trepco Imps. & Distrib., Ltd. v. Arizona Beverages USA, LLC*, 2020 WL 4336296, at *6 (S.D. Cal. July 28, 2020) (compelling compliance with a non-party subpoena where the non-parties "failed to respond to, comply with, or object to" the subpoenas, and they "failed to respond" to counsel's "efforts to arrange compliance"); *In re Motion to Compel Leslie Westmoreland's Compliance with Non-Party Subpoena*, 2022 WL 1478914, at *3 (E.D. Cal. April 7, 2022) (compelling compliance with non-party subpoena where "informal" efforts to secure compliance failed and the non-party had "delayed compliance at times without sufficient explanation").

Good cause exists for an order directing BtB to comply with the subpoena. Pacific Bell served the subpoena on August 9, and it has now been 33 days since the deadline for BtB's production passed on August 23. Counsel for Pacific Bell offered an extension in return for Jones's agreement to accept service of his personal subpoena, but Jones refused. After the deadline passed, Counsel for Pacific Bell continued to seek BtB's compliance through informal means, including a letter sent September 5 and emails sent September 11 and September 14. Dhillon Decl., Exs. C-D. BtB has nonetheless refused to produce any documents, or even to engage with counsel for Pacific Bell beyond asserting a single boilerplate objection. *Id.*, Ex. F. But such an objection cannot excuse BtB's failure to comply with the subpoena. Jones merely stated that the requests in the subpoena "are burdensome, not related to litigation and violate my first amendment rights." *Id.*

*First*, the generalized and boilerplate nature of the objections is tantamount to making no objection at all. *Amazing Ins., Inc. v. DiManno*, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at

all."); *Akkawi v. Sadr*, 2022 WL 4484056, at *2 (E.D. Cal. Sept. 27, 2022) ("General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.").

**Second**, any "burden" argument has been waived. *Moore v. Chase, Inc.*, 2015 WL 4393031, at *5 (E.D. Cal. July 17, 2015) ("Failure to serve timely objections waives all grounds for objection [to subpoenas duces tecum], including privilege."). Jones' bare-bones objection to "burden" fails where, as here, BtB has made no effort to detail or substantiate that burden: "When objecting on the basis that a discovery request is overly burdensome, the objecting party must affirmatively support its objection with compelling proof in the form evidentiary declarations or other evidence specifically describing the burden." *Bird v. Wells Fargo Bank*, 2017 WL 1213425, at *4 (E.D. Cal. Mar. 31, 2017). BtB did not do so. *See also Akkawi*, 2022 WL 4484056, at *2 (E.D. Cal. Sept. 27, 2022) ("If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections.").

**Third**, BtB has no First Amendment privilege to assert. Moreover, as with burden, Jones utterly failed to provide any justification for asserting any such objection or privilege.

**Fourth**, Jones provides no support for his objection that the requests are "not related to litigation." Nor could he. As noted, Jones "brought [this case] to us on a platter." ECF No. 57-1, Ex. B.

## V.   CONCLUSION

We ask that the Court grant this motion in full. A proposed order has been submitted for the Court's consideration.

Respectfully submitted,

DATED: September 26, 2023

KIRKLAND & ELLIS

By: */s/ Hariklia Karis*
HARIKLIA "CARRIE" KARIS

Attorney for Defendant
PACIFIC BELL TELEPHONE COMPANY