# Appendix A

Pursuant to Section II.D.5 of the Court's Procedures for Civil Matters, Pacific Bell provides the following statement, quoting in full the document requests and requests for inspection included in Pacific Bell's subpoena to Below the Blue (BtB) to produce documents, served on August 9, 2023, and attached to the Declaration of Navi Dhillon as Exhibit B (the Subpoena).

Pacific Bell served BtB with the Subpoena on August 9, 2023, and BtB's responses were due on August 23, 2023. BtB served no response, and counsel for Pacific Bell attempted in good faith to meet and confer with Below the Blue regarding compliance with the document subpoena on September 5, September 11, September 14 and September 18. On August 23, 2023, Seth Jones (BtB's co-founder) sent an email stating generically that he objected "to the requests in the subpoena because they are burdensome, not related to litigation and violate my first amendment rights." Dhillon Decl., Ex. G. These are the only objections received to the requests contained in the Subpoena.

The following requests for production and requests for inspection were contained in the Subpoena to BtB:

## DOCUMENTS TO PRODUCE

| | |
|---|---|
| **Request No. 1** | All Documents related to Your experience or qualifications to perform sampling, testing, or analysis of lead-clad cables in water, soil, or aerial environments. |
| **Request No. 2** | All Documents and Communications (internal or external), including pictures and videos, concerning any sections of lead-clad cables removed from Lake Tahoe by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner. |
| **Request No. 3** | All Documents and Communications with any persons (internal or external) or entities concerning sampling, testing, data, analysis, research, permits, maps, or Studies relating to lead clad cables at Lake Tahoe or elsewhere. |
| **Request No. 4** | All Documents and Communications relating to permits requested or obtained by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test, cut or remove any sections of lead-clad cables in or from Lake Tahoe. |
| **Request No. 5** | All Documents and Communications (internal or external) relating to the involvement of Marine Taxonomic Services, Ltd., Seth Jones, or Monique Fortner in the Lawsuit. |
| **Request No. 6** | All Documents and Communications, including but not limited to any pictures, videos, or test results, relating to any "kiddie pool" used by You or anyone acting on |

| | |
|---|---|
| | Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test lead clad cables removed from Lake Tahoe or elsewhere. |
| **Request No. 7** | All Documents related to and Communications between You and any party described or otherwise referenced in the WSJ Articles, or Plaintiff or Plaintiff's counsel in the Lawsuit, relating to the WSJ Articles, the WSJ Investigation, or the Lawsuit, including but not limited to the Environmental Defense Fund, Marine Taxonomic Services, Ltd., Wall Street Journal, California Sportfishing Protection Alliance, Pace Analytical Services, Environmental Systems Research Institute, MCH Strategic Data, Quest Diagnostics, Pure Earth; Environmental Council of the State, Altec Testing & Engineering, Inc., RTI International, ALTA Environmental Corporation, Klamath Environmental Law Center, or any "environmental researchers." |
| **Request No. 8** | All invoices for worked performed relating to the WSJ Articles, the WSJ Investigation, lead clad cables, or the Lawsuit, including but not limited to work performed for any individuals or entities listed in Request No. 7. |
| **Request No. 9** | All Documents and Communications (internal and external) relating to the Lawsuit, the WSJ Investigation, the WSJ Articles or lead clad cables at Lake Tahoe or elsewhere. |
| **Request No. 10** | All Documents and Communications concerning the Marine Taxonomic Services and Below the Blue Lead Cable Investigation Report, available at https://belowtheblue.org/edf-report (the "EDF Report"). |
| **Request No. 11** | All Documents and Communications concerning the method by which sampling locations were selected, including but not limited to Documents and Communications relating to the statement in the EDF Report that "[s]ampling locations were chosen in part by their likelihood to show high lead levels." |
| **Request No. 12** | All Documents and Communications related to any research, sampling, testing, data, analysis, drafts, reports, or Studies You performed or collected for or on behalf of the Wall Street Journal or the Environmental Defense Fund, relating to lead, Lake Tahoe, the WSJ Articles, the WSJ Investigation, or the Lawsuit. |
| **Request No. 13** | All Documents or Communications related to statements about AT&T, Inc., any of its subsidiaries, or any current or former telecommunications company, referenced in the WSJ Articles. |
| **Request No. 14** | All Documents and Communications exchanged between You and any current or former employee of Defendant or AT&T, Inc. related to lead-clad cables. |
| **Request No. 15** | All Documents and Communications related to any agreement between you and any party relating to the WSJ Articles, the WSJ Investigation, lead clad cables, or the Lawsuit, including Plaintiff or any of Plaintiff's counsel in the Lawsuit, and any individuals or entities listed in Request No. 7. |
| **Request No. 16** | All Communications between You and any of the following parties related to or otherwise concerning any research, sampling, testing, data, analysis, drafts, reports, or Studies relating to the Lawsuit, lead-clad cables, the WSJ Investigation, or the WSJ Articles and any of the content, allegations, or conclusions contained therein:<br>    1.    Seth Jones; |

|  |  |
|---|---|
|  | 2. Monique Fortner; |
|  | 3. Jack Caravanos; |
|  | 4. Tom Neltner; |
|  | 5. Ben Grumbles; |
|  | 6. Bruce Nelson; |
|  | 7. Bryan Stolte; |
|  | 8. Jennifer Redmon; |
|  | 9. Braden Allenby; |
|  | 10. Gordon Binkhorst; |
|  | 11. James Winn; |
|  | 12. Dr. Philip Landrigan; |
|  | 13. ALTA Environmental Corporation; |
|  | 14. RTI International; |
|  | 15. Altec Testing & Engineering, Inc.; |
|  | 16. Environmental Council of the States; |
|  | 17. Environmental Defense Fund; |
|  | 18. Pure Earth; |
|  | 19. Quest Diagnostics; |
|  | 20. MCH Strategic Data; |
|  | 21. Pace Analytical; |
|  | 22. Marine Taxonomic Services, Ltd.; |
|  | 23. Plaintiff or plaintiff's counsel in the Lawsuit; or |
|  | 24. Environmental Systems Research Institute, Inc. ("Esri") |
| **Request No. 17** | All Communications between You and any federal, state, or local governmental or regulatory agency related to or otherwise referencing the following:<br><br>1. the WSJ Articles; |

|  |  |
|---|---|
|  | 2. the WSJ Investigation;<br><br>3. the Lawsuit; or<br><br>4. lead-clad cables, including but not limited to their location, potential removal, environmental impact, or health effects. |
| **Request No. 18** | All Documents or writings of any nature You have disseminated to any News Outlet regarding lead-clad cables. |
| **Request No. 19** | All Documents prepared by You, for the benefit of You, or provided to You concerning any Study, research or investigation on the possible or actual adverse effects of lead-clad cables. |
| **Request No. 20** | All Documents and Communications relating to Your participation in or funding of any test or Study related to or otherwise concerning lead-clad cables. |

## **TANGIBLE ITEMS FOR INSPECTION**

|  |  |
|---|---|
| **Request No. 1** | All samples or other tangible items on which You or any party acting at Your direction conducted any testing, analysis, evaluation, or investigation in connection with the WSJ Articles, the WSJ Investigation, or lead-clad cables. |
| **Request No. 2** | Any sections of lead-clad cable removed from Lake Tahoe or any other location by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner. |
| **Request No. 3** | Any "kiddie pool," or other container, used by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test lead-clad cable. |