NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
LUCAS V. GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Fax: (312) 862-2200

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-MCE-JDP<br><br>**AMENDED ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Action Filed:  January 14, 2021<br>Trial Date:    None |

Pursuant to the stipulation of the parties under Rule 15 of the Federal Rules of Civil Procedure and consistent with the Court's scheduling order (ECF No. 70), Defendant Pacific Bell Telephone Company (Defendant) submits this amended answer to the second amended complaint (Complaint) filed by Plaintiff California Sportfishing Protection Alliance (Plaintiff) and alleges as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1, this Paragraph consists of legal conclusions or characterizations of Plaintiff's own lawsuit to which no response is required.

2. Answering Paragraph 2, Defendant admits that on or around August 11, 2020, it received a notice of intent to sue letter from Plaintiff. This Paragraph includes legal conclusions or characterizations of the notice of intent to sue letter to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

3. Answering Paragraph 3, Defendant admits that more than ninety days have passed since Defendant received the notice of intent to sue letter. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

4. Answering Paragraph 4, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

**INTRODUCTION**

5. Answering Paragraph 5, Defendant admits that it previously operated two telecommunications cables, portions of which remain in the waters of Lake Tahoe. Defendant admits that each cable contains multiple layers of material, some of which serve a protective purpose. To the extent this Paragraph includes legal conclusions, no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

6. Answering Paragraph 6, Defendant admits that the cables have not been in operation for years, and that at least one end of one cable has been cut. Defendant admits that it has installed

newer cables in the waters of Lake Tahoe. This Paragraph includes legal conclusions to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

7. Answering Paragraph 7, this Paragraph purports to describe actions taken by Plaintiff. As to such allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them. To the extent this Paragraph includes legal conclusions, no response is required. As to the remaining allegations, Defendant denies them.

8. Answering Paragraph 8, Defendant admits that lead is a listed chemical under California's Proposition 65 law, codified at Health & Safety Code § 25249.5 et seq. This Paragraph purports to describe official actions of public agencies; such actions speak for themselves and no response is required. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

9. Answering Paragraph 9, Defendant admits that Lake Tahoe is a water body that is located at least in part in the State of California. Defendant admits that recreational activities occur in Lake Tahoe, *e.g.*, boating and swimming. Defendant admits that some individuals have made physical contact with the waters of Lake Tahoe, and that lake waters provide habitat for some species. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

**THE PARTIES**

10. Answering Paragraph 10, this Paragraph purports to describe the activities of Plaintiff and its claimed members. As to such allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them. This Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

11. Answering Paragraph 11, Defendant's response is admit.

12. Answering Paragraph 12, Defendant admits that it installed the cables in Lake Tahoe. The remaining allegations in this Paragraph consist of characterizations of Plaintiff's notice of intent to sue letter to which no response is required.

13. Answering Paragraph 13, Defendant's response is admit.

## LEGAL BACKGROUND

**A.  Resource Conservation and Recovery Act**

14. Answering Paragraph 14, this Paragraph consists of legal conclusions to which no response is required.

**B.  California's Safe Drinking Water & Toxic Enforcement Act ("Proposition 65")**

15. Answering Paragraph 15, this Paragraph consists of legal conclusions to which no response is required.

16. Answering Paragraph 16, this Paragraph consists of legal conclusions to which no response is required.

17. Answering Paragraph 17, this Paragraph consists of legal conclusions to which no response is required.

## STATEMENT OF FACTS

18. Answering Paragraph 18, Defendant admits that it installed two telecommunication cables and placed certain portions of those cables in the waters of Lake Tahoe. Defendant admits that one of these cables is located near the mouth of Emerald Bay (Cable A), and that a second cable is located along a portion of Lake Tahoe's western shore (Cable B). As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

19. Answering Paragraph 19, Defendant is without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, on that basis, denies those allegations.

20. Answering Paragraph 20, Defendant admits that it installed a new fiber optic cable in or around the location of Cable A, and that this new technology is superior in some respects. Defendant admits that it currently no longer uses the cables. This Paragraph includes legal

conclusions to which no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

21. Answering Paragraph 21, Defendant admits that Cable A is cut on at least one end. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

22. Answering Paragraph 22, this Paragraph consists of legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

23. Answering Paragraph 23, this Paragraph includes legal conclusions to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

24. Answering Paragraph 24, Defendant admits that Lake Tahoe is a popular destination. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

25. Answering Paragraph 25, this Paragraph includes legal conclusions to which no response is required. This Paragraph purports to describe official actions of public agencies; such actions speak for themselves and no response is required. As to any remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

26. Answering Paragraph 26, this Paragraph includes legal conclusions to which no response is required. As to the remaining allegations, Defendant is without sufficient information to form a belief as to their truth, and, on that basis, denies them.

**FIRST CLAIM FOR RELIEF**
**Violations of RCRA**
**42 U.S.C. § 6972(a)(1)(B)**

27. Answering Paragraph 27, Defendant incorporates all of its responses set forth above.

28. Answering Paragraph 28, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

29. Answering Paragraph 29, Defendant is without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, on that basis, denies them.

30. Answering Paragraph 30, Defendant denies the allegations.

31. Answering Paragraph 31, Defendant is without sufficient information to form a belief as to the truth of the allegations in this Paragraph, and, on that basis, denies them.

32. Answering Paragraph 32, this Paragraph includes legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

**SECOND CLAIM FOR RELIEF**
**Violations of Proposition 65**
**Cal. Health & Safety Code § 25249.5** *et seq.*

33. Answering Paragraph 33, Defendant incorporates all of its responses set forth above.

34. Answering Paragraph 34, Defendant admits that it installed two telecommunications cables that contained lead covered by outer jackets, and that it placed certain portions of those cables in the waters of Lake Tahoe. As to any remaining allegations, Defendant denies the allegations.

35. Answering Paragraph 35, Defendant denies the allegations.

36. Answering Paragraph 36, this Paragraph consists of legal conclusions to which no response is required.

37. Answering Paragraph 37, this Paragraph consists of legal conclusions to which no response is required.

38. Answering Paragraph 38, Defendant admits that it has employed more than nine people. The remaining allegations consist of legal conclusions to which no response is required.

39. Answering Paragraph 39, Defendant denies the allegations.

40. Answering Paragraph 40, this Paragraph consists of legal conclusions to which no response is required. As to any remaining allegations, Defendant denies them.

**PLAINTIFF'S RELIEF REQUESTED**

Answering Paragraphs (a)-(f) of the Complaint's request for relief at page 11, Defendant denies each of those allegations, and contends Plaintiff is not entitled to any relief whatsoever.

\*\*\*

**AFFIRMATIVE DEFENSES**

Without admitting any of Plaintiff's allegations, or agreeing that Defendant bears any burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to allege facts sufficient to support a plausible claim for relief.

### SECOND AFFIRMATIVE DEFENSE

(Proposition 65 Statutory Exemption – Health and Safety Code § 25249.9(a))

The cables were installed before the enactment of Proposition 65. While Defendant denies the existence of any discharge, any discharges alleged by Plaintiff that occurred within 20 months after the designation of lead as a listed chemical are exempt from Proposition 65's discharge prohibition. *See Consumer Advocacy Group, Inc. v. Exxon Mobil Corp.* (2002) 104 Cal.App.4th 438, 450 (subsequent passive migration of chemicals through soil or water does not constitute a discharge or release within the meaning of Proposition 65).

### THIRD AFFIRMATIVE DEFENSE

(Proposition 65 Statutory Exemption – Health and Safety Code § 25249.9(b))

The cables were installed and maintained in conformity with applicable law. While denying the existence of any discharge, Defendant alleges that any discharge of lead from the cables would not cause any significant amount of lead to be released into any source of drinking water within the meaning of Proposition 65.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's alleged claims are barred in whole or in part by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Provide Adequate Notice)

Each claim for relief in the Complaint is barred and/or limited because Plaintiff failed to provide Defendant with adequate notice as required under applicable statutes, including 42 U.S.C § 6972(b) and Cal. Health & Safety Code § 25249.7(d)(1).

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

The complaint fails to present an actual case or controversy within the meaning of Article III of the U.S. Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

(Retroactivity)

Proposition 65 was enacted after the installation of the cables and does not apply retroactively.

**EIGHTH AFFIRMATIVE DEFENSE**

(Equitable Doctrines)

Plaintiff's conduct does not support the issuance of any injunctive relief under equitable precepts, including unclean hands, estoppel, waiver and laches.

**NINTH AFFIRMATIVE DEFENSE**

(Authorized Conduct)

The installation of the cables was authorized by law to provide telecommunications services to the surrounding community.

**TENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights to Assert Additional Defenses)

Defendant has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings, including timely disclosing such defenses in written discovery responses.

**RELIEF REQUESTED**

Defendant respectfully asks that:

1. Plaintiff take nothing by reason of the complaint or any claims stated therein;
2. Judgment of dismissal with prejudice be entered in favor of Defendant;
3. Defendant be awarded its reasonably incurred fees and costs; and
4. The Court grant such other and further relief as it may deem just and proper.

DATED: October 25, 2023

PAUL HASTINGS LLP

By: /s/ Navi Singh Dhillon
    NAVI S. DHILLON

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY