ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
WILLIAM N. CARLON (State Bar No. 305739)
Email: wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

[Additional counsel on p. 2]

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>          Plaintiff,<br><br>     v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>          Defendant. | Case No: 2:21-cv-00073-JDP<br><br>**DECLARATION OF MATTHEW C. MACLEAR IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>Hearing Date: January 11, 2024<br>Time: 10:00 a.m.<br>Courtroom: 9, 13th Floor<br>Magistrate Judge: Hon. Jeremy D. Peterson |

1  MATTHEW MACLEAR (State Bar No. 209228)
   Email: mcm@atalawgroup.com
2  JASON FLANDERS (State Bar No. 238007)
   Email: jrf@atalawgroup.com
3  ERICA A. MAHARG (State Bar No. 279396)
   Email: eam@atalawgroup.com
4  J. THOMAS BRETT (State Bar No. 315820)
   Email: jtb@atalawgroup.com
5  AQUA TERRA AERIS LAW GROUP
   4030 MARTIN LUTHER KING JR WAY
6  OAKLAND, CA 94609
   Tel: (415) 568-5200
7
   WILLIAM VERICK (State Bar No. 140972)
8  Email: wverick@igc.org
   KLAMATH ENVIRONMENTAL LAW CENTER
9  1125 16th Street, Suite 204
   Arcata, CA 95521
10 Tel: (707) 630-5061; Fax: (707) 630-5064
11
   J. KIRK BOYD (State Bar No. 122759)
12 Email: jkb@drjkb.com
   LAW OFFICE OF JOHN KIRK BOYD
13 548 Market St., Suite 1300
   San Francisco, CA 94104-5401
14 Tel: (415) 440-2500
15
   BRIAN ACREE (State Bar No. 202505)
16 Email: brian@brianacree.com
   LAW OFFICES OF BRIAN ACREE
17 331 J Street, Suite 200
   Sacramento, CA 95814
18 Tel: (916) 505-6861

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MATTHEW C. MACLEAR ISO MOTION TO AMEND SCHEDULING ORDER

**DECLARATION**

I, Matthew C. Maclear, declare as follows:

1.      I am an attorney, licensed to practice law in all courts of the State of California. My firm, Aqua Terra Aeris Law Group ("ATA") and I serve as counsel for Plaintiff California Sportfishing Protection Alliance ("CSPA"). I have personal knowledge of the facts in this Declaration and, if asked, could and would testify to the accuracy of these facts in a court of law.

2.      ATA was retained by CSPA to represent the organization in this matter and entered into a representation agreement on October 2, 2023.

3.      Prior to ATA representing CSPA, CSPA was represented by attorneys at the Law Offices of Andrew L. Packard, Klamath Environmental Law Center, the Law Office of Kirk J. Boyd, and the Law Offices of Brian Acree. These attorneys, referred to herein as "existing counsel," continue to represent CSPA in varying different capacities.

4.      Existing counsel reached out to counsel at ATA in mid-September 2023 to discuss potentially representing CSPA in this matter and taking on the role of lead counsel for the purposes of litigation.

5.      After entering into the representation agreement, ATA counsel began getting up to speed with the status of the facts, procedural history, current status of the litigation, evaluating the case, strategizing with existing counsel and outlining a litigation plan for future implementation, although the existing counsel was continuing to take the lead on litigation at that time and did so until on or about October 23, 2023.

6.      After entering into the representation agreement, I began reaching out to potential consultants and experts to discuss the case, relevant experience of each, and investigation needs. This has included identifying and retaining the following: a consultant to formulate a survey plan; a consultant to develop a sampling plan; consultants to conduct underwater sampling; a consultant to analyze sampling results and opine as to the risks and potential harms occurring as a result of lead being discharged.

7.      Due to scheduling and budget constraints, it has taken CSPA the past few months to find and retain qualified experts and/or consultants to conduct the necessary investigations and

DECLARATION OF MATTHEW C. MACLEAR ISO MOTION TO AMEND SCHEDULING ORDER

1  express necessary opinions.

2      8.      CSPA is still in search of additional testifying experts in support of its claims.

3      9.      After discussing the investigation needs with some consultants, ATA counsel, at my

4  direction, also contacted several regulatory agencies to determine whether permits were needed to

5  proceed.

6      10.     The California Department of Parks and Recreation requires a permit for certain types

7  of sampling, which will take approximately ninety (90) days to process, after a complete application

8  and scientific study are submitted. The application requires a qualified consultant to submit a

9  complete sampling plan. CSPA is diligently working with its retained consultants to prepare the

10  scientific study and file the permit application now.

11     11.     When I first began working on this case, the intention of existing and ATA counsel

12  was to initiate sampling efforts as soon as possible, and we believed that we could begin these efforts

13  in October or November 2023. Through discussions with experts and learning more about the

14  regulatory processes, we anticipate these efforts will not be complete before March or April 2024, at

15  the earliest.

16     12.     Accordingly, in mid to late October, I, along with my co-counsel, recognized that the

17  current schedule, which required expert disclosures by April 12, 2024, would not allow sufficient

18  time to acquire necessary permits; to plan, schedule, and complete sampling events; for analysis of

19  samples at certified laboratories; and for experts to consider the results in their opinions to be

20  disclosed.

21     13.     I and other ATA counsel who are working on this matter, specifically Erica Maharg

22  and Jason Flanders, also identified conflicts with existing litigation deadlines and the Initial Pretrial

23  Scheduling Order entered on October 10, 2023. Dkt. No. 70 ("Scheduling Order").

24     14.     I, in coordination with co-counsel, developed the following proposed schedule that

25  would modify the Scheduling Order to address the unexpected delays in the sampling investigation

26  and scheduling conflicts:

27  ///

28  ///

| Deadline | Scheduling Order Dkt. No. 70 | Proposed Schedule |
|---|---|---|
| Deadline to file a motion to amend pleadings | 10/26/2023 | 1/15/2024 |
| Notice of subject matter for each expert report | 3/22/2024 | 7/24/2024 |
| Expert disclosures | 4/12/2024 | 8/10/2024 |
| Rebuttal disclosures | 5/10/2024 | 9/20/2024 |
| Last day to hear motions to compel | 6/20/2024 | 11/8/2024 |
| Discovery closes | 7/12/2024 | 12/31/2024 |
| Deadline to file dispositive motions (*not calendared*) | 8/8/2024 | 1/31/2025 |
| Last day to hear dispositive motions | 9/12/2024 | 2/28/2025 |

15.     I emailed Defendant's counsel on October 23, 2023 with the above proposed schedule and asked to meet and confer about the same. A true and complete copy of this email and the subsequent email exchange with Defendant's counsel is attached hereto as **Exhibit A**.

16.     I and my co-counsel, Erica Maharg, met with Defendant's counsel, Navi Dhillon, Peter Meier, Jon Kelley, Lucas Grunbaum, and Hariklia Karis, via videoconference on October 31, 2023.

17.     At the meeting, Defendant's counsel indicated they would consider moving only specific deadlines two to four weeks at most and asked us to provide further details explaining the good cause supporting any extension. Ms. Maharg and I agreed to provide further details, although it did not seem like Defendant would agree to the length of extension that is necessary.

18.     At the meet and confer, Defendant's counsel did not raise any specific conflicts with the schedule proposed by CSPA. When asked what harm or prejudice their client would suffer as a result of an extension, Defendant's counsel explained that their client has an interest in adjudicating CSPA's claims as quickly as possible.

19.     I sent a letter to Defendant's counsel with the promised additional explanation on November 2, 2023. In this letter, I also asked Defendant's counsel to provide a response by November 7, 2023. A true and correct copy of that letter is attached hereto as **Exhibit B**.

20.     On November 7, 2023, I provided further, newly-acquired information regarding the permitting requirements discussed above in Paragraph 8, via email.

21.     On November 15, 2023, Defendant's counsel, Navi Dhillon, responded that they "will

provide a further written response in the coming days." *See* Exhibit A.

22.     On November 22, 2023, Mr. Dhillon sent a letter stating Defendant would not stipulate to the requested extension.   Attached hereto as **Exhibit C** is a true and correct copy of the letter received in the late afternoon on the day before the Thanksgiving holidays.

23.     CSPA ordered a transcript of the August 24, 2023 case management conference. A true and correct copy of relevant excerpts of that transcript are attached hereto as **Exhibit D**

I swear under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. This declaration was executed on November 23, 2023 in Oakland, California.

    s/ Matthew C. Maclear
Matthew C. Maclear

# EXHIBIT A

**Esmeralda Bustos**

| | |
|---|---|
| **From:** | Dhillon, Navi <navidhillon@paulhastings.com> |
| **Sent:** | Wednesday, November 15, 2023 1:51 PM |
| **To:** | Matthew Maclear; Meier, Peter C. |
| **Cc:** | Erica Maharg; Grunbaum, Lucas; Carr, Chris; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Andrew Packard; LFT-wncarlon; William Verick; Brian Acree; Kirk Boyd |
| **Subject:** | RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP) |

Hi Matt

Thank you for the e-mail.  We will provide a further written response in the coming days.



**Navi Dhillon | Partner**
O: 415.856.7080 | M: 415.203.8805

**From:** Matthew Maclear <MCM@atalawgroup.com>
**Sent:** Tuesday, November 7, 2023 12:09 PM
**To:** Meier, Peter C. <petermeier@paulhastings.com>
**Cc:** Erica Maharg <eam@atalawgroup.com>; Dhillon, Navi <navidhillon@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** [EXT] RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

--- External Email ---

Hello Peter (and Team)

It came to our attention, based on communications with the Dept of Parks and Rec., which occurred after sending the below email, that processing the permit to take certain samples may take up to 90 days.  We are required to submit DPR Form 65 – Application and Permit to Conduct Research and Collections, since some cables reside within DL Bliss State Park and Emerald Bay State Park.

In assessing this matter as new lead counsel, we have deemed it necessary to collect additional samples in these State Parks for the purpose of informing our experts opinions.  Before Friday, we were not aware of the requirement to submit a permit application to the Department of Parks and Rec., nor were we aware of the up to 90 days turnaround time for a permit.  We believe this unforeseen delay in obtaining a permit is germane and relevant to our discussion as to modifying the scheduling order.  Thus, we wanted to share this as additional facts supporting Plaintiff's request to modify the current scheduling order.

1

Please advise as to when we can expect your response to the further revised modified scheduling order and justifications, sent last Thursday, 11/2/23.

All the best,
Matt

Matthew C. Maclear
Aqua Terra Aeris (ATA) Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609
415.568.5200
www.atalawgroup.com



**CONFIDENTIALITY NOTICE:**  This email and any attachments are privileged, including but not limited to attorney-client or attorney work-product privileged. The information is intended only for the use of the intended individual or entity, whether named properly above or not. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please immediately notify the sender by telephone or email to arrange for destruction of information and the return of the documents.

**IRS Circular 230 disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Matthew Maclear
**Sent:** Thursday, November 2, 2023 11:55 AM
**To:** Meier, Peter C. <petermeier@paulhastings.com>
**Cc:** Erica Maharg <eam@atalawgroup.com>; Dhillon, Navi <navidhillon@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

Hi Peter:

Please see attached response as further support for Plaintiff's request to modify the scheduling order entered before our (ATA's) appearance in this matter.

As requested in the letter, please have your response to us by next Tuesday, November 7, 2023.

Thank you,
Matt

Matthew C. Maclear
Aqua Terra Aeris (ATA) Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609

415.568.5200
www.atalawgroup.com



**CONFIDENTIALITY NOTICE:** This email and any attachments are privileged, including but not limited to attorney-client or attorney work-product privileged. The information is intended only for the use of the intended individual or entity, whether named properly above or not. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please immediately notify the sender by telephone or email to arrange for destruction of information and the return of the documents.

**IRS Circular 230 disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Meier, Peter C. <petermeier@paulhastings.com>
**Sent:** Wednesday, November 1, 2023 1:13 PM
**To:** Matthew Maclear <MCM@atalawgroup.com>; Erica Maharg <eam@atalawgroup.com>
**Cc:** Dhillon, Navi <navidhillon@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

Matt and Erica,

Thank you for the call yesterday.  We appreciated your sharing the following:

1.  Your firm is serving as lead counsel for Plaintiff, but Andrew Packard, William Carlon, Bill Verick, and Kirk Boyd and their respective firms remain in the case as your co-counsel.
2.  Your request for a continuance of the current Court-ordered dates is due in part to claimed scheduling conflicts.

In light of the above, we requested on our call that you provide us with any dates when you will not be available for trial, and any scheduling conflicts you have (e.g., trial dates in other matters) for the period September through December 2024.  As we said on the call we will consider a reasonable adjustment to the Court's schedule, but we would need to know there is good cause for such an adjustment.  As we said on the call, we are open to moving some dates by 2 to 4 weeks as a professional courtesy to avoid actual conflicts.

You did not confirm on our call whether you will be providing us with the information we requested regarding your scheduling conflicts, but if you do so we will respond further to your proposal once you send this information.  In the meantime, we are available if you wish to further discuss this matter.

Best regards,

Peter Meier

**From:** Matthew Maclear <MCM@atalawgroup.com>
**Sent:** Thursday, October 26, 2023 9:30 AM
**To:** Dhillon, Navi <navidhillon@paulhastings.com>
**Cc:** Meier, Peter C. <petermeier@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com;

jon.kelley@kirkland.com; Erica Maharg <eam@atalawgroup.com>; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** [EXT] RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

**--- External Email ---**

Hi Navi:

Thanks for your patience, as I was out yesterday dealing family illnesses and doctor appointments.

For Plaintiff, Erica and I are available **Monday from 11am-2pm PDT** and **Tuesday afternoon from 1-3pm PDT**.

Please let us know what day and time work best for your side, or if we need to look into finding other available dates and times.

Best,
Matt

Matthew C. Maclear
Aqua Terra Aeris (ATA) Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609
415.568.5200
www.atalawgroup.com



**CONFIDENTIALITY NOTICE:** This email and any attachments are privileged, including but not limited to attorney-client or attorney work-product privileged. The information is intended only for the use of the intended individual or entity, whether named properly above or not. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please immediately notify the sender by telephone or email to arrange for destruction of information and the return of the documents.

**IRS Circular 230 disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Dhillon, Navi <navidhillon@paulhastings.com>
**Sent:** Wednesday, October 25, 2023 8:50 AM
**To:** Matthew Maclear <MCM@atalawgroup.com>
**Cc:** Meier, Peter C. <petermeier@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Erica Maharg <eam@atalawgroup.com>; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

Hi Matt

Can you please propose a few times for a meet-and-confer call early next week?

**PAUL HASTINGS**

**Navi Dhillon | Partner**
O: 415.856.7080 | M: 415.203.8805

**From:** Matthew Maclear <MCM@atalawgroup.com>
**Sent:** Monday, October 23, 2023 6:58 PM
**To:** Dhillon, Navi <navidhillon@paulhastings.com>
**Cc:** Meier, Peter C. <petermeier@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Erica Maharg <eam@atalawgroup.com>; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
**Subject:** [EXT] RE: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

--- External Email ---

Hi Navi:

Thank you. I look forward to hearing from you and working with your teams on this matter.

Cheers,
Matt

Matthew C. Maclear
Aqua Terra Aeris (ATA) Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609
415.568.5200
https://urldefense.com/v3/__http://www.atalawgroup.com__;!!JB8VoVbPfh38FcDZRpZ1rQ!0rSZawiZ Z7rx72OW0KjiK_CuITWlfhHrwLtmrRg2Mr-NcHRDgJHfNeJOpBSJPkzKXy-wHZ8sYVutxMy6uD3y$

CONFIDENTIALITY NOTICE:  This email and any attachments are privileged, including but not limited to attorney-client or attorney work-product privileged. The information is intended only for the use of the intended individual or entity, whether named properly above or not. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please immediately notify the sender by telephone or email to arrange for destruction of information and the return of the documents.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of

avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


-----Original Message-----
From: Dhillon, Navi <navidhillon@paulhastings.com>
Sent: Monday, October 23, 2023 6:55 PM
To: Matthew Maclear <MCM@atalawgroup.com>
Cc: Meier, Peter C. <petermeier@paulhastings.com>; Grunbaum, Lucas <lucasgrunbaum@paulhastings.com>; Carr, Chris <chriscarr@paulhastings.com>; mnomellini@kirkland.com; hkaris@kirkland.com; robert.ellis@kirkland.com; jon.kelley@kirkland.com; Erica Maharg <eam@atalawgroup.com>; Andrew Packard <andrew@packardlawoffices.com>; LFT-wncarlon <wncarlon@packardlawoffices.com>; William Verick <wverick@igc.org>; Brian Acree <brian@brianacree.com>; Kirk Boyd <jkb@drjkb.com>
Subject: Re: CSPA v. Pacific Bell Telephone Company (Case No. 21-cv-00073-JDP)

Hi Matt

Thank you for the email.  Our team will review and revert soon.

Navi Dhillon
Partner
Paul Hastings LLP
(m) 415.203.8805
(o) 415.856.7080

On Oct 23, 2023, at 7:38 PM, Matthew Maclear <MCM@atalawgroup.com> wrote:


Dear Counsel, Greetings, I am writing to introduce myself as new counsel for Plaintiffs in California Sportfishing Protection Alliance v Pacific Bell Telephone Co., E.D. Cal., Case No. 2:21-cv-00073-JDP. ATA Law Group has recently been retained ZjQcmQRYFpfptBannerStart
--- External Email ---

ZjQcmQRYFpfptBannerEnd
Dear Counsel,

Greetings, I am writing to introduce myself as new counsel for Plaintiffs in California Sportfishing Protection Alliance v Pacific Bell Telephone Co., E.D. Cal., Case No. 2:21-cv-00073-JDP.  ATA Law Group has recently been retained by CSPA to take lead with the litigation for Plaintiff.  Erica Maharg and I will be your primary points of contact going forward.

I would also like to set up a time to meet and confer to discuss a stipulation to extend the scheduling order that has been entered by the Court.  Since ATA is new to the matter, we must get up to speed and need an extension of the schedule to do so. Moreover, the current schedule that has been entered conflicts with other pre-existing litigation deadlines. Thus, we believe there is good cause for such an extension, and hopefully, the parties can agree to avoid CSPA needing to file a motion. CSPA proposes the following schedule (I have put current deadlines for your reference):

Deadline

Scheduling Order
Dkt. No. 70

Proposed Extension

Mtn to Amend Pleadings

10/26/2023

1/15/2024

Notice of subject matter for each expert report

3/22/2024

7/24/2024

Expert disclosures

4/12/2024

8/10/2024

Rebuttal disclosures

5/10/2024

9/20/2024

Last day to hear mtns to compel

6/20/2024

11/8/2024

Discovery cut-off

7/12/2024

12/31/2024

Deadline - file MSJ

8/8/2024

1/31/2025

Last day - hearing dispositive mtns

9/12/2024

Please let me know when you are available to discuss this extension request.

All the best,
Matt


Matthew C. Maclear
Aqua Terra Aeris (ATA) Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609
415.568.5200
https://urldefense.com/v3/__http://www.atalawgroup.com__;!!JB8VoVbPfh38FcDZRpZ1rQ!0rSZawiZ
Z7rx72OW0KjiK_CuITWlfhHrwLtmrRg2Mr-NcHRDgJHfNeJOpBSJPkzKXy-
wHZ8sYVutxMy6uD3y$<https://urldefense.com/v3/__http://www.atalawgroup.com/__;!!JB8VoVbPfh3
8FcDZRpZ1rQ!wR1ux-IJ-bSdbgPrtD2vqyuUejUbHrMPuXuThH96mZZLZre2AVTOfR-
_nRbl91n9Q2pWDd5BxH2up1ohIcH_$>
<image001.jpg>
CONFIDENTIALITYNOTICE:  This email and any attachments are privileged, including but not limited
to attorney-client or attorney work-product privileged. The information is intended only for the use of
the intended individual or entity, whether named properly above or not. If you are not the intended
recipient, you are hereby notified that any review, disclosure, copying, distribution, or the taking of
any action in reliance on the contents of this emailed information is strictly prohibited. If you have
received this email in error, please immediately notify the sender by telephone or email to arrange for
destruction of information and the return of the documents.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. federal tax advice contained in this communication (including any attachment) is not
intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of
avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or
recommending to another party any transaction or matter addressed herein.



*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If
you received this transmission in error, please notify the sender by reply e-mail and delete the
message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name,
business name and other contact details, and IP address.  For more information about Paul Hastings'
information collection, privacy and security principles please click HERE. If you have any questions,
please contact Privacy@paulhastings.com

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*********************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.


*********************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT B



MATTHEW C. MACLEAR
PARTNER

4030 MARTIN LUTHER KING JR. WAY
OAKLAND, CA 94609

T: 415-568-5200
mcm@atalawgroup.com

November 2, 2023

**Via Email**

Navi Dhillon
navidhillon@paulhastings.com
Peter C. Meier
petermeier@paulhastings.com
Christopher J. Carr
chriscarr@paulhastings.com
Lucas Grunbaum
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111

Hariklia Karis
hkaris@kirkland.com
Robert B. Ellis
rellis@kirkland.com
Mark J. Nomellini
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

**RE: Plaintiff's Request to Extend Schedule**

Dear Counsel,

To follow up from the meet and confer on Tuesday, 10/30, we are writing to provide you additional information regarding the good cause for Plaintiff's request for Defendant to stipulate to an extended schedule. You have stated that you will only consider agreeing to a 2-4 week extension for certain dates. However, in order to represent our client's interests and to ensure that there is sufficient time to gather the necessary facts to prove our claims, a more comprehensive extension is necessary, and we believe there is good cause for one. Moreover, pushing back one date will, as I believe you said on our call, have cascading effects that require other dates to move as well. So it is not as simple as moving one or two dates to avoid conflicts. That being said, we have offered some modifications to our originally proposed schedule.

Considering Defendant's stated position at the meet and confer, we do not anticipate that this will change Defendant's position. However, please let us know if Defendant is willing to agree to the extension, and we will draft a stipulation. We are also willing to consider a counter-proposal for the schedule, including an agreement to only specific dates, if Defendant cares to offer one. If we do not hear back from you by COB Tuesday, November 7, we will proceed with seeking leave from the Court.

| Deadline | Scheduling Order Dkt. No. 70 | Proposed Extension |
|---|---|---|
| Mtn to Amend Pleadings | 10/26/2023 | 1/15/2024 |

As new counsel, we are evaluating the case from the beginning to ensure the complaint has been properly alleged and whether we need to add potential other claims. Moving this deadline will also save judicial resources in the event that the complaint would need to be amended at a later date by avoiding the need for a motion. Moreover, the liberal standard for amending the pleadings under the FRCP would weigh in favor of granting leave at a later date.

| | | |
|---|---|---|
| Notice of subject matter for each expert report | 3/22/2024 | 7/24/2024 |

This deadline should align with the expert disclosures and the same good cause supports moving this out as explained below in our response to the expert disclosure deadline.

However, Plaintiff is willing to offer to move this deadline to early to mid-June as a compromise position.

| | | |
|---|---|---|
| Expert disclosures | 4/12/2024 | 8/10/2024 |
| Rebuttal disclosures | 5/10/2024 | 9/20/2024 |

The current expert disclosure deadlines overlap expert disclosures in two other ATA cases with the same lead counsel, which have been in active litigation for far longer than this matter. It will put an unrealistic burden on our firm to conduct expert disclosures in three cases at the same time. Further, during the same period – mid-April to May – our firm also has dispositive motion filing deadlines in two additional cases.

Further and more importantly, the current expert disclosure deadlines do not allow sufficient time for gathering data and sharing data between the parties. Defendant used the time while the CD was in place to commission studies that presumably they intend to use in their defense. (Aldrich 2021; Ramboll sampling June 2023). Plaintiffs had no reason to believe that gathering such information would be necessary, considering the CD. Thus, Plaintiffs are starting from scratch, and after discussing with potential experts and samplers, the timeline originally allotted is not sufficient.

Moreover, as new counsel, we believe more time is needed to exchange most, if not all facts, prior to expert disclosures. Defendants themselves have sought additional time to respond to the first round of discovery; moreover, Defendants are attempting to enforce third party subpoenas, which will likely include relevant data for experts to consider. All of this will take time and is necessary to be in place before expert disclosures occur.
In an effort to compromise, we are willing to agree to an exchange of expert disclosures July 12 and rebuttal disclosures to August 16.



| Deadline | Scheduling Order Dkt. No. 70 | Proposed Extension |
|---|---|---|
| Last day to hear mtns to compel | 6/20/2024 | 11/8/2024 |
| Discovery cut-off | 7/12/2024 | 12/31/2024 |

The date to hear motions to compel and final discovery deadlines will need to align with expert disclosures. Moreover, the current deadline for motions to compel conflicts with discovery cut-off deadlines in another case and two dispositive motion briefings in two other cases that require counsel's time.

Based on the revised proposed deadlines for expert and rebuttal disclosures, a deadline in early October (October 8) for a hearing on motion to compel and a month later (Nov. 8) for discovery cut-off would be appropriate.

| Deadline - file MSJ (calculated per local rules) | 8/8/2024 | 1/31/2025 |
|---|---|---|
| Last day - hearing dispositive mtns | 9/12/2024 | 2/28/2025 |

As mentioned on the meet and confer, counsel has another trial schedule for August 6-16, 2024, which is a direct conflict with the when a dispositive motion would need to be filed in this matter under the current schedule. Moreover, moving the proposed deadlines up earlier to November or December creates a further conflict, as ATA counsel assigned to this case have another trial scheduled for December 3, 2024, as well as conflicts with holidays, which likely apply to both parties. Thus, we could choose to move these deadlines up a couple weeks, if Defendant counsel would otherwise agree to the schedule and would prefer those deadlines.

Assuming the court is prepared to hold a trial weeks after dispositive motion hearing, this would put a trial in Spring 2025.

We believe this provides the information requested by you on our meet and confer and more than sufficient good cause to extend the schedule. We look forward to hearing back from you by Tuesday as indicated above.

Respectfully,

Matthew C. Maclear
**AQUA TERRA AERIS LAW GROUP**

# EXHIBIT C

**PAUL**

**HASTINGS**

1(415) 856-7080
navidhillon@paulhastings.com

November 22, 2023

**VIA E-MAIL**

Matthew Maclear, Esq. and Erica Maharg, Esq.
ATA Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609

Re:     *California Sportfishing Protection Alliance v. Pacific Bell Telephone Company*, Case No. 2:21-
cv-00073-JDP; Plaintiff's Request to Modify Pretrial Scheduling Order

Dear Counsel:

We write in response to Plaintiff's request to modify the previously agreed upon case schedule, which the Court slightly modified when entering a Scheduling Order on October 10, 2023.

As discussed in our meet-and-confer call on October 30, 2023, and as we confirmed in later correspondence, Plaintiff is requesting to delay all deadlines in the Scheduling Order based on the fact that it has added the ATA Law Group to its attorney team.  Plaintiff continues to be represented by the experienced team of lawyers (Andrew Packard, William Carlon, Bill Verick, and Kirk Boyd and their respective firms) who have represented Plaintiff since it filed this action in 2021.  We have told you that we are willing to support reasonable adjustments to the Court's schedule (e.g., a 2-to-4 week modification of particular dates) in order to accommodate Plaintiff and on a showing of good cause.  Your letter dated November 2, 2023, however, rejects this offer and continues to argue that the Plaintiff should be entitled to push out the key deadlines adopted by the Court by nearly six months.

As discussed below, Plaintiff has not made the showing required for such a significant change to the Court's schedule.

<u>**Background**</u>

Based on our meet-and-confer, we understand that your law firm was aware of the extensive input that the parties provided to the Court prior to its entry of the Scheduling Order.  Below is a brief recap of that history.

The Court conducted a Status Conference on July 19, 2023, at which it directed the parties to meet and confer regarding case management and to return for a conference with the Court on August 24, 2023.

After the parties conferred regarding the trial and pre-trial schedule, Plaintiff submitted a Status Conference Statement on August 17, 2023, which correctly reported to the Court that "the parties have agreed to a relatively swift trial date."  Plaintiff further stated:

> [A]s for a trial date, the parties are in agreement as to a trial schedule.  The trial schedule was discussed during the main conference [between the parties] and then distributed afterwards….  The parties have agreed to a trial date of September 16, 2024, and worked out a timeline leading up that that trial day.  [Plaintiff's Status Conference Statement, at 2].

**PAUL**
**HASTINGS**

Matthew Maclear, Esq. and Erica Maharg, Esq.
November 22, 2023
Page 2

Plaintiff's Status Conference Statement attached a proposed timeline that closely tracked the schedule proposed by Defendant, which included a proposed close of fact discovery on February 26, 2024, and a close of expert discovery on May 17, 2024.

At the Status Conference on August 24, 2023, the Court suggested that the parties further meet and confer regarding their proposed pre-trial schedule, with an eye toward having the case ready for trial by the fall of 2024.  The parties again met and conferred on August 24 and 25.  On August 25, Plaintiff filed a further statement to the Court regarding the schedule, explaining that it had decided it needed more time to prepare its case for trial.  Plaintiff now asked the Court to schedule the close of all discovery for August 15, 2024, noting that Defendant had not agreed to this date.

The Court issued the Scheduling Order on October 10, 2023.  Having considered Plaintiff's request for more time, the Court stated:  "All discovery shall be completed by July 12, 2024."  This date was nearly two months later than the date the parties had jointly proposed in their August 17, 2023 statements to the Court.  The Court set this and the other pre-trial deadlines after full consideration of both parties' positions.

Notably, Plaintiff represented that it had retained new counsel weeks *before* the Court entered the Scheduling Order.

**<u>Plaintiff Has Not Shown Good Cause to Modify the Court's Scheduling Order</u>**

Less than two weeks after the Court issued its Scheduling Order, we received your request that the dates set by the Court be moved back by nearly six additional months.  We requested on our call that you provide us with any dates when you will not be available for trial, and any scheduling conflicts you have (e.g., trial dates in other matters) for the period September through December 2024.  As we said on the call we will consider a reasonable adjustment to the Court's schedule, but we would need to know there is good cause for such an adjustment.  We have consistently said that we would be open to moving some dates by 2-to-4 weeks as a professional courtesy to avoid actual conflicts.

In your letter, you do not provide us with the information we have requested regarding specific scheduling conflicts.  Although you refer to two trial dates on your firm's current calendar, one on August 6, 2024 and another on December 3, 2024, it is common that counsel will have trial dates set during the pre-trial phase of other litigation.  Although motion briefing may be required during August 2024, you do not explain how these two trial dates would prevent Plaintiff's large legal team from meeting any deadlines, let alone justify a delay of nearly six months in the completion of discovery and motion practice.  Even assuming there might be a conflict for Plaintiff with the briefing schedule in August, you do not explain why a continuance of a few weeks (which we have offered) would not resolve such a potential conflict.  Further, there are no deadlines on the Court's schedule that conflict with your firm's December 2024 trial date, so there would be no need to adjust the current schedule in light of this other potential trial.  Despite these facts, your letter continues to insist that key Court-ordered dates be pushed back by approximately six months.

Modification of a scheduling order requires a showing of good cause.  *See, e.g., Hollis v. Bal*, 2022 WL 1478927, *2 (E.D. Cal. Apr. 27, 2022) (denying motion to modify scheduling order due to failure to show good cause).  Plaintiff has not made such a showing, and has not given Defendant any basis to represent to the Court that there is good cause.  Thus, we cannot agree to Plaintiff's proposal.

In this connection, we observe that the Court at the last discovery hearing, on November 9, 2023, recognized that this is a significant case and when granting our motion indicated the Court wished to



Matthew Maclear, Esq. and Erica Maharg, Esq.
November 22, 2023
Page 3

avoid further delays.  The Court stated:  "It's a significant case. We're already looking at dates that are pretty far out in the future and I don't wanna push those back."  (11/9/23 Tr. at 9).

If there is any additional information you believe would show good cause for modifying the Scheduling Order, we are available to further confer with you.  As noted, we remain willing to discuss specific and reasonable adjustments to specific dates that present specific conflicts.

Sincerely,

Navi S. Dhillon
of PAUL HASTINGS LLP

cc:       All counsel

# EXHIBIT D

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. JEREMY D. PETERSON, MAGISTRATE JUDGE

CALIFORNIA SPORTFISHING          )
PROTECTION ALLIANCE,             )
                                 )
          Plaintiff,             )   No. 21-CV-00073-JDP
                                 )
vs.                              )   **STATUS CONFERENCE**
                                 )
PACIFIC BELL TELEPHONE           )
COMPANY,                         )
                                 )
          Defendant.             )
_____  )

Sacramento, California          Thursday, August 24, 2023

REPORTER'S TRANSCRIPT OF PROCEEDINGS

<u>**APPEARANCES OF COUNSEL**</u>:

For the Plaintiff:     **J. KIRK BOYD**
                        Law Office of John Kirk Boyd
                       548 Market Street, Suite 1300
                       San Francisco, California 94104

                       **WILLIAM NAZAR CARLON**
                           Law Office of Andrew L. Packard
                       245 Kentucky Street, Suite B3
                       Petaluma, California 94952

For the Defendant:     **NAVTEJ SINGH DHILLON**
                        Paul Hastings
                       101 California Street, 48th Floor
                       San Francisco, California 94111

                       **HARIKLIA KARIS**
                       Kirkland & Ellis
                       300 North LaSalle
                       Chicago, IL 60654

TRANSCRIBED BY:  KAREN HOOVEN, RMR, CRR, CSR No. 5816

Proceedings recorded by electronic sound recording, transcript
produced by court reporter.

1   non-opposition.  So I don't believe those issues, which could

2   have been before me today or at least something to be

3   discussed, are something we need to talk about today.

4           Both parties have since filed status reports and have

5   proposed schedules for this case and are desirous of going

6   forward with scheduling.  The parties have generally filed

7   relatively similar schedules and I understand that there was a

8   meet and confer on, I believe, August 15th.  I do appreciate

9   that.  I appreciate -- it sounds like a number of issues have

10  been worked out, which I sure appreciate.

11          MR. BOYD:  They have, Your Honor.  And pardon me for

12  interrupting.  But I just want to clarify something because

13  since we filed those schedules, along with our statement, on

14  the plaintiffs' side we have four lawyers and two are solo

15  practitioners and the other is a small firm.  As things have

16  been rapidly developing, now the defendant has also brought in

17  additional counsel from Kirkland & Ellis, as you've seen, and

18  there are a number of things that they're doing.

19          It's really caused us -- our expectation, as you know

20  well from the last time that we talked together, was that

21  those cables were going to be removed commencing on September

22  the 6th.  And I'm not trying to revisit that at all, just to

23  say that we thought that those cables were coming out.

24          And now with things moving, with new counsel coming

25  in and things like that, we feel that we need -- and we would

1   ask you, Your Honor, for a 60-day extension of this hearing so

2   that we could have some time to regroup.  We've been talking

3   with the defendants, we will continue to talk with them.

4   Things are moving on the discovery, both they have submitted

5   some and we're preparing it.  They're also moving with respect

6   to the evidence collection for you, to really let the science

7   be the guide in this, as we said in our papers and we talked

8   about before.  We want to make sure that there's the best

9   science available to you.

10          So we would ask for that, today be just if you would

11   bump this for 60 days.  Mr. Packard, who you've seen before,

12   he's been with me usually, now he's out of town today.  So if

13   it's possible to do that, that would be much appreciated.  I

14   think it would serve us all.  We can wait and set the trial

15   date.  I heard in your previous hearing that you were talking

16   about you like to set those dates when you know that they can

17   stick.  It would be premature to try to set a trial date at

18   this time.  And so we'd ask you to move this 60 days down the

19   road.  Thank you.

20          THE COURT:  So, Mr. Boyd, just to make sure I

21   understand.  This is different.  So you're backing away from

22   the schedule proposed in your August 17th filing; is that

23   correct?

24          MR. BOYD:  Yes.  That's correct, Your Honor.  Counsel

25   feels that we really do need some time to be able to go over

1   this case and fully prepare it for you and for the -- while

2   it's ongoing, of course.  But we would like to have the 60-day

3   period to be able to regroup, Your Honor.

4           THE COURT:  Uh-huh.  Well, I think I understand your

5   request.  At this point, you're not up against any immediate

6   deadlines and wouldn't be --

7           MR. BOYD:  Correct.

8           THE COURT:  -- even if I were to schedule the case.

9   And my -- you know, I'll check with defendant and see.  If

10  they have no objection, we could push things back.  But my

11  inclination would be to schedule the case now and then to

12  revisit that should there be issues down the road that, you

13  know, you could move to modify the scheduling order should

14  anything come up that does require more time.  It seems

15  conceivable that that could be the case.  But, you know, I do

16  understand your request.

17          I'm not sure if defendants were expecting this or

18  not.  But let me just turn to defendants and perhaps they

19  share your view.  Mr. Dhillon, in your view, do you think we

20  should schedule this case as had been anticipated by

21  this -- by your filing and also, at the time, by plaintiffs'

22  filing or what are your thoughts on a 60-day push back?

23          MR. DHILLON:  Thank you, Your Honor.  We very much

24  believe that a case schedule should be set today, Your Honor.

25  This is very much a surprise to us.  As noted in our papers,

6

1   we had a lengthy meet and confer call last week with counsel,

2   multiple lawyers from the plaintiff's side, my firm with my

3   colleagues from Kirkland & Ellis.  It was a productive call.

4         We also had a second call yesterday to work through

5   the remaining issue on the procedure for expert disclosures.

6   And none of these issues were raised on that call either, Your

7   Honor.  So this is very much a surprise.

8         But I think Your Honor's comment that having a

9   schedule set today and to the extent an issue would arise in

10  the future, we can certainly revisit it as needed.  But from

11  our perspective, getting a trial date put in place and other

12  important dates will be very helpful in advancing this case in

13  an orderly and expeditious manner.

14        THE COURT:  Okay.  Thank you, Mr. Dhillon.  Just so

15  you know, as Mr. Boyd noted, I'm disinclined to set a trial

16  date at this point just because I do want to set one that

17  holds.  But I may set some other dates leading up to that.

18        Mr. Boyd, further thoughts?  I mean, as -- you know,

19  I wouldn't be setting a trial date today.  We'd just be

20  setting some other dates along the way.  It's quite possible

21  something may arise that would merit adjustment of that

22  schedule down the road.  But I don't know that I see a need to

23  push everything back 60 days now.  All other things being

24  equal, I want this case and every case to move along.

25        And I'm not sure -- I understand you're feeling -- I

1    mean, the ground has shifted beneath your feet in a big way

2    here and I think that's true on the other side as well.

3    Certainly I do understand, you know, defendants brought in

4    other counsel.  That was some time ago and significantly

5    before your last meet and confer.  So I just want to give you

6    a chance.  Anything else I should know that -- in terms of

7    reasons I should push this back a flat 60 days?

8         MR. BOYD:  Well, first, I appreciate that you're not

9    going to set a trial date today.  So that is helpful.  But at

10   the same time on the initial disclosures, Your Honor, they've

11   been submitting these reports that we really take issue with.

12   We think they're inaccurate in that they're not looking at the

13   entire cable, you know.  They're just looking at select

14   pieces.

15        And I don't want to go into the details on this, but

16   on the initial disclosures, I'd like you to make sure that you

17   don't set those initial disclosures before, say, May of 2024

18   so that we know that we have plenty of time to be able to

19   prepare the very best evidence for you.  We think that there

20   can be a lot of avoidance of spats, Your Honor, by going back

21   out there and really taking -- we're going to go from the

22   beginning -- from the end of that eight-mile cable all the way

23   down it and videotape the whole thing.  We're going to mark

24   all the places where there's any signs that the cable is

25   wearing.  And we're going to take photographs of that.  We're

1    that will be more likely to stick.  But I don't intend to in

2    any way suggest that there should be a general slowing or loss

3    of any urgency by not setting a trial date.  Is there -- help

4    me understand what the up side of setting a trial date -- I

5    mean, is it simply urgency in wanting to keep things moving

6    that favors a trial date in your view?

7            MR. DHILLON:  That's partly the case, Your Honor.

8    But I think in this case it's more really the context

9    surrounding how we got to this particular point.  We do have,

10   in the background, this specter created by some reporting and

11   the plaintiff filing this lawsuit that there's some issue with

12   the safety of these telecom cables.  We strongly disagree with

13   that, Your Honor, as we've explained in prior submissions.

14   And so from our perspective, it's important to have that issue

15   adjudicated sooner than later in light of the claims raised in

16   this case and the broader context surrounding the dispute.

17           THE COURT:  I have no problem with sooner rather than

18   later.  In fact, so the parties have been looking -- there's

19   some shift again in plaintiff's side, but the parties have

20   been looking for, I believe, a September trial date.  I think

21   that's feasible conceivably.  You know, but there are a few

22   things that may need to happen between here and then and, you

23   know, to the extent that that's possible, that that may

24   happen, seems like that could result in an adjustment.  I

25   mean, that's a pretty tight schedule.  I don't have a problem

1    been served.

2         THE COURT:  Thank you, Mr. Dhillon.  That's exactly

3    where I was going.  And I need evidence personal service could

4    not be completed and I need some form of a record before I can

5    authorize that.  So it's not something I can really do today.

6    But, yes, please go ahead with those submissions.  I'll take a

7    look and it may be something that I can do without further

8    need for a hearing.

9         Okay.  Mr. Dhillon, anything further on behalf of

10   defendant?

11         MR. DHILLON:  No, Your Honor.  Thank you.

12         THE COURT:  Okay.  Thank you all very much.  Nice to

13   see you.  Have a good rest of the day.

14         MS. KARIS:  Thank you.

15         MR. BOYD:  Thank you, Your Honor.

16    (The proceedings were concluded at 10:42 a.m.)

17

18         I, KAREN HOOVEN, Certified Shorthand Reporter and

19   court-approved transcriber, do hereby certify the foregoing

20   transcript as true and correct from the official electronic

21   recording of the proceedings in the above-entitled matter.

22

23   DATED:  15th of November, 2023    /s/  Karen Hooven
                                            KAREN HOOVEN, CSR, RMR, CRR

24

25