# EXHIBIT B

Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California 94104
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Third Party Witnesses
Below the Blue,
Marine Taxonomic Services, Ltd,
Seth Jones, and Monique Rydel-Fortner

Joshua Koltun ATTORNEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,

Plaintiff,

v.

PACIFIC BELL TELEPHONE COMPANY

Defendant.

Case No. 2:21-cv-00073-JDP

**OBJECTIONS AND RESPONSES TO SUBPOENAS TO BELOW THE BLUE, MARINE TAXONOMIC SERVICES, LTD., SETH JONES, and MONIQUE RYDEL-FORTNER**

PROPOUNDING PARTY: Defendant Pacific Bell Telephone Company

RESPONDING PARTY: Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner ("Witnesses")

**GENERAL OBJECTIONS**

1. Witnesses were previously unrepresented by counsel. Through Seth Jones they timely objected to the identical subpoenas requesting documents and things. Through the undersigned (recently engaged) counsel, Witnesses hereby supplement and clarify their objections and responses. The Witnesses' providing of information or production of documents is in the nature of a good faith attempt to resolve or narrow disputes with Defendant in no way constitutes a waiver of their objection

Joshua Koltun ATTORNEY

or any other objection, including but not limited to the objection that the Subpoena is annoying, oppressive, and served for an improper purposes.

2. Witnesses object to the Requests for Production to the extent that they seek information not relevant or material to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence in this action.

3. Witnessses object to the Requests for Production to the extent that they are overly broad, unreasonable in scope, unduly burdensome, oppressive and/or require unreasonable investigation or expense.

4. Witnesses object to the Requests for Production to the extent that they require Witnesses to obtain information beyond that in their possession, custody, or control.

5. Witnesses object to the Requests for Production to the extent that they seek information that is protected from disclosure by any privilege, including, but not limited to, the First Amendment reporter's privilege, attorney-client privilege and the attorney work product privilege.

6. Witnesses object to the Requests for Production to the extent that they are susceptible to an interpretation that makes them irrelevant, vague, ambiguous, overly broad, unreasonable in scope, and/or unduly burdensome.

7. Witnesses object to the Requests for Production to the extent that they seek information already in the possession of or available to Defendant from a more convenient source, including but not limited to documents or things produced by Plaintiff or by other third party witnesses.

Subject to the foregoing General Objections, which are hereby incorporated by reference into each of the following responses, Witnesses respond as follows:

Joshua Koltun ATTORNEY

***DOCUMENT REQUESTS***

*REQUEST NO. 1. All Documents related to Your experience or qualifications to perform sampling, testing, or analysis of lead-clad cables in water, soil, or aerial environments.*

RESPONSE: Witnesses object that the request is irrelevant, in that Witnesses will not be appearing as expert witnesses in the case. Witnesses further object that that the request is overbroad and unduly burdensome. Without waiving the foregoing objections, Witnesses respond that they will produce some general-purpose corporate documents discussing their capabilities and qualifications.

*REQUEST NO. 2: All Documents and Communications, including pictures and videos, concerning any sections of lead-clad cables removed from Lake Tahoe by You or other persons acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner.*

RESPONSE: Witnesses object that that the request calls for material that is subject to the First Amendment Reporter's privilege, insofar as it involves any documents or communications in connection with Witnesses' assistance to the Wall Street Journal ("WSJ") in gathering news to disseminate to the public, or to the Environmental Defense Fund ("EDF") in publishing a report to disseminate to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF or were communications with Defendant.

Witnesses respond that they will produce any reasonably accessible, nonprivileged documents or communications responsive to this request.

Joshua Koltun ATTORNEY

*Request No. 3: Documents and Communications concerning or discussing sampling, testing, data, analysis, research, permits, maps, or Studies relating to lead-clad cables at Lake Tahoe or elsewhere.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request., *provided* that Witnesses will withhold documents prepared in connection with the League to Save Lake Tahoe ("League"), so as to give notice to the League and an opportunity to assert any objections to production, in which case Witnesses will produce material insofar as such claims are resolved, by the Court or otherwise.

*Request No. 4: All Documents and Communications concerning or discussing permits requested or obtained by You or other persons acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test, cut or remove any sections of lead-clad cables in or from Lake Tahoe.*

RESPONSE: Witnesses respond that they do not possess any responsive documents.

*REQUEST NO 5. All Documents and Communications, including but not limited to any pictures, videos, or test results, relating to any "kiddie pool" used by You or other persons acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test lead-clad cables removed from Lake Tahoe or elsewhere.*

RESPONSE: Witnesses do not possess any documents communications responsive to this request.

*REQUEST NO 6. All Documents related to and Communications between You and any party described or otherwise referenced in the WSJ Articles, or Plaintiff or Plaintiff's counsel in the Lawsuit, concerning or discussing the WSJ Articles, the WSJ Investigation, any testing or analysis of lead-clad cables (including any draft reports) or the Lawsuit, including but not limited to the Environmental Defense Fund, Marine Taxonomic Services, Ltd., Wall Street Journal, Pace Analytical Services, Environmental Systems Research Institute, MCH Strategic Data, Quest Diagnostics, Pure Earth; Environmental Council of the State, Altec Testing & Engineering, Inc., RTI International, ALTA Environmental Corporation, Seth Jones, Monique Fortner, Jack Caravanos, Tom Neltner, Ben Grumbels, Bruce Nelson, Bryan Stolte, Jennifer Redmon, Braden Allenby, Gordon Binkhorst, James Winn, Dr. Phillip Landrigan, or any "environmental researchers."*

RESPONSE: Witnesses object that the request is vague and ambiguous, indeed, incomprehensible. Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, is not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public.



Joshua Koltun ATTORNEY

Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

*Request No. 7: All invoices for worked performed relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead-clad cables, including but not limited to work performed for any individuals or entities listed in Request No. 6.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request., *provided* that Witnesses will withhold documents prepared in connection with the League to Save Lake Tahoe ("League"), so as to give notice to the League and an opportunity to assert any objections to production, in which case Witnesses will produce material insofar as such claims are resolved, by the Court or otherwise.



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

*8. All Documents and Communications concerning or discussing the Lawsuit, the WSJ Investigation, the WSJ Articles or lead-clad cables at Lake Tahoe or elsewhere, including research, sampling, testing, data, analysis, drafts, reports, or Studies.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request., *provided* that Witnesses will withhold documents or communications in connection with the League, so as to give notice to the League and an opportunity to assert any objections it may have to the production of such material, in which case Witnesses will produce material insofar as such claims are resolved, by the Court or otherwise.

*REQUEST NO. 9. All Documents and Communications concerning the Marine Taxonomic Services and Below the Blue Lead Cable Investigation Report, available at https://belowtheblue.org/edfreport (the "EDF Report").*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

*REQUEST NO. 10: All Documents and Communications concerning the method by which sampling locations were selected at Lake Tahoe or other locations referenced in the WSJ Articles, including Documents and Communications relating to the statement in the EDF Report that "[s]ampling locations were chosen in part by their likelihood to show high lead levels."*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

*REQUEST NO 11: All Documents and Communications related to any research, sampling, testing, data, analysis, drafts, reports, or Studies You performed or collected for or on behalf of the Wall Street Journal or the Environmental Defense Fund, relating to lead, Lake Tahoe, the WSJ Articles, the WSJ Investigation, or the Lawsuit.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

*REQUEST NO. 12: All Documents or Communications related to statements about AT&T, Inc., any of its subsidiaries, or any current or former telecommunications company, referenced in the WSJ Articles.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

*REQUEST NO. 13: All Documents and Communications exchanged between You and any current or former employee of Defendant or AT&T, Inc. related to lead-clad cables.*

RESPONSE: Witnesses understand the request to be asking for documents or communications with persons who were, at the time of the document exchange or communications, employees of Defendant or AT&T. Witnesses respond that they will produce any reasonably accessible documents or communications responsive to this request.





Joshua Koltun ATTORNEY

*REQUEST NO. 14. All Documents and Communications concerning or discussing any agreement between You and any party relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead clad cables, including Plaintiff or any of Plaintiff's counsel in the Lawsuit, and any individuals or entities listed in Request No. 6.*

RESPONSE: Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request., *provided* that Witnesses will withhold documents or communications in connection with the League, so as to give notice to the League and an opportunity to assert any objections it may have to the production of such material, in which case Witnesses will produce material insofar as such claims are resolved, by the Court or otherwise..

Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

*REQUEST NO. 15: All Communications between You and any federal, state, or local governmental or regulatory agency related to or otherwise referencing the following: (i) the Lawsuit; (ii) the WSJ Articles; (iii) the WSJ Investigation; or (iv) lead-clad cables, including but not limited to their location, potential removal, environmental impact, or health effects.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible documents or communications responsive to this request, narrowed to those relating to Lake Tahoe.

Joshua Koltun ATTORNEY

*REQUEST NO. 16: All Documents or writings of any nature You have disseminated to any News Outlet regarding lead-clad cables.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request.

*REQUEST No. 17: All Documents prepared by You, for the benefit of You, or provided to You concerning any Study, research or investigation on the possible or actual adverse effects of lead-clad cables.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request.

Joshua Koltun ATTORNEY

*REQUEST NO. 18: All Documents and Communications relating to Your participation in or funding of any test or Study related to or otherwise concerning lead-clad cables.*

RESPONSE: Witnesses object that, to the extent the request calls for documents or communications that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for information that is irrelevant, not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public. Witnesses further object that the request is unduly burdensome and cumulative insofar as it calls for documents that have already been produced by EDF.

Witnesses respond that they will produce any reasonably accessible, non-privileged documents or communications responsive to this request., *provided* that Witnesses will withhold documents or communications in connection with the League, so as to give notice to the League and an opportunity to assert any objections it may have to the production of such material, in which case Witnesses will produce material insofar as such claims are resolved, by the Court or otherwise..



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

***TANGIBLE ITEMS FOR INSPECTION***

*REQUEST NO. 1. All samples or other tangible items on which You or any party acting at Your direction conducted any testing, analysis, evaluation, or investigation in connection with the WSJ Articles, the WSJ Investigation, or lead-clad cables.*

RESPONSE: Witnesses object that, to the extent the request calls for items that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for items that are irrelevant, are not calculated to lead to the discovery of relevant information, and are overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any items in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public.

*REQUEST NO 2. Any sections of lead-clad cable removed from Lake Tahoe or any other location by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel-Fortner.*

RESPONSE: Witnesses object that, to the extent the request calls for items that specifically concern anything other than the two lead-clad cables at issue in this case, the request calls for material that is irrelevant, is not calculated to lead to the discovery of relevant information, and is overbroad and unduly burdensome. Witnesses further object that that the request calls for material that is subject to the First Amendment Reporter's privilege, and is overbroad and unduly burdensome, insofar as it involves any documents or communications in connection with Witnesses' assistance to WSJ in gathering news to disseminate to the public or to EDF in publishing a report to the public.

*REQUEST NO. 3. Any "kiddie pool," or other container, used by You or anyone acting on Your behalf, including but not limited to Seth Jones and Monique Rydel Fortner, to test lead-clad cable.*

RESPONSE: Witnesses respond that they are not in possession of any such containers.

November 28, 2023

/s/
Joshua Koltun
Attorney for Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner



Joshua Koltun ATTORNEY

## CERTIFICATE OF SERVICE

I am over the age of eighteen years, and not a party to this action. My business address is: Joshua Koltun Attorney, One Sansome Street, Suite 3500, No. 500. San Francisco, CA 94104.

On November 28, 2023 I served:

**Below the Blue *et al*, Objections and Responses to Subpoena**

By sending a true copy of the document(s) listed above by email to:

NAVI SINGH DHILLON, navidhillon@paulhastings.com
HARIKLIA KARIS,hkaris@kirkland.com
MARK J. NOMELLINI, mnomellini@kirkland.com
JON KELLEY, jon.kelley@kirkland.com

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on November 28, 2023 at San Francisco CA.

____________/s/_______________

Joshua Koltun

Joshua Koltun ATTORNEY