NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
LUCAS V. GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Fax: (312) 862-2200

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-JDP<br><br>**PACIFIC BELL'S PRE-CONFERENCE DISCOVERY DISPUTE BRIEF**<br><br>Judge:　　　Hon. Jeremy D. Peterson<br>Date:　　　December 21, 2023<br>Time:　　　10:00 a.m.<br>Courtroom:　9<br><br>Action Filed:　January 14, 2021<br>Trial Date:　　None |

Defendant Pacific Bell Telephone Company ("Pacific Bell") respectfully submits this pre-conference brief pursuant to the Court's minute order of December 6, 2023. *See* Dkt. 89.

## I.     BTB HAS NOT COMPLIED WITH THE COURT'S ORDER.

On August 9, 2023, Pacific Bell served a third-party subpoena on BtB, seeking information regarding the work of BtB and its cofounders Seth Jones and Monique Rydel Fortner in developing Plaintiff's alleged supporting evidence for this case, among other matters. Plaintiff's counsel has called this work by Jones and Fortner "indispensable" and Plaintiff in recent discovery responses has made clear it is relying on environmental sampling conducted by Jones and Fortner in 2023.

The original August 23 deadline to respond to the subpoena passed without response from BtB. Pacific Bell made multiple efforts to confer with BtB, *see* Dkt. 65-16, but those attempts were unsuccessful and Pacific Bell filed a motion to compel, Dkt. 65. On November 9, the Court held a hearing which was attended by Pacific Bell and Jones. After observing that Pacific Bell's subpoena sought "relevant" information, the Court granted Pacific Bell's motion and gave BtB until November 30 to produce all responsive documents. Dkts. 80, 83.

Two days before the deadline, on November 28, BtB's new counsel for the first time filed belated objections and responses to the subpoena. Dkt. 88-3. The next day, BtB's counsel claimed that some of Jones's and Fortner's communications are privileged because of an alleged "oral agreement" between BtB and the *Wall Street Journal* (*Journal*), whereby BtB agreed to act as "reporters."[1] BtB's counsel has not provided any corroborating information for this claim. In fact, BtB's counsel says he does not know (a) when this alleged oral agreement was made, (b) with whom at the *Journal* it was made, or (c) the scope of the purported agreement. BtB itself does not hold itself out to the public as "reporters." Rather, BtB's website says it "is a registered 501(c)(3) nonprofit dedicated to removing debris from water bodies," and whose members individually are "scientists, artists, entrepreneurs, lawyers, and teachers." *See* https://belowtheblue.org/.

Despite this lack of evidence supporting its new claim of privilege, BtB filed a motion for an extension of time to both respond to the subpoena and file a motion for reconsideration. Dkt. 87. The Court granted the motion in part by giving BtB until December 7 to produce documents

---

[1] Contrary to BtB's assertion, Pacific Bell never served a subpoena on the Wall Street Journal.

PACIFIC BELL'S PRE-CONFERENCE BRIEF                    Case No. 2:21-cv-00073-JDP

1  to which there are no objections. Dkt. 90. The Court deferred resolution of BtB's other requests

2  until a December 21 discovery conference. *Id.*

3    BtB made two productions before the December 7 deadline. On December 4, it produced

4  a single, 2,270-page PDF file that counsel stripped of all metadata, and on December 6, it produced

5  a 173-page PDF file, again with metadata removed. In addition to the lack of metadata, there are

6  at least three problems with those productions. *First*, BtB withheld documents it was required to

7  produce under the Court's November 9 order, including documents related to its work at Lake

8  Tahoe in 2022 and 2023. *Second*, BtB also failed to produce documents as required by the

9  December 7 order, such as multiple communications with Plaintiff's counsel and at least 38

10  separate documents that directly relate to Lake Tahoe, and which Pacific Bell knows exist based

11  on other productions. *Third*, conspicuously absent from the productions were any text messages.[2]

12  **II. BTB'S REQUEST FOR RECONSIDERATION SHOULD BE DENIED.**

13    BtB requests an extension of time to file a motion for reconsideration, purportedly because

14  BtB now claims it assisted the *Journal* in reporting on lead-clad cables, thus making BtB de-facto

15  journalists. Dkt. 87 at 4. The Court should deny that request because BtB's attempt to delay these

16  proceedings has no merit and any motion for reconsideration would be futile.

17    Such a motion may be granted only when the movant identifies "new or different facts or

18  circumstances are claimed to exist which did not exist or were not shown upon such prior motion,"

19  and explains "why the facts or circumstances were not shown at the time of the prior motion." E.D.

20  Cal. L. R. 230(j). BtB satisfies neither requirement. *First*, BtB nowhere identifies any "new or

21  different facts or circumstances" post-dating the Court's November 13 order. *Id.* Indeed, all of the

22  facts relevant to BtB's privilege claim—including the alleged nature of its relationship with the

23  *Journal*—existed long before November 13, and were known to BtB when it could have asserted a

24  privilege in opposing Pacific Bell's motion. BtB cannot use a motion for reconsideration "to raise

25  arguments or present evidence for the first time when they could reasonably have been raised earlier

---

26  [2] BtB's counsel claims that Jones's and/or Fortner's cell phones—which productions from
27  others reveal they used to discuss lead cables from at least January 2021 through July 2023—may
  no longer exist. If BtB confirms that the phones or related data were destroyed, Pacific Bell submits
28  that discovery and an order permitting efforts to mitigate such data loss may be warranted. Pacific
  Bell is prepared to fund the use of a third-party collection vendor to secure a complete and
  forensically correct production of such documents and data that may still be recoverable.

PACIFIC BELL'S PRE-CONFERENCE BRIEF   Case No. 2:21-cv-00073-JDP

in the litigation." *Marlyn Nutraceutical v. Mucos Pharma*, 571 F.3d 873, 880 (9th Cir. 2009).[3]
*Second*, BtB has not sufficiently explained "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L. R. 230(j). BtB's only stated reason for not presenting a First Amendment argument to this Court sooner stems from its change of counsel.[4] That is no basis for granting reconsideration. "A party does not get the proverbial second bite at the apple simply because it obtains new counsel during the course of the litigation." *McCurdy v. Kernan*, 2021 WL 5822868, at *1 (E.D. Cal. 2021). Based on these failures alone, BtB's request should be denied.

Setting aside these procedural defects, BtB cannot plausibly claim that its communications with the *Journal* are privileged, and any such privilege has been waived. The *Journal* itself has not claimed that BtB acted as reporters on its behalf. If anyone would hold such a privilege it would be the *Journal*, but the *Journal* has remained silent, leaving BtB without standing to object as its purported agent. Jones and Fortner acted not as news reporters but instead as consultants who gathered environmental samples at various sites around the country. Indeed, they entered into a *written* agreement with the Environmental Defense Fund ("EDF") to do just that. Moreover, as BtB's counsel has conceded, EDF *waived* any reporter's privilege that might otherwise apply. Dkt. 88-1 at 2. Because Jones and Fortner contracted with EDF, any privilege they could assert is derivative of EDF's privilege, and thus was waived when EDF waived its privilege. Regardless, even if BtB could assert the reporter's privilege, the information should still be produced because it is (i) not confidential (BtB claims its work is for the public good), (ii) unavailable from other sources, (iii) noncumulative, and (iv) as this Court has already found, the information sought is "relevant." Dkt. 83; s*ee Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995).

The Court should therefore deny BtB's request for an extension of time to file a motion for reconsideration, and order BtB to provide complete production of all relevant documents.

---

[3]    In fact, BtB previewed its First Amendment objection via email on August 23, 2023—well before Pacific Bell filed its motion to compel—confirming that BtB *could* reasonably have raised its First Amendment argument to the Court earlier in the litigation.

[4]    Although Jones claimed at the November 9 hearing that he was not represented by counsel, he has since admitted—on penalty of perjury—that on August 26, 2023, he had "signed an engagement agreement for legal representation in this matter by the Vance Center for International Justice," Dkt. 87-1 at 2, and was advised by Alexander Papachristou, Esq.

1    Respectfully submitted,

2

3    DATED:  December 19, 2023                KIRKLAND & ELLIS LLP

4

5                                            By:  */s/ Hariklia Karis*
                                                  HARIKLIA KARIS

6
                                            Attorney for Defendant
7                                            PACIFIC BELL TELEPHONE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28