MATTHEW MACLEAR (State Bar No. 209228)
Email: mcm@atalawgroup.com
JASON FLANDERS (State Bar No. 238007)
Email: jrf@atalawgroup.com
ERICA A. MAHARG (State Bar No. 279396)
Email: eam@atalawgroup.com
J. THOMAS BRETT (State Bar No. 315820)
Email: jtb@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 MARTIN LUTHER KING JR WAY
OAKLAND, CA 94609
Tel: (415) 568-5200

[Additional counsel on p. 2]

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>        Defendant. | Case No: 2:21-cv-00073-JDP<br><br>**SUPPLEMENTAL DECLARATION OF MATTHEW C. MACLEAR IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>Hearing Date: January 11, 2024<br>Time: 10:00 a.m.<br>Courtroom: 9, 13th Floor<br>Magistrate Judge: Hon. Jeremy D. Peterson |

1

SUPPLEMENTAL DECLARATION OF MATTHEW C. MACLEAR ISO
MOTION TO AMEND SCHEDULING ORDER

ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
WILLIAM N. CARLON (State Bar No. 305739)
Email: wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

WILLIAM VERICK (State Bar No. 140972)
Email: wverick@igc.org
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061; Fax: (707) 630-5064

J. KIRK BOYD (State Bar No. 122759)
Email: jkb@drjkb.com
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500

BRIAN ACREE (State Bar No. 202505)
Email: brian@brianacree.com
LAW OFFICES OF BRIAN ACREE
331 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 505-6861

# DECLARATION

I, Matthew C. Maclear, declare as follows:

1. I am an attorney, licensed to practice law in all courts of the State of California. My firm, Aqua Terra Aeris Law Group ("ATA") and I serve as counsel for Plaintiff California Sportfishing Protection Alliance ("CSPA"). I have personal knowledge of the facts in this Declaration and, if asked, could and would testify to the accuracy of these facts in a court of law.

2. I offer this Supplemental Declaration to provide additional details in support of CSPA's Motion to Amend the Scheduling Order (ECF No. 85).

3. As stated in my previous declaration (ECF No. 85-2), it has taken CSPA several months to identify and retain appropriate, qualified experts and/or consultants to implement CSPA's planned investigation to provide additional support for its claims and to refute the investigations that Defendant conducted during the Consent Decree term.

4. From October to November, when I began working on finalizing agreements with potential consultants and experts, we had several unexpected setbacks.

5. For example, CSPA identified a qualified expert to prepare a sampling plan. Over the course of approximately five weeks, CSPA and the consultant discussed the scope of work, and the consultant began preparing a sampling plan. After that period, the consultant withdrew from the engagement agreement based on expedited scheduling and budgetary constraints.

6. Similarly, CSPA initially began working with a non-profit group of divers to conduct the sampling. Over the course of approximately six weeks, CSPA had discussions with the group's staff leadership regarding the sampling plan and logistics of the group implementing the plan. At the end of the weeks-long discussion, the group's Board of Directors determined it would not approve the work because of concerns about exposing the group and its staff in contentious and intrusive litigation and potential legal costs that the group would be required to incur as a result.

7. CSPA was not able to formally retain Dr. Binkhorst to begin working on this case until mid-October, because CSPA was working on obtaining funding for the work. Moreover, Dr. Binkhorst is not primarily in charge of preparing the sampling plan and will not be sampling himself.

8. As stated in my previous declaration, the California Department of Parks and Recreation ("DPR") requires a permit for certain types of sampling that CSPA intends to conduct in the two state parks covering a vast majority of locations where the underwater cables are located. ECF No. 85-2, ¶ 10. To clarify, sediment testing requires a permit. On November 3, 2023, an associate at ATA called DPR and was told that a permit would take approximately 90 days to process.

9. I have reviewed the number of documents produced by Environmental Defense Fund, Beyond the Blue, and Marine Taxonomic Services in response to Defendant's third-party subpoenas. Collectively, these organizations have produced approximately 2,000 documents, totaling over 10,000 pages..

10. On December 8, 2023, my colleague, Erica Maharg, sent a 30-page letter signed by me to Defendant's counsel detailing issues with the objections and responses to Defendant's responses Plaintiff's requests for admission, interrogatories, and requests for production of documents. The letter asked Defendant's counsel to schedule a time to discuss the disputes and to respond by December 15, 2023, noting that "[g]iven the current schedule in this case, it is important that this meet and confer process proceed quickly . . .." Defendant has not yet responded to the letter.

I swear under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. This declaration was executed on December 21, 2023 in Oakland, California.

                                                       s/ Matthew C. Maclear
                                                     Matthew C. Maclear