Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Third Party Witnesses
Below the Blue,
Marine Taxonomic Services, Ltd,
Seth Jones, and Monique Rydel-Fortner

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>      Plaintiff,<br>v.<br><br>PACIFIC  BELL TELEPHONE COMPANY<br><br>      Defendant | Case 2:21-cv-00073-JDP<br><br>**DECLARATION OF JOSHUA KOLTUN** |

I, Joshua Koltun, declare as follows:

1. I am counsel of record for Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd., Seth Jones and Monique Rydel-Fortner, which I will refer to hereafter, collectively as "BTB/MTS." I first spoke to Jones on November 22, the day before Thanksgiving, and agreed to act as counsel for BTB/MTS. I am not cocounseling with the Vance Center and have had no dealings with them.

2. Since being engaged I have been working diligently to protect BTB/MTS's claim of privilege while at the same time seeking to produce all responsive nonprivileged documents. Specifically:

    a. I am a solo practitioner. I have no associates or paralegals. I worked through the Thanksgiving holiday to get on top of a veritable fire-hose of information. I reviewed documents and interviewing my clients to understand the nature of the potentially responsive documents and the facts and circumstances that surrounded the creation of those documents and communications. I am an experienced First Amendment litigator and immediately recognized that there is a large category of documents that are subject to the First Amendment Reporters Privilege.

    b. On November 24, the day after Thanksgiving, I sent defense counsel an email introducing himself as representing all four BTB/MTS witnesses, and proposed that, now that BTB/MTS had obtained counsel, that AT&T stipulate to give MTS a brief opportunity to respond to the various subpoenas so that the parties could expeditiously meet and confer and determine what disputes existed and present any such disputes to the Court. I indicated that I was available during the rest of Thanksgiving and could make myself available through the Christmas holidays. Alternatively, I proposed that I would move for reconsideration of this Court's order compelling production, and asked to meet and confer on that motion. DE 88-1 Exh. A.

    c. Defense counsel did not respond at all until Tuesday afternoon, November 28, at which point they proposed talking the next day. That same evening I sent formal objections and responses to the subpoenas on behalf of the BTB/MTS. DE 88-1 Exh B. The next

1  morning (the 29th) I and defense counsel met and conferred by Zoom call and followed
2  up by email.
3      d. Defense counsel did not give an inch of courtesy.  They declined to extend the deadline
4  for BTB/MTS to produce documents (the next day), declined to extend the time to file
5  a response to an OSC to MTS in the Southern District, also due the next day.  They
6  declined to stipulate that all matters concerning discovery from the MTS entities (ie.
7  the identical subpoenas to the same corpus of documents) be consolidated in this Court.
8  They did not indicate whether they would oppose an extension of time for Below the
9  Blue to file its Motion to Reconsider[1], and declined to agree that BTB/MTS's time to
10 respond to documents as to which it had tendered an objection would be tolled until
11 such motion was resolved.
12     e. So I, in short order (i) filed a motion for extensions of time with the Court, (ii) a
13 motion in the Southern District to consolidate the proceeding concerning an identical
14 subpoena to MTS in this Court, (iii) worked with BTB/MTS to make the massive
15 production of documents, software files and videos as to all matters as to which there is
16 no objection.
17     f. After meeting and conferring with defense counsel concerning issues of ESI and
18 electronic searching, BTB/MTS is engaging a third party vendor to assist with the
19 document production and ESI.
20     3. On July 27, AT&T sent the Wall Street *Journal* a subpoena for documents concerning
21 its reporting on lead-clad cables, along with a lengthy letter purporting to rebut the *Journal's*
22 reporting and demanding the production of information, "beginning with the *Journal*'s testing at Lake
23 Tahoe ***and elsewhere***" (emphasis added). I attach hereto as ***Exhibit A*** a true and correct copy of that
24 letter and subpoena.  AT&T later attempted to serve the *Journal* with the subpoena, but withdrew it

---

[1] I subsequently realized that I was mistaken in thinking that I faced a 28 day deadline to file the motion to reconsider, since the Order to Compel is interlocutory rather than final.  Fed.R.Civ.P. 54(b).

shortly thereafter.

4. AT&T has contended in in the meet-and-confer sessions we have held that EDF's disclosure of certain information that it had not published in its report constitutes a "subject matter" waiver of all related information concerning lead-clad cables held by EDF, BTB/MTS, or the *Journal*.

5. I have consulted with Matthew Maclear of Plaintiff's counsel, who has confirmed that Plaintiffs do not contest BTB/MTS claim of Reporter's Privilege.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 4, 2024 at San Francisco, California.

Joshua Koltun