Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California 94104
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Third Party Witnesses
Below the Blue,
Marine Taxonomic Services, Ltd,
Seth Jones, and Monique Rydel-Fortner

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>Defendant. | Case No. 2:21-cv-00073-JDP<br><br>**[PROPOSED] ORDER GRANTING MOTION TO RECONSIDER AND PROTECTIVE ORDER** |

1  The Motion by Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner (hereinafter, collectively, "BTB/MTS"), to partially reconsider this Court's Order to Compel (DE 80), and for a protective order, came on for hearing on January 25 2024.

Upon consideration of the briefs, arguments and evidence in support of and in opposition to the motion the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1. It is appropriate for the Court to partially reconsider its order to compel with respect to BTB/MTS's claim of privilege, because BTB/MTS raised its objection but was unable to litigate it until it secured the undersigned counsel.  The Reporter's Privilege is "[r]ooted in the First Amendment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) ("*Shoen I*").  First Amendment rights can only be deemed waived "upon clear and convincing evidence that the waiver is knowing, voluntary and intelligent." *Leonard v. Clark*, 12 F.3d 885, 889 (9th Cir. 1993).  BTB/MTS timely asserted its objections to producing documents but was unable to litigate them until now because – through no fault of its own -- it was unable to secure counsel that could litigate the issue.  *Palandjian v. Pahlavi*, 103 F.R.D. 410, 413 (1984) (reporter who "attempted, however inartfully" to assert the privilege did not waive it).  The motion to compel was granted because, without counsel, BTB was unable to oppose it and present the facts and arguments that it now presents for the first time.

2. BTB/MTS is entitled to invoke the Reporter's Privilege with respect to the assistance they gave to the Wall Street *Journal* in gathering news to disseminate to the public, and to the Environmental Defense Fund, in publishing a report to the public.  Anyone who intends to publish information to the public is a "reporter" and may invoke the Reporter's Privilege.  *Shoen I*, 5 F.3d at 1293.  The "reporter" need not have any association with the mainstream media. *Id.* The purpose of the privilege is to protect "the free flow of information to the public." *Id.* at 1292.  BTB/MTS is a reporter, because it had "the intent to use material - sought, gathered or received - to disseminate information to the public and … such intent existed at the inception of the newsgathering process." *Id.* at 1293-94; DE 65-14 (Request 9, referring to BTB/MTS published report).

3. BTB/MTS's reporter's privilege covers all information that was not published in the respective reports.  *Shoen I*, 5 F.3d at 1295.  AT&T's contention that that EDF's disclosure of certain information that it had not published in its report constitutes a "subject matter" waiver of all

- 1 -

1  information concerning lead-clad cables held by EDF, BTB/MTS, or the *Journal,* is unsound, and

2  flies in the face of the essence of the Reporter's Privilege: to protect ***unpublished*** information.  The

3  doctrine of "subject matter waiver" which comes from the attorney-client context, is inapplicable to

4  the Reporter's Privilege.  *Damiano v. Sony Music Ent., Inc.*, 168 F.R.D. 485, 499 (D.N.J. 1996).

5  *Michael v. Estate of Kovarbasich*, , 2015 U.S. Dist. LEXIS 168901, at *12 (C.D. Cal. Dec. 11, 2015).

6        4.  AT&T has not shown that this is an "exceptional" case in which the Reporter's

7  Privilege can be overcome. To overcome BTB/MTS's privilege, AT&T must show that the requested

8  material is "(1) unavailable despite exhaustion of all reasonable alternative sources; (2)

9  noncumulative; and (3) clearly relevant to an important issue in the case."  *Shoen v. Shoen*, 48 F.3d

10 412, 416 (9th Cir. 1995) (*Shoen II).*  That is a heavy burden, designed to "prevail in all but the most

11 exceptional cases."  *Id.*  AT&T has not met that burden.

12       THEREFORE, IT IS HEREBY ORDERED that BTB/MTS shall be protected against

13 production or disclosure of any documents or unpublished information concerning their assistance to

14 the *Journal* in gathering news to disseminate to the public or to the Environmental Defense Fund in

15 publishing a report to the public.

16 SO ORDERED.

_____
The Honorable Jeremy D. Peterson
United States Magistrate Judge