# **EXHIBIT 1**

**[DRAFT]**

## STIPULATION AND AGREEMENT BETWEEN AND AMONG PACIFIC BELL TELEPHONE COMPANY, BELOW THE BLUE, MARINE TAXONOMIC SERVICES, INC., SETH JONES, AND MONIQUE FORTNER REGARDING INSPECTION, REVIEW AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION

On this [ ] day of December 2023, Pacific Bell Telephone Company ("Pacific Bell"), Below the Blue, Marine Taxonomic Services, Inc., Seth Jones, and Monique Fortner (collectively, "Below the Blue" and together with Pacific Bell, the "Parties"), by and through their respective authorized counsel, hereby stipulate and agree to the following terms and conditions to govern and facilitate the inspection, review, logging, and production of Below the Blue's electronically stored information (the "Protocol"):

1. No later than _____, the Parties shall jointly select an Independent Expert. The Independent Expert shall sign a Nondisclosure Agreement in the form attached to this Protocol as Exhibit A, or a substantially similar form.

2. No later than _____, Below the Blue shall make available to the Independent Expert for inspection and forensic imaging all computers and mobile devices used by Seth Jones or Monique Fortner for, in connection with, or related to any work for Below the Blue or Marine Taxonomic Services at any time between January 1, 2020 to the present, or belonging to Seth Jones and Monique Fortner at any time between January 1, 2020 and the present (collectively, the "Below the Blue Devices"). All information stored on or accessible through the Below the Blue Devices shall be known as the Below the Blue ESI. Below the Blue shall cooperate with the Independent Expert to facilitate access to the Below the Blue ESI.

3. The Independent Expert shall create forensic mirror images of the computers and mobile devices referenced in paragraph 2. Once the mirror images are created, the Independent Expert shall return the original computers and mobile phones to the individuals or entities who provided them.

4. On August 4, 2023, Pacific Bell issued a subpoena to Below the Blue, attached as Exhibit B hereto, requesting certain information. The Independent Expert shall examine the mirror images of the computers and mobile phones referenced in paragraph 3 and shall determine what documents are responsive to the Subpoena ("Below the Blue Responsive ESI"). Below the Blue ESI determined not to be responsive to the subpoena shall be referred to as "Below the Blue Non-Responsive ESI." The Independent Expert may use search terms agreed to by the Parties to identify Below the Blue Responsive ESI. Absent agreement between the Parties on search terms, the Independent Expert may independently select any methods they deem appropriate to identify Below the Blue Responsive ESI. For categories of information not amenable to search terms (including but not limited to photos), the Independent Expert may independently select any methods it deems appropriate to identify Below the Blue Responsive ESI. Any Party may suggest additional searches to the Independent Expert, provided that the requested information falls within the scope of Exhibit B.

5. The Independent Expert shall identify and produce to the Parties (i) Below the Blue Responsive ESI dated between January 1, 2020 and March 12, 2022; and (ii) Below the Blue Responsive ESI dated between July 9, 2023 and November 21, 2023 ((i) and (ii) are collectively referred to as "Below the Blue Responsive Non-Privileged ESI").  The Below the Blue Responsive Non-Privileged ESI shall be immediately produced by the Independent Expert to the Parties, with the metadata fields and other information required in the Specifications for the Production of Documents, attached as Exhibit C.

6. The Independent Expert shall identify and provide to counsel for Below the Blue for privilege review: (i) Below the Blue Responsive ESI dated between March 13, 2022 and July 9, 2023; and (ii) Below the Blue Responsive ESI dated between November 22, 2023 and present ((i) and (ii) are collectively referred to below as "Below the Blue Responsive Allegedly Privileged ESI").  Within 7 days of the Below the Blue Responsive Allegedly Privileged ESI being identified and provided to counsel for Below the Blue, counsel for Below the Blue shall provide a privilege log with the fields and information identified in Exhibit D for any documents claimed to be privileged.  Any Below the Blue Responsive Allegedly Privileged ESI which counsel for Below the Blue does not include on such a privilege log within 7 days shall be immediately produced by the Independent Expert to the Parties.

7. Only employees of the Independent Expert who sign the Non-Disclosure Agreement attached as Exhibit A may view Below the Blue Non-Responsive ESI.

8. Only employees of the Independent Expert who sign the Non-Disclosure Agreement attached as Exhibit A may view Below the Blue Responsive Allegedly Privileged ESI, unless and until those documents are ordered by a Court to be produced or are not included on a privilege log within 7 days of being identified by the Independent Expert.

9. No such employee of the Independent Expert shall view any of the Below the Blue ESI, however, until and unless that employee has been provided a copy of this Protocol and executes in writing a Non-Disclosure Agreement in the form attached hereto as Exhibit A or a substantially similar form, evidencing such person's understanding of and agreement to be bound by the terms and conditions of this Protocol and the Non-Disclosure Agreement. Executed copies of this Protocol and the Non-Disclosure Agreements shall be maintained by the Independent Expert and counsel for the Parties.

10. The Parties agree that inadvertent production of documents or information subject to any applicable privilege, including but not limited to the journalistic privilege, the attorney-client privilege or the work product doctrine, despite reasonable efforts to screen such documents and information prior to production, does not waive such applicable privilege or protection, provided a request for return of such documents or information is made promptly upon learning of such inadvertent production.  Upon being notified by either the producing party or the party that holds the privilege of such inadvertent disclosure, counsel for the receiving party shall promptly request in writing that all other parties return, destroy, or sequester the documents and all summaries or related documents that contain any of the information in the inadvertently produced documents.  The receiving party shall return, sequester, or destroy all copies of such documents within five (5) business days of such notice and certify such return,

sequestration, or destruction in writing to the producing party. If the claimed privilege or doctrinal protection is challenged by the receiving party, a meet and confer shall occur between the parties before such dispute is brought before the Court. At a minimum, the contested documents will be treated as though privileged (<u>i.e.</u>, the contested documents shall be sequestered and shall not be read or used in this proceeding or otherwise except as part of a sealed, <u>in camera</u> submission to the Court to resolve any good faith disputes regarding whether the materials are in fact privileged) by all parties until a determination is made by the Court. Such <u>in camera</u> filing may be initiated either by the party asserting the privilege or at the request of the party challenging the privilege, but in either instance, the contested documents shall be provided to the Court for the <u>in camera</u> review by the party asserting the privilege.

11. The Independent Expert shall serve as an officer of the Court. Thus, to the extent the Independent Expert has direct or indirect access to information protected by the journalistic privilege, the attorney-client privilege or the attorney work product doctrine, such disclosure will not result in any waiver of the privilege or protection.

12. Except as provided in paragraph 13, Pacific Bell shall pay 100% of all fees and costs reasonably necessary for the Independent Expert to perform the services described herein.

13. Any fees and costs above $100,000, total, must be approved in advance by Pacific Bell. Further, any fees and costs associated with preparing a privilege log shall be paid by Below the Blue. To the extent Below the Blue chooses to request the Independent Expert's assistance in preparing a privilege log, any fees and costs associated with the Independent Expert's work on the privilege log shall be paid by Below the Blue.

14. For purposes of enforcement of this Protocol, the parties submit to the jurisdiction of Judge Jeremy D. Peterson of the United States District Court for the Eastern District of California, in *California Sportfishing Protection Alliance v. Pacific Bell Telephone Company*, Case No. 2:21-cv-00073.

15. This Protocol shall continue in effect until otherwise agreed to by the parties in writing or ordered by the Court. This Protocol may be modified in part or entirely by written agreement of the Parties hereto or upon application to and entry of an order by the Court.

16. Each of the undersigned represents that he or she has been duly authorized to execute this Protocol on behalf of his or her respective clients.