# **EXHIBIT 4**

**From:** Karis, Hariklia <hkaris@kirkland.com>
**Sent:** Friday, December 15, 2023 4:47 AM
**To:** Joshua Koltun <joshua@koltunattorney.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; Meier, Peter C. <petermeier@paulhastings.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Joshua,

Thank you for your email seeking to respond to the issues I raised with your clients' document production. Unfortunately, the description of the reason you chose to convert the produced files into a single PDF does not resolve the issue and, on its face, does not comply with the requirement contained in the Federal Rules and Pacific Bell's subpoena that BtB produce responsive documents as they are stored in the ordinary course.

The admission that you altered the format of every document produced—and in a way that *removed* all metadata and other necessary information from those documents—only confirms that you have not complied with these requirements. As you are undoubtedly aware, counsel for a party cannot unilaterally alter the format of documents prior to production, which is precisely why courts have found that producing emails and other electronics documents as PDFs (let alone as a single PDF, thousands of pages long) is not permitted. Respectfully, we do not need the "roadmap of the file structure and contents of this production" you say you are working to create. Instead, you need only simply produce the files in their native format, which will enable us to run searches using metadata and other information already included in the native versions of the files themselves. For these reasons, we again request that BtB's production be immediately provided in the native format in which these documents are ordinarily maintained with their associated metadata.

Your email also raises new and equally significant concerns about data preservation and potential spoliation issues.

First, please explain what you mean by "the cellphones from the relevant time period . . . no longer exist." What happened to the phones to cause them to "no longer exist"? Were the phones destroyed, and if so, by whom and when? Why were they destroyed, if that's what happened? Did anyone give your clients permission to discard or destroy the phones and if so, who gave such permission?

Second, to what time period are you referring? Are you suggesting no phone records exist between 2020 and early 2022? As you can imagine, this is a critical timeframe in the lifespan of a case that your clients are in large part responsible for instigating, and any records in your clients' possession from that period are highly relevant and important to obtain.

Third, in whose name, specifically, were the phones at issue? Given your representation of multiple clients in this case, it is unclear to whom you are referring.

Fourth, were the phone numbers for these individuals abandoned, or was the phone changed and the number transferred to a different phone? The attached documents produced by the Environmental Defense Fund reflect text messages sent from the cell phones of Mr. Jones (+1-858-232-1958) and Ms. Fortner (+1-858-349-4503) to Tom Neltner in July of this year. We are also aware that Mr. Jones and Ms. Fortner had the same phone numbers at least as early as January 2021. Given that these numbers were being used by Jones and Fortner as recently as July, are you alleging that these cell phones are now among those that "no longer exist"?

Given that potentially critical evidence located on the phones that you contend no longer exists, please confirm that your clients will consent to Pacific Bell serving a subpoena for the relevant phone company (or companies) seeking relevant evidence and related information.

Fifth, you also haven't responded to the other questions posed in my email, namely:
1. Who collected these documents and who determined what documents were responsive?
2. What is the universe of sources and custodians searched, including specific email addresses and phone numbers?
3. Were hard-copy documents collected and searched?

Finally, Pacific Bell's subpoena included a request that BtB provide a privilege log for any documents it claims are privileged. You have made clear that BtB has withheld a significant volume of documents based on the purported "reporters privilege." When will BtB provide its privilege log?

We are available to confer this weekend or Monday between 10 a.m. to 1 p.m. Please confirm if the proposed times work.

Carrie

**Carrie Karis, P.C.**

------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2330  **M** +1 847 525 6908
**F** +1 312 862 2200

hkaris@kirkland.com

---

**From:** Joshua Koltun <joshua@koltunattorney.com>
**Sent:** Sunday, December 10, 2023 1:29 PM
**To:** Karis, Hariklia <hkaris@kirkland.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Meier, Peter C. <petermeier@paulhastings.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Dear Carrie:

I converted those documents that could be converted into PDFs, so that we could make a bates stamped production of documents.  This created an easily searchable document and will enable us to specify documents in any discussion we may have.  We are working on creating a roadmap of the file structure and contents of this production that will assist defense counsel in reviewing documents and in any discussion we may have concerning this production.  My understanding is that the cellphones from the relevant time period (i.e. excluding the time during which my clients were working with the Journal and EDF, as to which we claim privilege) no longer exist.  My clients are trying to determine whether there is any place were such old text messages might still exist.

I can generally be available this week from Wednesday to Friday, although I'd appreciate if you would offer me more than one time because something may come up.

Best regards,


**Joshua Koltun** ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

---

**From:** Karis, Hariklia <hkaris@kirkland.com>
**Sent:** Wednesday, December 6, 2023 8:33 PM
**To:** Joshua Koltun <joshua@koltunattorney.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Meier, Peter C. <petermeier@paulhastings.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Joshua,

First, I don't think it is worth debating what relief you requested from the Court and what orders remain in effect. The Court will ultimately decide.

Second, the Court's November 9 Order is clear: BtB was required to "produce all documents called for by the Subpoena" by no later than November 30.  That did not happen even though the Order is still in effect, and we made clear during our call that Pacific Bell was not agreeing to an extension. As a result, BtB is in violation of the Order.  The documents and other responsive material you refer to as "privileged" and "irrelevant," and that you refuse to produce, are the same documents the

Court Ordered BtB to produce by November 30.

Third, even the limited production made by BtB and MTS violates the Federal Rules.  Not only was this initial production untimely -- made five days *after* the deadline imposed by the court --  but the produced materials were inexplicably produced as a single PDF, disregarding the format specified in the subpoena as well as the standard required by the Federal Rules of Civil Procedure.  The subpoena specified that responsive documents were to be produced "as they are kept in the usual course of business."  Rule 45 provides that "[i]f a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. Pro 45 (e)(1)(B).

A single PDF combining multiple unrelated pages is not the way documents are maintained in the ordinary course of business and creates significant problems that the instructions in the subpoena and the Federal Rules were meant to avoid.  As an example, the production of multiple unrelated pages together in one PDF removes any ability to determine relationship, order, and sequencing of any of the documents contained within the PDF.  Loading a large PDF into a database and then searching for information is also cumbersome. Further, documents produced in one large PDF have no useable metadata pertaining to the underlying documents contained within the PDF. Courts have repeatedly found that producing emails and other electronics documents as PDFs (let alone as a single PDF, thousands of pages long) is not permitted.  *See, e.g.*, *Abbott Labs. v. Adelphia Supply USA,* 2019 WL 3281324 (E.D.N.Y. 2019) (recommending sanctions and a default judgment against a party in part because they produced emails and invoices in a single, unusable, 1,941 page PDF file); *Johnson v. Italian Shoemakers, Inc.*, 2018 WL 5266853, at *2 (W.D.N.C. Oct. 23, 2018) (granting motion for sanctions after plaintiff repeatedly produced emails in PDF format, which "is not how emails are kept in the ordinary course of business"). BtB's production should be immediately provided in the native format in which these documents are ordinarily maintained with their associated metadata.

Moreover, we have significant concerns about the selection and production process of even the narrow subset of documents BtB unilaterally selected for its untimely production.  The following is a non-exhaustive list of basic questions:
1. Who collected these documents and who determined what documents were responsive?
2. What is the universe of sources searched, including specific email addresses and phone numbers?
3. Why are no text messages included?
4. Where hard-copy documents collected and searched?
5. Who compiled the collected documents into a PDF and why?

Please provide a time you are available to meet and confer concerning these issues.

Regards,

Carrie

**Hariklia ("Carrie") Karis, P.C.**
--------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2330  **M** +1 847 525 6908
**F** +1 312 862 2200

hkaris@kirkland.com

---

**From:** Joshua Koltun <joshua@koltunattorney.com>
**Sent:** Tuesday, December 5, 2023 5:53 PM
**To:** Karis, Hariklia <hkaris@kirkland.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Meier, Peter C. <petermeier@paulhastings.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Dear Carrie:

I find your email both mystifying and offensive.  I don't understand how you can contend that "your papers with the Court do not seek relief for the production obligations that the Court required."

In any event, my clients have been making their best efforts to collect and produce documents in an orderly fashion, subject to their efforts to obtain an adjudication of their objections.  Defendant's cursory reference in its opposition to the fact "a few documents" were produced (DE 88 at 4) is highly misleading.  Thousands of pages of documents were produced, as well

as extensive geolocation information, and some additional such data will be produced tomorrow.  Defendant will be fully able to conduct the independent investigation of lead-clad cables in Lake Tahoe that it claims it wishes to conduct.

The remainder of what Defendant is now seeking is not only privileged but irrelevant to the case before the Court.  Please let me know whether you wish to proceed with your efforts to have a third party vendor gain access to that material.  My clients will oppose.

**Joshua Koltun** ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

---

**From:** Karis, Hariklia <hkaris@kirkland.com>
**Sent:** Saturday, December 2, 2023 4:56 AM
**To:** Joshua Koltun <joshua@koltunattorney.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Meier, Peter C. <petermeier@paulhastings.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Joshua,

Following up on our discussion earlier this week, as you are aware, the Court's November 9 Order required Below the Blue ("BtB") to produce "all documents called for by the Subpoena by no later than November 30, 2023."  BtB has not produced any documents by this Court-imposed deadline.  No stay of the Order has been entered and during our call, we were very clear that we did not and would not agree to an extension. Why Mr. Jones had still not provided the documents to you when we spoke on Tuesday remains of concern and a topic for discussion with the Court at the appropriate time. In short, BtB is currently in violation of the Order. Moreover, your papers with the Court do not seek relief for the production obligations that the Court required – in addition to misstating some key facts that we will address in due course.

Please be advised that, as a result of the initial delay and now violation of the Court's order, we intend to ask the Court to permit collection of BtB's files by an independent third-party e-discovery vendor to facilitate compliance with the Order.  Pacific Bell is willing to pay for this collection service.

We suggest four independent companies that specialize in document collection, below.  As soon as possible, but no later than COB on December 5, please let us know which of these companies BtB agrees on to conduct the collection for purposes of compliance with the Order.

1. Alvarez & Marsal
2. Deloitte
3. AlixPartners
4. Ankura

Absent agreement by that date, we will request that Alix Partners conduct the collection.  We intend to ask the Court to order this collection as soon as possible. Please advise if you wish to discuss this matter any further. We too will make ourselves available over the weekend, if that is necessary, to advance this critical discovery issue.

Regards,

Carrie

**Hariklia ("Carrie") Karis, P.C.**
-----------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2330  **M** +1 847 525 6908
**F** +1 312 862 2200

hkaris@kirkland.com

**From:** Joshua Koltun <joshua@koltunattorney.com>
**Sent:** Friday, December 1, 2023 7:11 PM
**To:** *navidhillon@paulhastings.com <navidhillon@paulhastings.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Counsel, if you wish to talk over the weekend let me know and I will make myself available.  Have a good weekend

Joshua Koltun ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

**From:** Dhillon, Navi <navidhillon@paulhastings.com>
**Sent:** Friday, December 1, 2023 3:51 PM
**To:** Nicholas Cannarozzi <NCannarozzi@caed.uscourts.gov>; Joshua Koltun <joshua@koltunattorney.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Nomellini, Mark J. <mnomellini@kirkland.com>
**Subject:** RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Hi Nic

On 1, defense counsel will confer with Mr. Koltun on scheduling on the pre-discovery conference.

On 2, defense counsel will be filing an opposition to the extension request.

Thank you and have a nice weekend.

Best regards



**Navi Dhillon | Partner**
O: 415.856.7080 | M: 415.203.8805

**From:** Nicholas Cannarozzi <NCannarozzi@caed.uscourts.gov>
**Sent:** Friday, December 1, 2023 3:44 PM
**To:** Joshua Koltun <joshua@koltunattorney.com>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; Dhillon, Navi <navidhillon@paulhastings.com>; Nomellini, Mark J. <mnomellini@kirkland.com>
**Subject:** [EXT] RE: Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

Good afternoon,

Are the parties requesting the matter be set for another pre-discovery motion conference?  If so, we would have 12/14, 12/21 and 12/28 as our next three available.  All at 10:00 a.m. via Zoom.  As to your ex parte motion for an extension of time, will defense counsel be filing a response to that request?  Thanks.

### Nic Cannarozzi

Courtroom Deputy to the
Honorable Jeremy D. Peterson and
the Honorable Edmund F. Brennan
United States District Court
501 I Street, Suite 4-200
Sacramento, CA 95814
916.930.4172

---

**From:** Joshua Koltun <joshua@koltunattorney.com>
**Sent:** Friday, December 1, 2023 12:08 PM
**To:** Nicholas Cannarozzi <NCannarozzi@caed.uscourts.gov>
**Cc:** Kelley, Jon David <jon.kelley@kirkland.com>; Karis, Hariklia <hkaris@kirkland.com>; *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Nomellini, Mark J. <mnomellini@kirkland.com>
**Subject:** Scheduling Informal Conference in 2:21-cv-00073 California Sportfishing Protection Alliance v. Pacific Bell Telephone Company

**CAUTION - EXTERNAL:**

Dear Mr. Cannarozzi:

I am newly-engaged counsel, (as of 11/22) for Third Party Witnesses Below the Blue, who has previously been unrepresented in this action.  On 11/24 I emailed counsel for defendants in this matter asking to meet and confer.  (Note that this was during the Thanksgiving holiday).  On 11/28 I received a response and we scheduled a meet and confer Zoom call the morning of 11/29 (8 am), on a variety of issues and deadlines. Later that day I filed with the court an Administrative Motion for Extensions of Time; that filing contains more details about the meet and confer session.  Dkt 87 at 2-3.

One upshot of the meet and confer is that Beyond the Blue wishes to file a motion to reconsider (in part) this Court's Order granting motion to compel (Dkt 80).  That motion to reconsider will be due on December 7 (unless the Court grants the requested extension) The Zoom call ended after an hour, and I understood that we would be exchanging potential times to propose for the informal conference with the Court pursuant to its procedures for discovery motions.  Later on the morning of 11/29 I sent defense counsel proposed times for such a conference but I have not heard back from them.   I am copying them on this email.

Speaking for myself, I can make myself available anytime next week, although I note that, in the absence of an extension of time my date to file the motion is December 7.

Thank you for your assistance with scheduling such a conference.

### Joshua Koltun ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.