Navi Dhillon (SBN 279537)
navidhillon@paulhastings.com
Deborah Schmall (SBN 112052)
deborahschmall@paulhastings.com
Lucas Grunbaum (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Hariklia Karis (*admitted pro hac vice*)
hkaris@kirkland.com
Robert B. Ellis (*admitted pro hac vice*)
rellis@kirkland.com
Mark J. Nomellini (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-CV-00073-JDP<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>Magistrate Judge: Hon. Jeremy D. Peterson<br><br>Complaint Filed: January 14, 2021 |

**IT IS HEREBY STIPULATED** by and between plaintiff California Sportfishing Protection Alliance ("CSPA") and defendant Pacific Bell Telephone Company ("Pacific Bell") (together, the "Parties" and each a "Party"), by and through their respective counsel of record, to facilitate the exchange of information and documents that may be subject to confidentiality limitations or disclosure due to federal laws, state laws, and/or privacy rights including, but not limited to, information involving trade secrets, confidential business, financial or personal information and information protected by California's constitutional and common law right to privacy, or under other provisions of California law or other applicable law. The Parties stipulate as follows:

  1. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means Case No. 2:21-CV-00073-JDP.

    b. "Court" means the Hon. Jeremy D. Peterson, or any other judge to whom this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any Documents, Testimony, Information or Tangible Items in the possession of a Designating Party that qualify for protection under Federal Rule of Civil Procedure 26(c) or constitute information protected by California's constitutional and common law right to privacy or other applicable California law.

    d. "Confidential Materials" means any Documents, Testimony, Information, or Tangible Items as defined below and designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

    e. "Highly Confidential" means any Documents, Testimony, Information or Tangible Items that belongs to or is in the possession of a Designating Party and contains any confidential research, design, development, or commercial information that is competitively sensitive information protected by law, which the Designating Party in good faith believes is entitled to a higher level of protection due to its commercial sensitivity and because disclosure of such information to some or all Parties or non-Parties would create

a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

      f.    "Highly Confidential Materials" means any Documents, Testimony or Information, or Tangible Items, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulated Protective Order.

      g.    "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential."

      h.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any Information contained therein.

      i.    "Documents" means (i) any writing (regardless of how it is generated, stored or maintained) or tangible things, including discovery responses and objections, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      j.    "Information" means the content of Documents or Testimony.

      k.    "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

3.    Any Documents, Testimony, Information, or Tangible Items to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, Information, or Tangible Item is Disclosed or produced. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

      a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly

Confidential" on each page of any Document containing such designated material.

       b.    Unless otherwise designated during the deposition, all depositions shall presumptively treated as "Confidential" information during the deposition and for a period of ten (10) days after a transcript of said deposition is received by counsel for each of the Parties. A Party that believes the deposition contains "Confidential" or Highly Confidential Material shall be responsible for notifying the Receiving Parties of any such designation within the aforementioned ten (10) day period.

       c.    For information produced in some form other than documentary and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers, in which the information or item is stored, the legend "Confidential" or "Highly Confidential." If only a portion or portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

       d.    No Party shall designate any Document, Testimony, Information, or Tangible Item as Confidential or Highly Confidential without a good faith belief that such material qualifies for those designations as defined herein and has been maintained in a confidential, non-public manner.

    4.    The inadvertent production by any of the undersigned Parties to the Proceedings of any Document, Testimony, Information or Tangible Item during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, Information, or Tangible Item that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document shall give written notice of such inadvertent production within ten (10) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or Highly Confidential (the "Inadvertent

Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, Information, shall promptly destroy the inadvertently produced Document, Testimony, or Information, or and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the properly designated copy. Upon receipt of an Inadvertent Production Notice for a Tangible Item, the Party that received the inadvertently produced Tangible Item shall promptly return such to counsel for the producing Party. If the receiving Party chooses to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, Information, or Tangible Item, such law shall govern.

5.  The inadvertent Disclosure of materials during discovery subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity from Disclosure, without the express intent to waive such privilege, protection, or immunity, shall not be deemed a waiver in whole or in part of the privilege, protection, or immunity, either as to the specific information Disclosed or as to the same or related subject matter, in this Action or any other litigation. If the producing Party notifies the receiving Party in writing of the inadvertent Disclosure of documents or other information (the "Inadvertent Materials") which the producing Party in good faith believes to be subject to a claim of privilege, including, but not limited to, the attorney-client privilege or attorney work product, such producing Party shall not be deemed to have waived such privilege or protection, but any such claim of privilege or protection shall continue to apply. Upon receipt of such notice, each receiving Party shall promptly take all reasonable steps to return or destroy the Inadvertent Materials (and copies thereof) and take all reasonable steps to destroy the portions of any work product that incorporates the Inadvertent

Materials. If the receiving Party disputes the privilege claim, it may keep one copy of the Inadvertent Material solely for the purposes of the dispute and must notify the producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. Other than for an in camera review in connection with seeking a determination by the Court, the receiving Party may not Disclose or use any Inadvertent Material for any purpose until the dispute is resolved.

6. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. The Party seeking to challenge a confidentiality designation (hereafter the "Challenging Party") shall initiate the dispute resolution process under Local Rule 251 *et seq*. Any challenge submitted to the Court shall be via a Joint Statement re: Discovery Disagreement pursuant to Local Rule 251(c). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

8. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. The Parties;

    b. The Parties' respective members, directors, officers, employees, counsel, and agents, in each case only as necessary to assist with or make decisions with respect to this Proceedings; and

    c. Any other persons specified in Paragraph 8 below.

9. Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

    a. Counsel (including in-house counsel) and staff working under the express direction of counsel for the Parties;

    b. any person who (i) is indicated on the face of a document to have been an author, sender, or recipient thereof, (ii) was an actual recipient of a document; or (iii) in the case of meeting minutes, was an attendee of the meeting;

    c. court reporters, stenographers, or videographers who record testimony in this Proceeding (whether at depositions, hearings, or any other proceeding);

    d. the Court, its officers and clerical staff in any judicial proceedings that may result from this Proceeding;

    e. witnesses being questioned, either at a deposition, or in court proceedings, and the witness's counsel, who previously did not have access to the Confidential or Highly Confidential Materials, provided, however, that each such witness given access to Confidential or Highly Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    f. testifying experts or consulting experts consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Confidential or Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such testifying expert or consulting expert, to promptly notify counsel for the Designating Party of such breach or threatened breach;

        g.    employees of outside copying services and other vendors retained by Counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the litigation of this Proceeding and only after being informed of the provisions of this Stipulation and agreeing to abide by its terms;

        h.    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom Disclosure is reasonably necessary to their involvement in the litigation of this Proceeding; and

        i.    any other person or entity that the Designating Party agrees to in writing.

10. Confidential and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any material that has been made publicly available, either prior to or after designation as Confidential or Highly Confidential, via Court order, during trial, or otherwise, shall not be considered Confidential or Highly Confidential for purposes of this Stipulated Protective Order, unless such Disclosure was made in violation of this Stipulated Protective Order.

12. Should the need arise for any of the Parties to disclose Confidential or Highly Confidential Information in any motion or during any hearing before the Court, such Party may do so only after taking such steps as the Court, upon motion of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential or Highly Confidential Information. Reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the Parties to seek instruction from the Court.

13. Any use of Confidential or Highly Confidential Materials at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does

not govern the use of Confidential or Highly Confidential Materials at trial. Any Party anticipating use of Confidential or Highly Confidential Materials must give the opposing party reasonable notice prior to trial of the intent to use Confidential or Highly Confidential Materials at trial.

14. A Party that seeks to file under seal any Confidential or Highly Confidential Materials must comply with Local Civil Rule 141. Confidential or Highly Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential or Highly Confidential Materials. If a Party's request to file Confidential or Highly Confidential Materials under seal is denied by the Court, then the non-Designating Party may file the information that was the subject of Rule 141 application in the public record unless otherwise instructed by the Court.

15. Any person receiving Confidential or Highly Confidential Materials shall not reveal such materials (including their contents, or any portion or summary thereof) or discuss such materials (including their contents, or any portion or summary thereof) with any person who is not entitled to receive such Information as applicable. Any person receiving Confidential or Highly Confidential Materials must maintain that material in a reasonably secure manner so that it is not further Disclosed or used in any manner inconsistent with this Stipulated Protective Order.

16. Extracts and summaries of Confidential or Highly Confidential Materials likewise shall also be treated in accordance with the provisions of this Stipulated Protective Order.

17. The production or Disclosure of Confidential or Highly Confidential Materials shall in no way constitute a waiver of any Party's right to object to the production or Disclosure of other information in this Action or in any other action on the basis of privacy, confidentiality, or for any other reason.

18. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other

Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

19. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

    a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. to seek a determination by the Court of whether any particular Confidential or Highly Confidential Materials should be subject to protection under the terms of this Stipulated Protective Order; or

    c. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

20. Any person or entity added as a Party to the Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulated Protective Order.

21. If any person subject to this Stipulated Protective Order who has custody of any Confidential Materials or Highly Confidential receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential or Highly Confidential

Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

22. If, after execution of this Stipulated Protective Order, any Confidential or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulated Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential or Highly Confidential Materials to the immediate attention of the Designating Party.

23. This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Confidential or Highly Confidential Materials designated by that Party.

24. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

25. Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential or Highly Confidential Materials.

26. This Stipulated Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move

the Court for relief from the provisions of this Stipulated Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Proceeding is terminated.

27. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential or Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulated Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

28. After this Stipulated Protective Order has been signed by counsel, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulated Protective Order.

29. The Parties and all signatories to the Certification attached hereto as **Exhibit A** agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. For the avoidance of doubt, this Stipulated Protective Order applies to the Parties, only, and does not apply to documents produced by any third party.

30. If the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry

so as to allow for production of Confidential Materials or Highly Confidential Materials under the terms herein.

      31.    This Stipulated Protective Order may be executed in counterparts.

**IT IS SO ORDERED.**

Dated: January___, 2024

_____
                Hon. Jeremy D. Peterson

# EXHIBIT A

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials [and Highly Confidential Materials] supplied in connection with the Proceeding, Case No. 2:21-CV-00073-JDP. I certify that I understand that the Confidential Materials [and Highly Confidential Materials] are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order, I have read it, and I agree to be bound by its terms.

    I understand that the Confidential Materials [and Highly Confidential Materials], as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials [or Highly Confidential Materials] obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

    I further understand that I am to retain all copies of all Confidential Materials [and Highly Confidential Materials] provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____    BY:    _____
                                        Signature

                                        _____
                                        Title

                                        _____
                                        Address

                                        _____
                                        City, State, Zip

                                        _____
                                        Telephone Number