EXHIBIT 1

| | |
|---|---|
| **From:** | Joshua Koltun |
| **To:** | Karis, Hariklia |
| **Cc:** | *navidhillon@paulhastings.com; Nomellini, Mark J.; jkelley@kirkland.com |
| **Subject:** | RE: California Sportfishing Protection Alliance v. Pacific Bell Telephone Company -- Beyond the Blue subpoena |
| **Date:** | Tuesday, November 28, 2023 3:11:00 PM |

Thank you for getting back to me. I apologize for writing over the holiday, but I wanted to make myself available as quickly as possible. As you can imagine I've had a lot to catch up on quickly.

I can make myself available to talk tomorrow, say from 10 to 2. Let me know what times would work.

I should let you know that I am preparing formal document objections and responses and hope to have them for you tomorrow. I understand that your position may be that it is too late to make them, but of course that is precisely what will be at issue on any motion to reconsider, so I would suggest that you review them with that in mind.

I look forward to talking with you.

**Joshua Koltun** ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

---

**From:** Karis, Hariklia <hkaris@kirkland.com>
**Sent:** Tuesday, November 28, 2023 2:59 PM
**To:** Joshua Koltun <joshua@koltunattorney.com>
**Cc:** *navidhillon@paulhastings.com <navidhillon@paulhastings.com>; Nomellini, Mark J. <mnomellini@kirkland.com>; jkelley@kirkland.com
**Subject:** Re: California Sportfishing Protection Alliance v. Pacific Bell Telephone Company -- Beyond the Blue subpoena

Mr. Kolton,

I hope you had an enjoyable Thanksgiving. I'm writing in response to your email below which came in just before the holiday.

Thank you for reaching out and updating us regarding MTS and BtB counsel situation.

We are happy to join a call to discuss with you AT&T's subpoena, numerous efforts to work with your client and ultimately, the Court's order relating to the subpoena which remains in effect. If it would help, we can provide you with the transcript of the hearing. In short, we don't agree that reconsideration is warranted but, of course, are open to a discussion.

With respect to the discovery issues and order by the Southern District pertaining to MTS, we believe that the court which issued the order should be the court to consider the actions of MTS in the first instance given the order and MTS's steadfast refusal to accept service and respond to the subpoena despite several requests/suggested accommodations from our client and team. We can discuss in the future what, if any, consolidation of discovery is warranted.

Finally, we cannot say that the discovery requests were duplicative or simply an effort to cover AT&T's bases as you suggest given that we simply don't know what responsive materials your client posses and who on behalf of each entity has been involved with the matters at issue in the subpoena. We are happy to discuss on our call efforts to not duplicate productions but the first step is for your client to collect and review all responsive documents and then produce consistent with the Court's order and deadlines.

Please let us know when you are available tomorrow or Thursday and we can set a time to discuss further if you wish.

Regards,

Carrie

Hariklia ("Carrie") Karis
KIRKLAND & ELLIS LLP
300 N. LaSalle St. Chicago, IL 60654
(312)862-2330 office
(847)525-6908 cell

Sent from my iPhone

> On Nov 24, 2023, at 4:43 PM, Joshua Koltun <joshua@koltunattorney.com> wrote:
>
> Dear Messrs. Dhillon, Nomellini, and Kelley and Ms. Karis:
>
> I have been engaged to represent Below the Blue (BtB), Marine Taxonomic

Services LLP(MTS) Seth Jones and Monique Rydel-Fortner regarding the discovery sought in *California Sportfishing Protection Alliance v. Pacific Bell Telephone Company* (ED Cal).

I assume that the identical, duplicative subpoenas, including that to MTS in the Southern District, are simply efforts by AT&T to make sure it has covered its bases.  I propose to consolidate all these discovery disputes in the Eastern District.  For simplicity's sake, in this email, I will refer to all these persons and entities as "BtB."  I don't anticipate making any arguments distinguishing between corporate entities, or between corporate or individual access to documents or things.  Lets get straight to the heart of the dispute.

I first communicated with BtB on Wednesday, the day before Thanksgiving, and am trying to get on top of this case as quickly as I can.  I fully understand how frustrating it has been for you to face delays that have been entailed by BtB's inability to obtain counsel.  But as you are aware and acknowledged to the Court, that is the result of an ongoing saga in which the Vance Center has found counsel apparently willing to represent BtB, only to have those firms decline or withdraw such representation.  BtB has at all times acted in good faith in seeking to find counsel, and now has found it (me).

Until now, in the absence of counsel, Seth Jones was (i) not competent to fully flesh out and meet and confer on the objections to discovery that he stated on August 23, and (ii), as the Court noted, barred by law from appearing and representing BtB by way of opposition to your motion or, for that matter, to engage in the Court's informal procedures for resolving discovery disputes.  That being the case, I would propose that we enter into an expedited process whereby I will shortly present formal discovery responses to the subpoenas, and then we would expeditiously meet and confer in an attempt to resolve any disputes and present such disputes to the Court under its informal procedures.

Alternatively, if AT&T is unwilling to meet and confer on the substance of the underlying discovery, I would propose to move the Court to reconsider its ruling on the motion to compel.  As I understand matters, we would need to meet and confer on that  proposed motion and then present it to the court under its informal procedures first.  I would be surprised if under the circumstances the Court is not willing to allow BtB to renew the underlying discovery dispute now that it has obtained counsel.  I think that this

alternative step would needlessly complicate and delay matters, which is the opposite of what I am trying to accomplish.  So let me know if you will stipulate to skipping that procedural step and go straight to meeting and confering on the underlying discovery dispute on an expedited basis.

Either way, lets meet and confer.  I realize that I am writing you during a holiday weekend and I have no desire to interfere with your enjoyment of it.  But if you wish, I can make myself available to discuss this over the weekend.  Similarly, insofar as we may be discussing the scheduling of discovery meet/confer and/or motion practice (formal or informal or both), I can be available to work over the upcoming Christmas/New Year holidays, but am also happy to accommodate your own holiday plans.

Best regards.  I look forward to hearing from you.

Joshua Koltun ATTORNEY

One Sansome Street
Suite 3500, No. 500
San Francisco, CA 94104

415.680.3410
866.462.5959 fax
joshua@koltunattorney.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.