NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
CHRISTOPHER J. CARR (SBN 184076)
chriscarr@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Fax:  (312) 862-2200

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | Case No. 2:21-cv-00073-MCE-JDP<br><br>**PACIFIC BELL'S NON-OPPOSITION TO PLAINTIFF'S PROPOSED REVISED AND SHORTENED SCHEDULE**<br><br>Judge:      Hon. Jeremy D. Peterson<br>Date:        January 25, 2024<br>Time:       10:00 a.m.<br>Courtroom:   9<br><br>Action Filed:  January 14, 2021 |

Defendant Pacific Bell Telephone Company (Pacific Bell) submits this brief response to Plaintiff California Sportfishing Protection Alliance's (Plaintiff) supplemental declaration in support of its pending motion to modify the current case schedule. ECF No. 123. That declaration includes both argument and factual assertions, and while Pacific Bell does not agree with all of them a specific response is unnecessary in light of Plaintiff's changed position. More specifically, Plaintiff now proposes a "revised shortened schedule," including modifying its original proposal by more than 70 days for some deadlines. *Id*. at ¶ 51. Under the circumstances, Pacific Bell does not oppose that revised schedule.

We will continue to work with Plaintiff on scheduling and related matters. Towards that end, Pacific Bell is conferring with Plaintiff on its sediment sampling and has proposed the parties agree to a process for split samples to be collected in the field in connection with that sampling.[1] We appreciate the Court's assistance to address scheduling matters and are mindful circumstances can arise that warrant modifications to the schedule.

Respectfully submitted,

DATED: February 8, 2024            PAUL HASTINGS LLP

By: /s/ Navi Singh Dhillon
    NAVI SINGH DHILLON

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

---

[1] During a meet-and-confer with counsel for Plaintiff on January 31, counsel for Pacific Bell asked for specifics regarding Plaintiff's plan to collect sediment samples, including why a permit was needed for what should be limited and discrete field work. Plaintiff declined during that call to provide any specifics, explaining its permit application was still in "process." As background, Pacific Bell has produced in discovery a report from 2023 that found lead levels in sediment near the cables "are indistinguishable from background and that the cables do not adversely influence lead concentrations in Lake Tahoe sediment." A true copy of that report is attached as **Exhibit A** to the Dhillon Declaration.