MATTHEW MACLEAR (State Bar No. 209228)
Email: mcm@atalawgroup.com
JASON FLANDERS (State Bar No. 238007)
Email: jrf@atalawgroup.com
ERICA A. MAHARG (State Bar No. 279396)
Email: eam@atalawgroup.com
J. THOMAS BRETT (State Bar No. 315820)
Email: jtb@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 MARTIN LUTHER KING JR WAY
OAKLAND, CA 94609
Tel: (415) 568-5200

[Additional counsel on p. 2]

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>    Defendant. | Case No: 2:21-cv-00073-JDP<br><br>**PLAINTIFF'S STATEMENT RE: INFORMAL DISCOVERY CONFERENCE**<br><br>Hearing Date: April 25, 2024<br>Time: 10:00 a.m.<br>Courtroom: 9, 13th Floor<br>Magistrate Judge: Hon. Jeremy D. Peterson |

1

PLAINTIFF'S STATEMENT RE: INFORMAL DISCOVERY CONFERENCE

ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
WILLIAM N. CARLON (State Bar No. 305739)
Email: wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

WILLIAM VERICK (State Bar No. 140972)
Email: wverick@igc.org
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061; Fax: (707) 630-5064

J. KIRK BOYD (State Bar No. 122759)
Email: jkb@drjkb.com
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500

BRIAN ACREE (State Bar No. 202505)
Email: brian@brianacree.com
LAW OFFICES OF BRIAN ACREE
331 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 505-6861

Plaintiff California Sportfishing Protection Alliance ("Plaintiff" or "CSPA") is conducting sampling of telecommunications cables in Lake Tahoe that are at issue in this case (the "Cables"). Defendant Pacific Bell Telephone Company ("Defendant") seeks an unfair advantage by demanding CSPA coordinate with, and collect samples for, Defendant. Although Defendant has not proposed a detailed protocol, despite multiple requests, they generally propose Plaintiff give at least 72-hours advance notice of sampling, coordinate launching boats and divers working on behalf of Defendant, and provide split samples to Defendant. Defendant's request should be rejected. First, there is no discovery dispute between the parties. Plaintiff is investigating this case and testing the strength of the evidence, which is protected attorney work product. Defendant has not propounded any request pursuant to the Federal Rules of Civil Procedure ("FRCP"), because there is no basis for such a demand in the FRCP. Second, Defendant's only offered authority is neither binding nor persuasive, and Defendant's own position contradicts the rationale of the case. Third, the balance of the interests weighs against granting Defendant's request. Defendant failed to provide Plaintiff with access when it sampled; thus, requiring Plaintiff to do so puts CSPA at a significant disadvantage, delays Plaintiff's sampling, and adds substantial costs to the investigation. Defendant will have access to the sampling plan; photo, video, and documentary evidence of the sampling; and depositions of Plaintiff's consultants, rendering such coordination unnecessary and duplicative.

## II. NEITHER THE FRCP NOR BINDING PRECEDENT SUPPORT DEFENDANT.

The FRCP simply does not provide a right to Defendant to observe Plaintiff's investigation. The sampling locations are on public land, not Defendant's property. Thus, Plaintiff does not need to seek Defendant's approval or make any demands upon Defendant to conduct the sampling.

During the meet and confer, Defendant provided one district court case from New York as support. *Andres v. Town of Wheatfield*, Case No. 1:17-cv-00377, 2017 U.S. Dist. LEXIS 167465 (W.D. NY October 6, 2017). In *Andres*, the plaintiffs brought claims against defendants for damages to plaintiffs' property from the alleged release of hazardous materials. *Id*. at ** 3-4. Defendants filed a motion for a preliminary injunction to enjoin plaintiffs from engaging in sampling without notice to defendants, arguing it was necessary to "verify the location, chain of custody, and reliability of the samples taken." *Id*. at ** 4-5. The court granted the injunction, reasoning that not offering the

opposing party an opportunity to coordinate sampling constituted spoilation of evidence. *See id*. at **10-16. The court noted "the environmental conditions where sampling will occur are uncontrolled and volatile" and was concerned with conditions changing and degrading over time. *Id*. at **13-14.[1]

Unlike in *Andres*, neither party is asserting the conditions in Lake Tahoe and the Cables are changing to the extent that sampling could not be replicated. The Ninth Circuit has rejected the argument that failing to provide split samples renders testing *per se* unreliable or inadmissible. *See City of Pomona v. SWM N. Am. Corp*., 750 F.3d 1036, 1046-48 (9th Cir. 2014), quoting *Zenith Elecs. Corp. v. WH-TV Broad. Corp*., 395 F.3d 416, 419 (7th Cir. 2005) ("the primary requirement is that 'someone else using the same data and methods . . . be able to replicate the results.'"). Defendant has already conducted sampling without Plaintiff present, and Plaintiff's sampling will, in a sense, replicate Defendant's previous investigation. It will be up to the Court, as fact finder, to determine the reliability of each party's methods and sampling results. *See id.* at 1047-48.

Importantly, Defendant is not suggesting their data is unreliable because they failed to coordinate their sampling or provide split samples to Plaintiff. Thus, Defendant argues there should be two different standards for Plaintiff and Defendant. Under the rationale of *Andres*, Defendant's sampling during this litigation would constitute spoilation of evidence, yet Defendant—in contradiction of the authority on which it relies—has made clear they disagree and intend to rely on that previous sampling. Plaintiff should not be held to a more onerous standard than Defendant.

### III. THE BALANCE OF THE EQUITIES WEIGHS IN FAVOR OF PLAINTIFF.

Requiring Plaintiff to coordinate sampling with Defendant would significantly prejudice CSPA, give Defendant an unfair advantage at trial, and is disproportionate in terms of costs and burden to Plaintiff, a nonprofit, considering the value of the evidence. *Compare Andres*, 2017 U.S. Dist. LEXIS 167465, *22-23; FRCP 26(b)(1).[2] First, allowing Plaintiff to conduct sampling without Defendant present puts the parties on equal footing because Defendant intends to rely on sampling it

---

[1] Many cases that *Andres* cites involve voluntary agreements for split sampling, not a court order. *See e.g., U.S. v. Bridgeport United Recycling*, 2008 WL 2073960, *11 (D. Conn. May 2, 2008); *Nashua Corp. v. Norton Co*., 116 F. Supp. 2d 330, 344 (N.D. NY 2000).

[2] The Court should evaluate this informal dispute under the preliminary injunction standard, which places a high burden on the moving party. *See Andres*, 2017 U.S. Dist. LEXIS 167465, ** 4, 9.

conducted sampling without Plaintiff present.[3] Both parties will have access to evidence documenting the sampling and will be able to depose each other's samplers and experts to investigate the methodology used. Plaintiff has already disclosed its sampling and quality assurance plan, which details the specific methodologies Plaintiff will use while sampling. *See* ECF No. 123 at 23-78. This sampling plan requires that field observations and sample collection details be recorded and retained. *See id*. at 39; *id*. at 35-36, tbl. 7. Further, Plaintiff intends to take photo and video of sampling events, which will be produced to Defendant, and representatives from Department of Parks & Recreation (DPR) will be observing. Thus, there will be sufficient documentation of Plaintiff's sampling (likely more than Defendant has of their sampling), to "verify the location, chain of custody, and reliability of the samples taken." *Andres*, 2017 U.S. Dist. LEXIS 167465. at ** 4-5.

Second, adding another boat and additional divers and samplers will necessarily take longer and prolong the days needed for sampling. CSPA estimates that sampling will take four to eight days over a four-week period and will cost more than $35,000. ECF No. 123, ¶¶ 15, 18-20. Adding sampling days not only complicates scheduling but adds significant costs onto an already expensive investigation. Moreover, requiring Plaintiff to coordinate with an unknown number of Defendant's representatives to sample creates an onerous and undue burden on Plaintiff. CSPA must already coordinate a minimum of three people to sample, as well as two DPR representatives. Plaintiff was also required to disclose all samplers and the number of samples to be collected to obtain its right of entry permit, and neither Defendant's representatives nor their sampling is authorized by that permit. Finally, sampling can only be done when the weather and water conditions of Lake Tahoe allow, and such conditions can change rapidly. *See* ECF No. 123, ¶ 19. Coordinating the schedules of Defendant's representatives will delay these efforts.

## IV. CONCLUSION

For the foregoing reasons, CSPA respectfully asks this Court to deny Defendant's request.

---

[3] Defendant has criticized Plaintiff for not requesting to be present while Defendant conducted its sampling. However, that sampling occurred while the consent decree was in place. Defendant did not give notice of the sampling events, and Plaintiff had no reason to believe that Defendant was continuing to gather evidence to litigate its case when CSPA believed that Defendant was acting in good faith to remove the Cables in compliance with the consent decree.

5
PLAINTIFF'S STATEMENT RE: INFORMAL DISCOVERY CONFERENCE

| | |
|---|---|
| Dated: April 23, 2024 | AQUA TERRA AERIS LAW GROUP |
| | */s/ Matthew Maclear* |
| | MATTHEW C. MACLEAR |
| | Attorneys for Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE |