Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California 94104
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner ("BTB-MTS")

Joshua Koltun ATTORNEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,

Plaintiff,

v.

PACIFIC BELL TELEPHONE COMPANY

Defendant

Case 2:21-cv-00073-JDP

**INFORMAL BRIEF IN SUPPORT OF BTB-MTS's PROPOSED MOTION TO REQUIRE AT&T TO REIMBURSE THE "SIGNIFICANT EXPENSES" IT INCURRED IN COMPLYING WITH AT&T'S SUBPOENA**

Zoom Hearing: October 3, 2024
Time: 10 am
Courtroom 9
Judge: Hon. Jeremy D. Peterson

Joshua Koltun ATTORNEY

Nonparty BTB-MTS seeks an order that AT&T reimburse the "significant expense" it incurred in complying with AT&T's subpoena. Such an award is ***mandatory*** under Rule 45(d)(2)(B)(ii). *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

***After meeting and conferring in good faith, BTB-MTS hired an electronic vendor, and expended significant expenses in order to comply with AT&T's subpoena.*** Immediately upon engaging the undersigned counsel, third party BTB-MTS made an initial production of documents in response to AT&T's subpoena, objected to producing documents concerning the investigation and reporting it had conducted with the Wall Street Journal, and began meeting and conferring with AT&T concerning the review and production of ESI. DE 109 at 1-5. BTB-MTS engaged Alvarez & Marsel ("A&M"), an ESI vendor that had been recommended by AT&T. *Id.* at 5.

AT&T, however, objected to BTB-MTS reviewing its own documents. *Id.* at 5-6. Instead, it asked BTB-MTS to stipulate to a protocol whereby a "neutral third-party vendor" would collect BTB-MTS devices, review the documents therein and make its own determinations of responsiveness based on word searches or by any "methods [the vendor] deem[ed] appropriate." *Id.* at 6. There was no provision for the Court to review such "methods." *Id.* AT&T offered to pay the expenses of the vendor if BTB-MTS would agree to its proposal. *Id.* BTB-MTS declined.

AT&T moved the Court to issue the proposed protocol as an order, and BTB-MTS opposed. DE 104-1, DE 109. The Court declined to issue the extraordinary order requested by AT&T and simply set a deadline for production. DE 124 at 7. BTB-MTS continued to work with A&M to search for responsive documents in the ordinary fashion. BTB-MTS counsel consulted with AT&T on possible word-searches but (working with BTB-MTS and A&M) made the ultimate determinations of responsiveness. After filtering and de-duplication, A&M processed over 1.3 million documents that were searched and reviewed for production. BTB-MTS produced 18,182 Documents to AT&T.

***AT&T has declined to pay the significant expenses BTB-MTS incurred in this production.*** BTB-MTS has asked AT&T to reimburse it for the significant expenses that it incurred in complying with the subpoena, to wit: $227,512 for fees charged by A&M, $68,860 in attorney fees, and $85,269 in hours spent by Seth Jones and Monique Rydel-Fortner (at their ordinary billable rates), for time spent reviewing documents in complying with the subpoena. The vast majority of these costs

Joshua Koltun ATTORNEY

concerned BTB-MTS reporting with the Wall Street Journal and the Environmental Defense Fund. AT&T does not contend that the charges are unreasonable. It contends, however, that it should only have to pay one half of A&M's fees, and none of the other expenses. It has declined to make any payment at all unless BTB-MTS were to agree to accept payment of half the vendor fees as payment in full. The various reasons AT&T has given for its refusal to pay the full amount are without merit, as discussed below.

***AT&T's obligations do not arise from its offer to pay expenses if BTB-MTS would agree to remove itself from the document review.*** AT&T argued that its offer to pay a vendor's expenses was conditioned on BTB-MTS accepting its proposed protocol whereby the vendor would independently determine responsiveness. Since BTB-MTS had declined to accept that protocol, AT&T is willing to pay only half the vendor's expenses.

But the conditions that AT&T placed on its offer are irrelevant, since its obligation to pay "significant expenses" is mandated by Rule 45(d)(2)(B)(ii). *Legal Voice,* 738 F.3d at 1184. Such expenses include vendor fees, attorney fees, and the value of time spent internally by the subpoenaed party. *Id., Barracuda Networks v. J2 Glob.,* 2020 U.S. Dist. LEXIS 183538, at *2-6 & n.1 (C.D. Cal. July 17, 2020); *Gamefam, Inc. v. WowWee Grp. Ltd.*, 2024 U.S. Dist. LEXIS 47464, at *19-29 (N.D. Cal. Mar. 18, 2024). A determination as to what amount of fees are "significant," and thus subject to cost-shifting, is only possible once the fees have been incurred, and thus is properly pursued by way of a cost-shifting motion. *See, e.g., Barracuda Networks* at *2. BTB-MTS argued to this Court that Rule 45(d)(2)(B)(ii) required that AT&T reimburse it for such expenses, and AT&T did not contend otherwise. DE 109 at 19-20, DE 115 at 11 n.6.

***The "underlying acts that gave rise to the lawsuit" are AT&T's abandoned lead-clad cables in Lake Tahoe, not BTB-MTS's actions bringing those cables to public attention.*** AT&T relies on *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, and similar cases in which the nominal "third party" itself was potentially liable for the wrongdoing alleged in the complaint. *Id.,* 2018 U.S. Dist. LEXIS 142120 (C.D. Cal. July 12, 2018). AT&T argues that BTB-MTS should shoulder the costs of discovery, because it "stand[s] to benefit from certain litigation outcomes to evade discovery costs arising from their involvement in the underlying acts that gave rise to the lawsuit." *Id.* at *6. But

Joshua Koltun ATTORNEY

BTB-MTS never faced any potential liability in this action. It will no more benefit than any other member of the public from the proposed Consent Decree whereby these Cables will be removed. It is ***AT&T's*** alleged environmental violations that gave rise to this lawsuit and that will be remedied by the Consent Decree.

It may well be that AT&T considers BTB-MTS to be a wrongdoer for having brought the Cables to the attention of environmental regulators, plaintiff's counsel, and the general public. But BTB-MTS's actions are not the basis of this lawsuit. Indeed, those actions were protected First Amendment activities, whether those activities are characterized as petitioning, activism or journalism. AT&T's proposed exception to the cost-shifting requirements of Rule 45(d)(2)(B)(ii) would unconstitutionally penalize BTB-MTS for those First Amendment activities.

***BTB-MTS is only seeking compensation for hours spent complying with the subpoena, and only after the hiring the ESI vendor.*** AT&T cites cases such as *Gamefan* for the proposition that BTB-MTS cannot be compensated for attorney fees litigating the subpoena. *Id.* 2024 U.S. Dist. LEXIS 47464, at *18-21. But BTB-MTS is not seeking compensation for its fees spend litigating the subpoena, or indeed any attorney fees or employee costs prior to hiring the ESI vendor. The costs BTB-MTS seeks were fully compensated by the Court in *Gamefan*, including the costs of the time its employees spent complying with the subpoena. *Id* at *25-26. AT&T has offered no authority for its refusal to pay such expenses.

***The Journal's agreement to pay or to advance any of these significant expenses does not negate AT&T's obligations to reimburse them.*** AT&T has refused to pay BTB-MTS attorney fees on the grounds that the Wall Street Journal has agreed to pay those fees. But "awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel." *Ed A. Wilson, Inc. v. GSA*, 126 F.3d 1406, 1409-10 (Fed. Cir. 1997) (collecting authorities awarding fees to litigant where attorney was paid by a third party).

AT&T's refusal to fully reimburse the significant expenses it imposed on BTB-MTS is unsupported by the law. This Court should order it to do so.

October 1, 2024

/s/ Joshua Koltun
Attorney for Third Party Witnesses