NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
LUCAS V. GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

HARIKLIA KARIS (*admitted pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (*admitted pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (*admitted pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Fax: (312) 862-2200

JON DAVID KELLEY (*admitted pro hac vice*)
jon.kelley@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-JDP<br><br>**PACIFIC BELL'S PRE-CONFERENCE DISCOVERY DISPUTE BRIEF**<br><br>Judge:        Hon. Jeremy D. Peterson<br>Date:          October 3, 2024<br>Time:         10:00 a.m.<br>Courtroom: 9<br><br>Action Filed: January 14, 2021<br>Trial Date:    None |

In August 2023, Pacific Bell served subpoenas on Below the Blue and Marine Taxonomic Services ("BtB/MTS"), seeking information about their work relating to Plaintiff's claims. BtB/MTS now seek expenses allegedly incurred in complying with those subpoenas.

To recover these expenses under Federal Rule 45, BtB/MTS must, at minimum, demonstrate that they: (1) are "truly disinterested non-part[ies],"[1] (2) "compl[ied]" with the subpoenas,[2] and (3) incurred "significant expense[s]."[3] BtB/MTS cannot meet any of these three requirements, much less all of them. BtB/MTS's request for fees and costs should be denied.

### I. BtB/MTS Are Not Disinterested Non-Parties.

"Chief among the factors to be considered" in determining whether cost-shifting is appropriate "is the extent to which the nonparty has an interest in the outcome of the case."[4] Here, BtB/MTS are the opposite of "a truly disinterested non-party."[5] BtB/MTS (i) discovered the Lake Tahoe cables in 2012, (ii) cut a portion of cable in 2014 and provided it to Plaintiff's counsel for testing, (iii) advocated publicly for the removal of the cables,[6] (iv) sought to be awarded a contract under which MTS would have been paid by Pacific Bell to remove the cables,[7] and (v) by Plaintiff's counsel's own admission, "brought [the case] to [Plaintiff] on a platter." Dkt. 65-13 at 6.

BtB/MTS made a conscious decision to "stay behind the scenes" in this case so they could get paid for any cable removal work resulting from the litigation. TRCD0000030. However, BtB/MTS made clear that they "would help the fight if needed." MTS' CEO Seth Jones "personally wanted to sue" Pacific Bell, but ultimately contacted "environmental Lawyers" who filed the lawsuit.[8] These facts are dispositive, because cost-shifting under Rule 45 was "not intended as a mechanism for entities which stand to benefit from certain litigation outcomes to evade discovery

---

[1] *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2018 WL 3956732, at *4 (C.D. Cal. July 12, 2018).
[2] *Id*. at *5.
[3] Fed. R. Civ. P. 45(d)(2)(B)(ii).
[4] *Cornell v. Columbus McKinnon Corp.*, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 11, 2015).
[5] *Valcor Eng'g Corp.*, 2018 WL 3956732, at *4 (declining to shift fees where third party was not disinterested).
[6] *See* S. Pulliam *et al., America is Wrapped in Miles of Toxic Lead Cables,* The Wall Street Journal (July 9, 2023); J. West *et al., How the Journal Investigated Hidden Lead Cables Circling the U.S.,* The Wall Street Journal (July 9, 2023) ("[Seth Jones] and a colleague discovered cables under Lake Tahoe and have been advocating for their removal.").
[7] TRCD0000030 (Jones stated in an August 6, 2020, email: "I hope we can do removal as well but maybe not since we would help the fight if needed and not stay behind the scenes.").
[8] TRCD0000372 (Jones text message: "I've been in contact with some environmental Lawyers about the big cable. And they are optimistic it will get removed and ATT will be forced to pay… They asked what we wanted… as in what we personally wanted to sue them for.").

1

costs arising from their involvement in the underlying acts that gave rise to the lawsuit."[9]

## II.     BtB/MTS Repeatedly Failed to Comply With the Subpoenas and Court Orders.

BtB/MTS also cannot show that their fees *"result[] from compliance"* with the subpoenas.[10]  BtB/MTS failed to comply with the subpoenas and violated multiple Court orders.

### A.     Non-Compliance by BtB.

Pacific Bell served BtB with a subpoena on August 9, 2023.  BtB failed to produce any documents by the August 23 compliance deadline.  After Pacific Bell was forced to file a motion to compel, the Court on November 13 ordered BtB to produce all documents responsive to the subpoena by November 30.  Dkt. 80.  After BtB sought an extension, the Court entered another order reiterating that BtB must produce "all documents as to which there is no objection" by December 7.  Dkt. 90.  BtB/MTS failed to comply with both orders.  On January 4, 2024, Pacific Bell moved to compel BtB/MTS's compliance.  The Court granted Pacific Bell's motion, stating that BtB was "***out of compliance with the November 13th and December 7th orders***," and noting that BtB failed to even ask the Court for an extension.[11]  Following briefing and hearings, and ***after*** a ruling in Pacific Bell's favor, BtB argued for the first time that BtB had not "consented" to a ruling by a Magistrate Judge.  (1/25/24 Hrg. Tr., at 61:3–12)  BtB's noncompliance also increased the costs of responding to the subpoena, because BtB initially made an inadequate, custodian-self-selected production, but had to redo its work to allow for the forensic collection of documents.[12]

### B.     Non-Compliance by MTS.

Pacific Bell served MTS with a subpoena on August 10, 2023.  MTS failed to produce any documents by the August 24 compliance date.  On September 21, Pacific Bell filed a Motion to Compel in the Southern District of California.  That Court issued an order directing Pacific Bell

---

[9] *Valcor Eng'g Corp.*, 2018 WL 3956732, at *2.

[10] *Valcor Eng'g Corp.,* 2018 WL 3956732, at *1 (emphasis in original) (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)).

[11] The Court noted that BtB "is out of compliance with the November 13th and December 7th orders at this time . . . [and] ***did not seek an extension of time from the Court as would seem to have been appropriate if compliance was not possible.  These are court orders.  This is not an agreement between the parties***."  Dkt. 122 (Jan. 25, 2024 Tr.) at 16:12–19 (emphasis added).

[12] *See* Dkt. 124 (ordering BtB to comply with the court's orders requiring production of all documents called for by Pacific Bell's subpoena).  BtB's inadequate production consisted of two PDFs, stripped of all metadata. Dkt. 104-1.  "Jones and Fortner themselves—not their counsel—generated the production, in part by using certain search terms" that were never disclosed to Pacific Bell. Dkt. *Id*. at 4.  BtB also failed to produce responsive documents and did not produce a single text message from Jones or Fortner's cell phones, which BtB claimed "no longer exist.'" *Id.*

and MTS to meet and confer.  MTS refused to confer despite Pacific Bell's repeated attempts, and on November 6, 2023, Judge Crawford ordered MTS "TO SHOW CAUSE in writing by no later than November 30, 2023: (1) **why it did not comply with the Court's September 21, 2023 Order**; and (2) why Pacific Bell's Renewed Motion should not be granted."[13]

Here, as in *Valcor Eng'g Corp.*, the "inefficient manner in which [BtB/MTS] chose to respond to the subpoena demonstrates [their] interest in the outcome of this case and undermines [their] contention that these expenses result[ed] from compliance with the subpoena."[14]

### III.     BtB/MTS Cannot Show They Incurred the Required "Significant Expenses."

BtB/MTS also cannot show they incurred the "significant expense[s]" required for reimbursement under Rule 45.  BtB/MTS seek two categories of expenses.  First, BtB/MTS seek reimbursement of fees paid to their attorney Joshua Koltun for time spent allegedly advising on subpoena compliance and to Alvarez & Marsal ("A&M") for document collection and production.  But Koltun's fees were paid by the *Wall Street Journal,* not BtB/MTS.[15]  *See* Dkt. 88-1, ¶ 4.  BtB/MTS cannot demand reimbursement of expenses under Rule 45 that they have not incurred.[16]

Second, BtB and MTS seek reimbursement for over 500 hours Jones and Fortner allegedly spent complying with the subpoena.  The associated time entries describe every hour of this time as "project management."  Especially given the many hats Jones and Fortner have worn in this case (bidding for the cable removal work, helping Plaintiff "behind the scenes," *etc.*), this "lack of detail in the billing entries" independently "prevents the court from performing a meaningful review to determine the amount of time" expended on subpoena compliance.[17]

Finally, much of the claimed expenses resulted from BtB/MTS's own misconduct.  BtB/MTS's persistent subpoena noncompliance caused *Pacific Bell* to incur significant expenses through avoidable motions to compel, meet and confers, and hearings.  BtB/MTS should not be rewarded for repeated, calculated decisions to violate the Federal Rules and this Court's orders.

---

[13] *Pac. Bell Tel. Co. v. Marine Taxonomic Servs., Ltd.*, 3:23-cv-01747-DMS-KSC, Dkt. 14 (emphasis added).
[14] *Valcor Eng'g Corp.,* 2018 WL 3956732, at *6 (internal citation and quotation marks omitted).
[15] BtB/MTS has not disclosed who paid A&M's fees.
[16] *See Legal Voice v. Stormans Inc*., 738 F.3d 1178, 1184 (9th Cir. 2013) (explaining that Rule 45 only provides relief when compliance with a subpoena "imposes expenses on the non-party" and those expenses are "significant").
[17] *McCarthy v. R.J. Reynolds Tobacco Co.*, 2011 WL 4928623, at *4 (E.D. Cal. Oct. 17, 2011).

| | | |
|---|---|---|
| 1 | DATED:  October 1, 2024 | KIRKLAND & ELLIS LLP |

By: */s/ Hariklia Karis*
    HARIKLIA KARIS

Attorney for Defendant
PACIFIC BELL TELEPHONE COMPANY