Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California 94104
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Nonparty Witnesses
Marine Taxonomic Services, Ltd,
Below the Blue, Seth Jones, and
Monique Rydel-Fortner ("BTB-MTS")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>      Plaintiff,<br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>      Defendant | Case 2:21-cv-00073-JDP |
| PACIFIC BELL TELEPHONE COMPANY,<br><br>      Movant,<br>v.<br><br>MARINE TAXONOMIC SERVICES, LTD.<br><br>      Respondent | Case No. 2:24-cv-00022-KJM-JDP<br><br>**DECLARATION OF VISHAL OZA**<br><br>Zoom Hearing: December 12, 2024<br>Time:      10 am<br>Courtroom   9<br>Judge:     Hon. Jeremy D. Peterson |

I, Vishal Oza, declare as follows:

1. I am a Senior Director of Forensic Technology Services at Alvarez & Marsal Disputes and Investigations, LLC ("A&M"). I oversaw the forensic data collection and eDiscovery services being provided to BTB/MTS in this discovery matter.

2. A&M's invoices for the work performed in this matter are attached to the Koltun Declaration as Exhibits. Based on my experience of working on similar matters, I believe the charges are reasonable for the services rendered, and commensurate with the charges that would typically be incurred on a discovery project of this scope. The charges would not have been any different if A&M had had a longer time frame in which to do this work, or if A&M had been working with a larger law firm.

3. A&M collected approximately 6.6TB of data from 40 data sources (17 devices and 23 cloud-based sources) within two weeks of begging of the project. The data collection included multiple in person meetings with the client and coordination calls related to remote collections where possible. Because of the context surrounding this review for unique file types and various MacOS based devices, we were not able to utilize standard data filters when extracting data for processing. Instead, A&M used custom file filter(s) to include special file types used by the company/custodians and to exclude standard Operating System files. After applying the custom filters and removal of known system and application files, the final processed data volume was approximately 3,850 GB which resulted in 2,058,930 documents. After running Global Deduplication, 1,333,842 documents were pushed to the Review workspace to be searched and reviewed for production.

4. Ultimately, BTB-MTS produced 18,182 Documents to AT&T. In order to enable BTB-MTS to make that production, A&M was required to:

   a. Attend meetings with and provide summary reports for Counsel discuss the overall discovery workplan and key initiatives.

   b. Review proposed ESI protocol and provide comments to Counsel regarding the technical considerations, metadata format specifications, and general language associated with the collection to production of ESI.

- 1 -

Decl. Vishal Oza `                                    2:21-cv-00073-JDP / 24-cv-00022-KJM-JDP

   c. Perform the forensic imaging, extraction, and analysis of key custodian laptops and mobile devices identified by Counsel.

   d. Perform metadata extraction, data processing, and loading to dedicated review environment (Relativity) for Counsel review.

   e. Prepare responses to Counsel requests regarding the custodian data preservation and analysis initiatives.

   f. Attend meetings with and provided summary reports for Counsel to complete the search term refinement, keyword culling, and analysis initiatives.

   g. Provide extensive and around the clock Relativity support for various tasks from Counsel and Jones and Rydel Fortner, which included

      i. numerous word-searches against the review population, and sorting and segregation of those searches to enable the team to more efficiently review the documents those searches produced.

      ii. sets of word-searches to segregate documents that were likely to be nonresponsive for review

      iii. working with Rydel-Fortner to select directories that were likely to contain responsive documents, separately from the word-searches.

      iv. Identification of potentially relevant phone numbers in text messages

      v. Development of additional search terms and file paths not identified at the onset of the review

      vi. Assisting Counsel in responding to inquiries concerning the results of various proposed word searches

      vii. Perform specialized search term analysis (MTS and AT&T) to determine efficacy and make alterations to exclude false positives and bring in more relevant data

      viii. Randomized sampling of document sets assumed to be nonresponsive in order to confirm whether responsive documents remained

      ix. Prepare copies of productions (and re-productions) for various parties and

coordinate delivery method(s).

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 5, 2024 at Costa Mesa, California.

_____
Vishal Oza