Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Nonparty Witnesses
Marine Taxonomic Services, Ltd,
Below the Blue, Seth Jones, and
Monique Rydel-Fortner ("BTB-MTS")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>        Plaintiff,<br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>        Defendant | Case 2:21-cv-00073-JDP |
| PACIFIC BELL TELEPHONE COMPANY,<br><br>        Movant,<br>v.<br><br>MARINE TAXONOMIC SERVICES, LTD.<br><br>        Respondent | Case No. 2:24-cv-00022-KJM-JDP<br><br>**PROPOSED ORDER RE COST-SHIFTING**<br><br>Zoom Hearing: December 12, 2024<br>Time:            10 am<br>Courtroom      9<br>Judge:           Hon. Jeremy D. Peterson |

The Motion by Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner (hereinafter, collectively, "BTB/MTS"), for cost-shifting, came on for hearing on December 12, 2024.

Upon consideration of the briefs, arguments and evidence in support of and in opposition to the motion the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1. AT&T must reimburse the "significant expense" it incurred in complying with AT&T's subpoena, as well as its attorney fees for seeking such cost-shifting. Such an award is ***mandatory*** under Fed.R.Civ.P. ("Rule") 45(d)(2)(B)(ii). *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)("*Legal Voice I*"); *Id.,* 757 F.3d 1015, 1016-17 (9th Cir. 2014) ("*Legal Voice II*").

2. These significant expenses include the fees for the ESI vendor (which AT&T had recommended) and the time counsel and BTB-MTS staff spent reviewing documents for production.

3. BTB-MTS has reasonably incurred the following expenses in complying with the subpoena:

  a) $227,512 for fees charged by A&M, the ESI vendor

  b) $68,860 in attorney fees

  c) $85,269 in hours spent by Jones and Rydel-Fortner

  d) For a total of $381,641.

4. I find, that of that amount, $380,000 was "significant."

5. BTB has also reasonably incurred $22165 in attorney fees such fees to date (40.3 hours).

6. ***Thus the total amount that is awarded to BTB-MTS is $402,165***

7. BTB-MTS is ordered to reimburse Dow Jones for any portion of the award that Dow Jones advanced**.**

8. I also find that this amount is appropriately awarded as sanctions against AT&T and its counsel of record, jointly and severally, because the discovery in this case was taken for an

- 1 -

improper purpose, and because to fail to award the foregoing sum would render BTB-MTS an involuntary uncompensated expert. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003).  It does not appear that AT&T had any legitimate need for the documents that BTB-MTS was forced to produce, and indeed AT&T agreed to remove the cables without conditions without ever obtaining the adjudication of its claims about BTB-MTS's investigation that supposedly justified the delay in removing the cables.

IT IS SO ORDERED.

Dated: December __, 2024                    _____
                                            The Honorable Jeremy D. Peterson
                                            United States Magistrate Judge