1  MATTHEW MACLEAR (State Bar No. 209228)
   Email: mcm@atalawgroup.com
2  JASON FLANDERS (State Bar No. 238007)
   Email: jrf@atalawgroup.com
3  ERICA A. MAHARG (State Bar No. 279396)
   Email: eam@atalawgroup.com
4  J. THOMAS BRETT (State Bar No. 315820)
   Email: jtb@atalawgroup.com
5  AQUA TERRA AERIS LAW GROUP
6  4030 Martin Luther King Jr Way
   Oakland, CA 94609
7  Tel: (415) 568-5200

8  [Additional counsel on p. 2]
9
   Attorneys for Plaintiff
10 CALIFORNIA SPORTFISHING
   PROTECTION ALLIANCE
11
                **UNITED STATES DISTRICT COURT**
12
               **EASTERN DISTRICT OF CALIFORNIA**
13
14 | CALIFORNIA SPORTFISHING | |
   | PROTECTION ALLIANCE, a non-profit | Case No. 2:21-cv-00073-MCE-JDP |
   | corporation, | |

15                                    **[PROPOSED] AMENDED FINAL**
                  Plaintiff,          **CONSENT DECREE**
16
17     vs.                           **(Federal Resource Conservation and
                                       Recovery Act, 42 U.S.C. § 6972(a)(1)(B)**
18 PACIFIC BELL TELEPHONE            **and California Safe Drinking Water and**
   COMPANY,                          **Toxic Enforcement Act, Cal. Health &**
19                                    **Safety Code § 25249.5)**
                  Defendant.
20
21
22
23
24
25
26
27
28

ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

WILLIAM VERICK (State Bar No. 140972)
Email: wverick@igc.org
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061; Fax: (707) 630-5064

J. KIRK BOYD (State Bar No. 122759)
Email: jkb@drjkb.com
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500

BRIAN ACREE (State Bar No. 202505)
Email: brian@brianacree.com
LAW OFFICES OF BRIAN ACREE
331 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 505-6861

WILLIAM CARLON (State Bar No. 305739)
Email: william@carlonlaw.com
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115

2

1       **WHEREAS**, Plaintiff California Sportfishing Protection Alliance ("Plaintiff") filed the above-

2    captioned action (the "Action") against Defendant Pacific Bell Telephone Company ("Defendant"),

3    alleging violations of the federal Resource Conservation and Recovery Act ("RCRA") 42 U.S.C. 6901

4    *et seq.*, and the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), Cal.

5    Health & Safety Code section 25249.5, *et seq.*;

6       **WHEREAS**, Plaintiff contends it is a non-profit public benefit corporation dedicated to the

7    preservation, protection, and defense of the environment, wildlife, and natural resources of

8    California's waters;

9       **WHEREAS**, Plaintiff contends that Defendant obtained licenses, easements or other approvals

10   from the California State Lands Commission for the purpose of installing and operating submarine

11   telecommunications cables along the bottom of the western side of Lake Tahoe (the "Easements");

12      **WHEREAS**, two telecommunications cables have been installed in the Lake waters pursuant

13   to the Easements that, when taken together, are approximately 8 miles long ("the Cables") (A map

14   identifying the approximate current locations of the Cables in the Lake is attached as **Exhibit A**);

15      **WHEREAS**, Plaintiff alleges the Cables violate RCRA and Proposition 65;

16      **WHEREAS,** the State of California has listed Lake Tahoe as a source of drinking water within

17   the meaning of Proposition 65;

18      **WHEREAS**, Plaintiff provided Defendant with a written Notice of Violation of RCRA and

19   Proposition 65 ("Notice Letter"), and Plaintiff further contends that the Notice Letter was provided by

20   certified mail return receipt requested to Defendant's Chief Executive Officer and agent for service of

21   process; the Administrator of the United States Environmental Protection Agency ("EPA"); the

22   Regional Administrator of EPA Region IX; the California Attorney General; the Acting Director of

23   the California Department of Resources, Recycling and Recovery; and the District Attorneys for the

24   California counties of Placer and El Dorado, all in accordance with 40 C.F.R. section 254.2 and Cal.

25   Health & Safety Code section 25249.7 (A true copy of the Notice Letter is attached as **Exhibit A** to

26   ECF No. 1);

27      **WHEREAS**, Defendant disputes Plaintiff's allegations set forth in the Notice Letter and in

28

1    Plaintiff's original and amended Complaints and contends Plaintiff's claims lack merit;

2    **WHEREAS**, Defendant has obtained permits and other regulatory approvals ("Regulatory

3    Approvals") needed under applicable law to remove the Cables, which are identified in ECF No. 33;

4    **WHEREAS**, in an effort to reduce the cost and expense associated with litigation, the Parties

5    wish to resolve this matter pursuant to the terms of this Consent Decree (the "Final Consent Decree"),

6    which entails the removal of the Cables pursuant to the terms of the Final Consent Decree;

7    **WHEREAS**, the Parties agree that Defendant, in entering into this Final Consent Decree,

8    makes no admission of liability or of any issue of law or fact whatsoever regarding the claims made

9    by Plaintiff in the Action or the Notice Letter;

10    **WHEREAS**, for the purposes of this Final Consent Decree, the Parties agree that: (i) the Court

11    has personal jurisdiction over the Parties and subject matter jurisdiction under 28 U.S.C. sections 1331

12    and 1367, and RCRA (42 U.S.C. § 6972(a)(1)(B)); (ii) venue is proper in this Court under 28 U.S.C.

13    section 1391(b) and RCRA (42 U.S.C. § 6972(a)), because a substantial part of the events or omissions

14    giving rise to Plaintiff's claims occurred in this District.  Intra-district venue is proper in Sacramento,

15    California, because the sources of the alleged violations are located in El Dorado and Placer Counties,

16    and Plaintiff contends it has standing under Article III of the U.S. Constitution to bring this Action;

17    **WHEREAS**, the Parties agree that the Court should retain jurisdiction over this matter for

18    purposes of interpreting, modifying, or enforcing the terms of this Final Consent Decree for the life of

19    the Final Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to

20    enforce this Final Consent Decree;

21    **WHEREAS**, promptly after the mutual execution of this Final Consent Decree (the "Execution

22    Date"), Plaintiff shall file a motion to approve entry of this Final Consent Decree, and shall serve a

23    copy of the motion on the California Attorney General for the 45-day statutory review period specified

24    in Proposition 65 (Health & Safety Code § 25249.7(f)), and California Code of Regulations, title 11,

25    section 3003;

26    **WHEREAS,** the Parties agree to work together to secure prompt judicial approval of the Final

27

28

1    Consent Decree, regardless of any objections from any interested party;

2         **WHEREAS**, consistent with the Regulatory Approvals, the Parties' shared goal is to work in
3    a cooperative fashion to effectuate the removal of the Cables as soon as practicable, and therefore have
4    mutually set a target period to complete removal by November 30, 2024 or the next date in 2025 that
5    is available before May 26, 2025 (Memorial Day), based on weather conditions and consistency with
6    the permitting process ("Target Removal Period");

7         **WHEREAS**, in the event that the Court for any reason denies the motion to approve the Decree
8    in the form submitted with the motion to approve, this Decree shall become null and void; and

9         **WHEREAS**, the date this Final Consent Decree is entered by the Court shall be the "Court
10   Entry Date."

11        **NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES,**
12   **AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

13        **1.    Defendant Shall Promptly and Diligently Seek To Secure Any Additional**
14   **Authorizations Needed To Remove the Cables.**  Starting no later than five (5) business days after
15   the Execution Date, Defendant shall use diligent and commercially reasonable efforts to promptly
16   pursue any permits or other governmental authorizations beyond the existing Regulatory Approvals
17   necessary for lawful removal and off-site transport for disposal or recycling of the Cables (the
18   "Authorizations").  Upon receiving all the Authorizations, Defendant shall notify Plaintiff in writing
19   within five (5) business days.

20        **2.    Removal of the Cables.**  Consistent with the scope of work set forth in the existing
21   Regulatory Approvals and after the Court Entry Date, Defendant shall remove the Cables from the
22   waters of Lake Tahoe and transport them for lawful off-site disposal or to a cable recycler promptly
23   after receipt of all Authorizations, subject to compliance with all Authorizations and applicable laws,
24   rules and regulations.  Defendant has agreed to use diligent and commercially reasonable efforts to
25   remove the Cables by the Target Removal Period.  Defendant shall notify Plaintiff in writing within
26   five (5) business days of having completed removal of the Cables from Lake Tahoe.

27        **3.    Notice of Inability To Meet Target Removal Period.**  If Defendant cannot complete

28

removal and disposal/recycling of the Cables by the end of the Target Removal Period, in accordance with Paragraph 2, Defendant shall notify Plaintiff in writing within five (5) business days before the end of the Target Removal Period. Defendant agrees to provide Plaintiff with an update on the status of the Authorizations, the efforts Defendant has made to obtain required Authorizations and to complete removal by the end of the Target Removal Period, and Defendant's plan and contemplated timeline to remove the Cables.

**4.     Dispute Resolution**. If a dispute under this Final Consent Decree arises, or either Party believes in good faith that a breach of this Final Consent Decree has occurred, the Parties shall meet and confer within fourteen (14) days of receiving written notification from the other Party of a request to confer about the matter. If either Party fails to meet and confer in good faith, or the meet-and-confer process is unsuccessful, and after seven (7) days have elapsed from the date the meet-and-confer occurred or should have occurred, then either Party shall be entitled to all rights and remedies under the law, including filing a motion with the Court. Notwithstanding any other provision of this Final Consent Decree, the Court shall retain jurisdiction over the Action for the limited purposes of enforcement of the terms of this Final Consent Decree or for adjusting upon a showing of good cause any deadlines or time limits set forth in this Final Consent Decree.

**5.     Plaintiff's Release and Waiver.** Upon the Court Entry Date of this Final Consent Decree, Plaintiff, on its own behalf and on behalf of its members, subsidiaries, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases and forever discharges Defendant and its officers, directors, employees, shareholders, parents, subsidiaries, and affiliates, and each of their predecessors, successors and assigns, and each of their agents, attorneys, consultants, and other representatives (each a "Released Defendant Party") from any and all claims or causes of action (i) arising from or pertaining to claims asserted in the Action or the Notice Letter, including, without limitation, all claims for injunctive relief, damages, losses, penalties, fines, sanctions, mitigation, or any other sum incurred or claimed or which could have been claimed under RCRA or Proposition 65, for the alleged failure of Defendant to comply with RCRA and/or Proposition 65, up to the Court Entry Date, except for claims for payment of Plaintiff's legal fees and costs in this Action; and (ii) any other

Docusign Envelope ID: 18246322-CE72-4746-8857-C85923A577F4

claims (a) relating to the Cables or (b) that could have been brought against Defendant based on the facts alleged in the Second Amended Complaint or otherwise known to Plaintiff.

Plaintiff, on behalf of the public interest, hereby waives, releases, and forever discharges all Proposition 65 claims that are the subject of the Notice Letter, effective upon removal of the Cables as required by this Consent Decree.

6.      **Defendant's Release and Waiver**.  Defendant, on its own behalf and on behalf of any Released Defendant Party under its control, releases Plaintiff (and its officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representative) from, and waives all claims which arise from or pertain to the Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other similar sums incurred or claimed or which could have been claimed for matters associated with or related to the Action.

7.      **The Parties' Waiver of California Civil Code Section 1542.**  Each Party acknowledges that it is familiar with California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor or released party.

Each Party waives and relinquishes any right or benefit it has or may have under California Civil Code section 1542 or any similar provision under statutory or non-statutory law.  The Parties acknowledge that each may subsequently discover facts in addition to, or different from, those that it believes to be true with respect to the claims released herein.  The Parties agree that this Decree and the releases contained herein shall be and remain effective in all respects notwithstanding the discovery of such additional or different facts.

8.      **Plaintiff's Fees & Costs**.  The amount of any award of legal fees and costs to Plaintiff in this Action shall be determined by the Court.  Plaintiff shall file any motion seeking any legal fees and costs by October 31, 2024, and shall notice any such motion for a hearing date that is 45 days after

the filing date.

9. **No Admission of Liability**. The Parties enter into this Final Consent Decree for the purpose of avoiding prolonged and costly litigation of the claims in the Action. Nothing in this Final Consent Decree shall be construed as, and Defendant expressly does not intend to imply, an admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Final Consent Decree constitute or be construed as an admission by Defendant of any fact, finding, conclusion, issue of law, or violation of law. However, this paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Final Consent Decree.

10. **Execution**. This Final Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Final Consent Decree shall be valid as an original.

11. **Cooperation**. Both Parties shall support entry of this Final Consent Decree and shall waive any right to appeal it if entered. If the Court approves and enters this Final Consent Decree, but such Final Consent Decree is reversed and vacated by an appellate court, or if the Court does not approve and enter this Final Consent Decree within ninety (90) days of the Parties having submitted it to the Court for approval and entry, the Parties shall meet and confer as to whether to modify the terms of this Final Consent Decree. If the Parties do not jointly agree on a course of action to take, the Action shall proceed on its normal course on the Court's calendar.

12. **Choice of Law**. The terms of this Final Consent Decree shall be interpreted pursuant to the laws of California.

13. **Authority**. The undersigned are authorized to execute this Final Consent Decree on behalf of their respective Parties and have read, understood and agreed to be bound by all of the terms and conditions of this Final Consent Decree.

14. **Integration and Non-Assignment**. This Final Consent Decree contains all of the terms and conditions agreed upon by the Parties relating to the matters covered by the Final Consent Decree, and supersedes any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, and communications of the Parties, whether oral or written,

Docusign Envelope ID: 18246322-CE72-4746-8857-C85923A577F4

respecting the matters covered by this Final Consent Decree.  This Final Consent Decree is made for the sole benefit of the Parties, and no other person or entity shall have any rights or remedies under or by reason of this Final Consent Decree, unless otherwise expressly provided for therein.

**15.    Notices.**  Any notices or documents required or provided for by this Final Consent Decree or related thereto that are to be provided to Plaintiff shall be sent by electronic mail transmission to the email addresses listed below:

Chris Shutes, Executive Director, CSPA - E-mail: blancapaloma@msn.com

With copies sent to:

Matthew C. Maclear - E-mail: mcm@atalawgroup.com

Erica A. Maharg - E-mail: eam@atalawgroup.com

Any notices or documents required or provided for by this Final Consent Decree or related thereto that are to be provided to Defendant shall be sent by electronic mail transmission to the email addresses listed below:

Sarah Teachout (sarah.teachout@att.com)
Senior Vice President and Assistant General Counsel
AT&T Services, Inc.
208 S. Akard Street
Dallas, Texas 75202

With copies sent to:

Navi Dhillon (navidhillon@paulhastings.com)
Deborah Schmall (deborahschmall@paulhastings.com)
Paul Hastings LLP
101 California Street, 48th floor
San Francisco, CA 94111

Hariklia Karis (hariklia.karis@kirkland.com)
Mark Nomellini (mark.nomellini@kirkland.com)
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Each Party shall promptly notify the other of any change in the above-listed contact information.  Signatures of the Parties transmitted by facsimile or email shall be deemed binding.

**16.    Mutually Drafted.**  This Final Consent Decree shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Party on the ground that any such

1    Party drafted it.

2    **17.    Amendments.**  This Final Consent Decree may be amended or modified only by a

3    writing signed by the Parties or their authorized representatives with a courtesy copy to the California

4    Attorney General.

5    **18.    Dismissal.**  Concurrent with the entry of this Final Consent Decree, the Parties agree

6    that this Action shall be deemed dismissed with prejudice by the Court.  Notwithstanding the dismissal

7    of this Action, the Parties agree that the Court retains jurisdiction to resolve any disputes or enforce

8    any terms of this Final Consent Decree.

9    Dated: October 22 , 2024          CALIFORNIA SPORTFISHING PROTECTION

10                                     ALLIANCE

11                                     By: _____

12                                     Signature

13                                     _____

14                                     Chris Shutes, Executive Director

15   Dated: October 23 , 2024          PACIFIC BELL TELEPHONE COMPANY

16

17                                     By: _____

18                                     Signature

19                                     _____

20                                     Sarah Teachout, Senior Vice President and Assistant
                                       General Counsel

21   Good cause appearing,

22   **IT IS SO ORDERED AND THIS ACTION IS HEREBY DISMISSED WITH PREJUDICE.**

23   Dated: _____November 7_____ , 2024

24                                     _____

25                                     JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE

26

27   Exhibits:
     A-Map of Cables

28

                                          10