# EXHIBIT K

ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060; Fax: (707) 782-4062
Email: andrew@packardlawoffices.com
       wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061; Fax: (707) 630-5064
Email: wverick@igc.org

J. KIRK BOYD (State Bar No. 122759)
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500
Email: jkb@drjkb.com

BRIAN ACREE (State Bar No. 202505)
LAW OFFICES OF BRIAN ACREE
331 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 505-6861
Email: brian@brianacree.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>  Plaintiff,<br><br> v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>  Defendant. | Case No. 2:21-cv-00073-JDP<br><br>PLAINTIFF'S INITIAL DISCLOSURES |

## I. PRELIMINARY STATEMENT

Rules 26(a)(1)(A)(i) and 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure require the disclosure of the existence of documents and identification of individuals that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a computation of damages claimed. Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure requires the disclosure of any relevant insurance that may be available to satisfy all or part of judgment or to reimburse or indemnify payments made to satisfy the judgment.

Accordingly, and without waiver of the attorney client privilege or any other applicable privilege or doctrine, Plaintiff California Sportfishing Protection Alliance ("CSPA" or "Plaintiff") makes the following initial disclosures in this action. These are made to the best of Plaintiff's current knowledge and ability. Plaintiff reserves the right to supplement these disclosures in accordance with the Federal Rules of Civil Procedure.

## II. FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A)(I)

Chris Shutes, Executive Director of CSPA, may have information specific to the issue of standing. Plaintiff's mailing address is P.O Box 1061, Groveland, CA 95321. Plaintiff's counsel will accept service of any discovery requests addressed to Mr. Shutes.

Plaintiff is also aware that the following persons may have discoverable information that support Plaintiff's claims:

1. Environmental Defense Fund
2. Monique Fortner
3. Seth Jones
4. Marine Taxonomic Services
5. Pace Analytical Services
6. Complete Environmental Testing, Inc.

Plaintiff also refers Defendant to the following regulatory agencies, which may have information related to Plaintiff's claims, including Defendant's ownership and operation of the cables at issue in Plaintiff's claims.

California State Lands Commission
100 Howe Avenue Suite 100-South
Sacramento, CA 95825

Lahontan Regional Water Quality Control Board
2501 Lake Tahoe Blvd
So. Lake Tahoe, CA 96150

State Water Resources Control Board
1001 I Street
Sacramento, CA 95814

US Army Engineer District, Sacramento
1325 J Street, Room 1440
Sacramento, California 95814-2922

Tahoe Regional Planning Authority
PO Box 5310
Stateline, NV 89449

California Department of Fish and Wildlife
715 P Street
Sacramento, CA 95814

California State Parks
715 P Street
Sacramento, CA 95814

U.S. Forest Service
Pacific Southwest Region (Map)
1323 Club Drive
Vallejo, CA 94592

Plaintiff also believes that officers, directors, and employees of Defendant may have discoverable information, which Plaintiff may use to supports its claims, including related to the ownership, operation, and composition of the cables at issue in this action.

Plaintiff also refers Defendant to the documents identified in Section III herein, which may include additional names and contact information for individuals that may have information regarding Plaintiffs' claims. Individuals named in a particular document may have information on the subjects to which that document refers.

Plaintiff's investigation is ongoing, and additional individuals with information related to Plaintiff's claims, including on the issue of standing, may be identified at a later date.

### III. FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A)(II)

Plaintiff has identified the following categories of documents held by Plaintiff that may be relevant to the alleged claims:

1. Photographs of cables that are the subject of Plaintiff's claims;
2. Leases, rights-of-way, and related documents issued to Defendant for the cables that are the subject of Plaintiff's claims; and
3. Documents Defendant obtained via the third-party document subpoenas.

Plaintiff does not intend to produce documents that are already in possession of Defendant. Plaintiff reserves all rights to subsequently produce additional documents to support some or all of its claims as those documents are discovered or become available.

### IV. FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A)(III)

No damages are requested in this action.

### V. FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A)(IV)

Plaintiff has no information to disclose pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv).

Respectfully Submitted,

LAW OFFICES OF ANDREW L. PACKARD

By: /s/ Andrew L. Packard

Andrew L. Packard
Attorney for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE