NAVI SINGH DHILLON (SBN 279537)
navidhillon@paulhastings.com
PETER C. MEIER (SBN 179019)
petermeier@paulhastings.com
LUCAS GRUNBAUM (SBN 314180)
lucasgrunbaum@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000

HARIKLIA KARIS (admitted *pro hac vice*)
hkaris@kirkland.com
ROBERT B. ELLIS (admitted *pro hac vice*)
rellis@kirkland.com
MARK J. NOMELLINI (admitted *pro hac vice*)
mnomellini@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

JON DAVID KELLEY (admitted *pro hac vice*)
jon.kelley@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1755

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00073-JDP<br><br>**DECLARATION OF JON DAVID KELLEY IN SUPPORT OF DEFENDANT PACIFIC BELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:    Hon. Jeremy D. Peterson<br>Date:    January 9, 2025<br>Time:    9:00 a.m.<br>Courtroom:    9<br><br>Action Filed:    January 14, 2021<br>Trial Date:    None |

I, Jon David Kelley, hereby declare as follows:

1.      I am a partner at the law firm of Kirkland & Ellis LLP and counsel for Defendant Pacific Bell Telephone Company ("Pacific Bell") in the above-captioned litigation. I submit this declaration in support of Pacific Bell's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs Under the Resource Conservation and Recovery Act and Code of Civil Procedure Section 1021.5 (the "Motion").  I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.      Over the course of this litigation, the parties have engaged in only modest written discovery.  The parties stipulated to a protective order, and each served discovery requests and written responses, including eight responses from Plaintiff California Sportfishing Protection Alliance ("CSPA") and seven responses from Pacific Bell.

3.      Over the course of this litigation, CSPA made a single production of 766 documents, and Pacific Bell produced a total of 2,158 documents.

4.      In April 2024, CSPA served a letter on Pacific Bell alleging deficiencies in its production, but the parties resolved their disagreements through the meet-and-confer process, and CSPA never filed any motion to compel.

5.      CSPA also served seven subpoenas to third parties, including two subpoenas that were improperly served on Pacific Bell's experts and later withdrawn, and received small productions (totaling 4,395 documents) in response to the remaining five subpoenas.

6.      In May 2024, CSPA noticed the only deposition to be noticed by any party in this litigation: a 30(b)(6) deposition of third-party Marine Taxonomic Services ("MTS").  Counsel for MTS requested to extend the deposition date weeks before it was set to occur, and the deposition was removed from the calendar shortly thereafter.  This deposition was never rescheduled.  No additional depositions were noticed, and no depositions ever occurred.

7.      Neither party exchanged expert disclosures over the course of this litigation, and CSPA never disclosed to Pacific Bell any report from Ian Wren.

8.      Neither party filed any dispositive motions, including summary judgment filings, or pretrial filings over the course of this litigation.

**9.** Pacific Bell's counsel reviewed time entries CSPA submitted in connection with its Motion. That review was limited by the fact that many entries did not provide enough detail to be evaluated. *See, e.g.*, Dkts. 156-7 at 61 (10/20/2020: "Legal research."), 71 (6/29/2021: "Negotiate with opposing counsel."), 88 (7/27/2023: "Read email from co-counsel."); 156-11 at 46 (8/22/2024: "Staff meeting."); 156-15 at 70 (10/24/2023: "Review and upload communications."). However, among those that were specific enough to be evaluated, various entries were identified as reflecting work performed on tasks that were unnecessary in light of the settlement of this litigation, examples of which include the following:

**(a)** Entries related to a motion for summary judgment that CSPA never filed. *See* Dkts. 156-4, at 64–69, 86, 96, 103–12; 156-6, at 56; 156-15, at 82–83, 85–88; 156-16, at 25–31, 40; 157-2 at 423, 432–33.

**(b)** Entries related to a motion to compel "internal documents," and a motion to compel a privilege log from Pacific Bell. *See* Dkts. 156-4, at 106–11; 156-7, at 94; 156-15, at 86–87; 157-2 at 431. CSPA did not file any motions to compel in this litigation.

**(c)** Entries related to preparation for depositions that never occurred, including a deposition of Marine Taxonomic Services, Ltd. and a "person most qualified" deposition. *See* Dkts. 156-4, at 107, 111; 156-7, at 103, 106; 156-12 at 28; 156-13, at 19, 44–45, 48–49; 156-15, at 78–79, 91, 95–101; 156-16, at 31, 33–38; 157-2 at 407, 409, 411, 417, 419–20, 437, 444, 455, 457–61.

**(d)** Entries related to subpoenas that CSPA improperly served on two of Pacific Bell's retained experts—Ramboll US Consulting, Inc., and Haley & Aldrich—and the ensuing "expert discovery dispute" that resulted in CSPA withdrawing both subpoenas. *See* Dkts. 156-4, at 107; 156-5, at 18–20; 156-11, at 38–40; 156-13, at 28–29; 156-15, at 91–92; 156-17, at 27–33; 157-2 at 425, 431–33, 437–38.

**(e)** Entries related to litigation funding arrangements, including a litigation fund established through the Rose Foundation. *See* Dkts. 156-4, at 106–08; 156-5 at 15–20; 156-6, at 33, 47–53, 56; 156-7, at 92, 96, 98, 104; 156-8, at 31–32; 156-13, at 15, 22, 38; 156-15, at 75, 90;157-2 at 409–10, 413, 415–16, 438, 441–44, 446–47, 450, 461, 464, 471.

**10.** Attached as **Exhibit A** is a true copy of email correspondence between Seth Jones, Monique Rydel-Fortner, Susan Pulliam, Shalini Ramachandran, and Adeline Yee, dated May 19, 2023 to June 16, 2023, produced by Below the Blue and MTS as BTBMTS0002848.

**11.** Attached as **Exhibit B** is a true copy of an email between Kirk Boyd, Seth Jones, and Monique Rydel-Fortner, dated August 23, 2023, produced by CSPA as CSPA003038 – CSPA003039.

2

**12.** Attached as **Exhibit C** is a true copy of email correspondence between CSPA's counsel—including Andrew Packard, Kirk Boyd, and William Verick—and Gordon Binkhorst, dated September 8 to September 13, 2023, produced by Gordon Binkhorst as BINKHORST000808–BINKHORST000810.

**13.** Attached as **Exhibit D** is a true copy of the Rose Foundation's "Donate to a Fiscally Sponsored Project" webpage, as it appeared on October 1, 2023.  This screenshot was captured on November 21, 2024 using the wayback machine, and can be accessed at the following link: https://web.archive.org/web/20231001224031/https://rosefdn.org/donate-project

**14.** Attached as **Exhibit E** is a true copy of the Rose Foundation's webpage for the "Get the Lead Out of Lake Tahoe" litigation fund, as it appeared on September 28, 2023.  This screenshot was captured on November 21, 2024 using the wayback machine, and can be accessed at the following link:  https://web.archive.org/web/20230928213646/https://rosefdn.org/donation-center/donate-to-a-fiscally-sponsored-project/get-the-lead-out-of-lake-tahoe/

**15.** Attached as **Exhibit F** is a true copy of the Rose Foundation's "Donate to a Fiscally Sponsored Project" webpage, showing that visitors can still choose to donate to the "Get the Lead Out of Lake Tahoe" litigation fund "for the California Sportfishing Protection Alliance."  This screenshot was captured on November 21, 2024 and can be accessed at the following link: https://rosefdn.org/donate-project/

**16.** Attached as **Exhibit G** is a true copy of an article from the Sierra Sun titled "Get the Lead Out Lake Tahoe to hold fundraiser at Tahoe National Brewing," dated March 12, 2024.

**17.** Attached as **Exhibit H** is a true copy of Pacific Bell's March 12, 2024 Objection Letter to CSPA's Expert Subpoenas.

**18.** Attached as **Exhibit I** is a true copy of CSPA's March 8, 2024 letter to counsel for Pacific Bell agreeing to withdraw its subpoenas to Pacific Bell's experts.

**19.** Attached as **Exhibit J** is a true copy of CSPA's Responses and Objections to Pacific Bell's Second Set of Requests for Production of Documents, dated November 20, 2023.

**20.** Attached as **Exhibit K** is a true copy of a post from CSPA's official Facebook page, dated February 4, 2024.

DECLARATION OF JON KELLEY ISO OPPOSITION
TO CSPA MOTION FOR ATTORNEYS' FEES                    CASE NO. 2:21-cv-0073-MCE-JDP

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed November 21, 2024, in Dallas, Texas.

Jon David Kelley

DECLARATION OF JON KELLEY ISO OPPOSITION
TO CSPA MOTION FOR ATTORNEYS' FEES                    CASE NO. 2:21-cv-0073-MCE-JDP