# EXHIBIT H

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Jon David Kelley
To Call Writer Directly:
+1 214 972 1755
jon.kelley@kirkland.com

Weir's Plaza
4550 Travis Street
Dallas, TX 75205
United States

+1 214 972 1770

www.kirkland.com

Facsimile:
+1 214 972 1771

March 12, 2024

**By E-mail**

Matthew C. Maclear
Erica Maharg
Aqua Terra Aeris Law Group
4030 Martin Luther King Jr. Way
Oakland, CA 94609
mcm@atalawgroup.com
eam@atalawgroup.com

Re: *California Sportfishing Protection Alliance v. Pacific Bell Telephone Company*, No. 2:21-cv-00073-JDP; Withdrawal of Plaintiff's Subpoenas to Ramboll and Haley & Aldrich

Dear Matthew:

We are in receipt of your March 8 letter, which we understand withdraws the subpoenas Plaintiff issued on February 23 to Haley & Aldrich and Ramboll US Consulting, Inc. As we noted in the objections we asserted by email on February 27 and during our March 5 meet and confer, Haley & Aldrich and Ramboll are both retained as Pacific Bell's experts in the above-captioned litigation. Plaintiff's subpoenas to these experts were thus improper, and your withdrawal of the subpoenas was necessary for each of the reasons identified in our February 27 correspondence,[1] whether or not Pacific Bell agrees to produce additional documents.

---

[1] Objections identified as a basis for Plaintiff's withdrawal of the subpoenas include the following: (1) the use of a Rule 45 subpoena to obtain expert discovery is improper where (as here) Rule 26 already requires the eventual disclosure of the expert opinions; (2) the Subpoenas improperly seek data and information Plaintiff has already requested in its discovery to Pacific Bell; (3) Pacific Bell identified contact information for Haley & Aldrich and Ramboll US Consulting, Inc. as "c/o Kirkland & Ellis," so any contact must take place through the identified counsel; (4) the Subpoenas improperly seek premature expert discovery; (5) the court set a date for expert disclosures, and the Subpoenas improperly attempt to obtain the same information months in advance; and (6) the Subpoenas seek privileged information to which Plaintiff is not entitled.

# KIRKLAND & ELLIS LLP

Matthew C. Maclear
March 12, 2024
Page 2

      Notwithstanding these facts, Pacific Bell will agree to produce data and nonprivileged material directly supporting or underlying any sampling reports publicly filed on the docket in this case, without waiver of any privilege, including attorney work product, and without waiver of the objections asserted in Pacific Bell's discovery responses. Pacific Bell will not produce any documents or materials utilized or otherwise relied on by Haley & Aldrich or Ramboll to the extent such materials are not directly related to the publicly filed reports. Any discovery related to undisclosed opinions or ongoing expert work is premature under the Court's existing scheduling order, and is therefore outside the scope of this agreed production. Finally, the fact that Pacific Bell has publicly filed certain reports has no impact on the privileged nature of material related to Pacific Bell's undisclosed expert opinions. *See, e.g., Aim High Inv. Grp., LLC v. Spectrum Labs., LLC,* 2022 WL 16859974, at *3 (C.D. Cal. Oct. 20, 2022); *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC,* 268 F.R.D. 614, 617 (N.D. Cal. 2010) (finding fairness did not justify applying a subject-matter waiver); *Walnut Creek Manor, LLC v. Mayhew Ctr., LLC,* 2008 WL 11338242, at *2 (C.D. Cal. Nov. 14, 2008) (declining to apply subject-matter waiver); *Hollinger Int'l Inc. v. Hollinger Inc.,* 230 F.R.D. 508, 519 (N.D. Ill. 2005) (declining to extend waiver to undisclosed portions of a non-testifying expert's report, even where portions of the expert's finding had already been disclosed in an unrelated judicial proceeding); *Ludwig v. Pilkington N. Am., Inc.*, No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2003) (noting that "if such information can be waived if disclosed, that waiver is limited to material disclosed and does not apply to material that remains undisclosed"). Subject to the foregoing, Pacific Bell has already begun gathering responsive materials and will produce these materials as soon as possible.

      Finally, your statement that Pacific Bell indicated that it had "completed its production in response to Plaintiff's first set of requests for production" is incorrect. In my March 1, 2024 production letter, I represented that Pacific Bell had completed "production of documents responsive to Plaintiff's First Set of Requests for Production **pursuant to the Search Protocol**." As you know, the "Search Protocol" is clearly defined in both Pacific Bell's original and amended RFP responses to include specific custodians and search terms. Pacific Bell's production of documents tied to those specific custodians and search terms is complete, and Pacific Bell has not made any representation about the status of non-custodial productions—like the one contemplated here.

      Please let us know if you wish to discuss.

## KIRKLAND & ELLIS LLP

Matthew C. Maclear
March 12, 2024
Page 3

                    Sincerely,

                    /s/ *Jon David Kelley*
                    Jon David Kelley

cc:      Counsel of record