# EXHIBIT I



MATTHEW C. MACLEAR
PARTNER

4030 MARTIN LUTHER KING JR. WAY
OAKLAND, CA 94609

T: 415-568-5200
mcm@atalawgroup.com

March 8, 2024

**Sent via email**

NAVI DHILLON
Email: navidhillon@paulhastings.com
PETER C. MEIER
Email: petermeier@paulhastings.com
CHRISTOPHER J. CARR
chriscarr@paulhastings.com
LUCAS GRUNBAUM
Email: lucasgrunbaum@paulhastings.com
PAUL HASTINGS, LLP
101 California Street, 48th Floor
San Francisco, CA 94111

HARIKLIA KARIS
Email: hkaris@kirkland.com
ROBERT B. ELLIS
Email: rellis@kirkland.com
MARK J. NOMELLINI
Email: mnomellini@kirkland.com
KIRKLAND & ELLIS, LLP
300 North LaSalle
Chicago, IL 60654

JONATHAN D. KELLEY
Email: jon.kelley@kirkland.com
KIRKLAND & ELLIS, LLP
4550 Travis Street
Dallas, TX 75205

**RE:** *California Sportfishing Protection Alliance v. Pacific Bell Telephone Company*, No. 2:21-cv-00073-JDP; Meet and Confer re Third Party Subpoenas and Defendant's Document Production

Dear Counsel,

I write in response to your emails of February 27, 2024 and March 5, 2024, asking Plaintiff to withdraw the subpoenas served last week on Haley & Aldrich and Ramboll.

Plaintiff is willing to withdraw the subpoenas provided Defendant produces documents responding to Plaintiff's first set of requests for production, including but not limited to all testing results, all sampling plans, all photographs and videos taken while sampling, and any methodologies used while sampling or testing the Cables, which Defendant or any consultant has done at the request of Defendant, including Haley & Aldrich and Ramboll, of the cables. In the February 27, 2024 email, Mr. Kelley indicated "the Subpoenas improperly seek data and information Plaintiff has already requested in its discovery to Pacific Bell." We agree and point Defendants specifically to Request for Production Nos. 14, 16-20, 23-25, and 27-32. Yet to date,

Defendant has failed to provide any lab results, samplings plans, or methodologies used during testing and sampling and on which the reports were presumably based.

Because Defendant has not produced such information, Plaintiff properly sought the information directly from Defendant's consultants. However, in recognition of counsel's request that CSPA "seek to obtain it from Pacific Bell before it separately seeks to obtain it from any third party" (Kelley email, 2/27/2024), Plaintiff writes to request that Defendant produce documents responsive to the above requests promptly.

To the extent Defendant asserts this information is subject to privilege or is early disclosure of expert discovery, Defendant has forfeited such protections when it voluntarily submitted the Ramboll and Haley & Aldrich reports to the court. *See Worley v. Avanquest N. Am., Inc.*, 2013 U.S. Dist. LEXIS 175305, at *14-17 (N.D. Cal. Dec. 13, 2013) ("if a party uses a consulting expert's statements, findings, or opinions in a filing, that party has put the expert's statements, findings, or opinions into the judicial arena and the opposing side may take discovery about those statements, findings, or opinions"); *see also U.S. Gypsum Co. v. Ectek Int'l, Inc.*, 2022 U.S. Dist. LEXIS 71538, at **16-17 (N.D. Ill. Apr. 19, 2022) (holding that any protection under Rule 26(b)(4)(D) for a report was waived when defendant produced the report to plaintiff; *accord BCBSM, Inc. v. Walgreen Co.*, 2023 U.S. Dist. LEXIS 94912, at *35 (N.D. Il. May 31, 2023). Notably, Defendant has sought—and Plaintiff has produced—similar documentation for the sampling it conducted and disclosed in the complaint.

On March 1, 2024 in a letter sending the fourth production, Mr. Kelley indicated Defendant has completed its production in response to Plaintiff's first set of requests for production. Yet Defendant has not produced the documents related to Haley & Aldrich's or Ramboll's sampling as far as Plaintiff is aware. Such information must be produced.

**To resolve this dispute, please confirm that Defendant will provide the requested information responsive to Plaintiff's requests for production and provide a date by which that production will occur.**

Please also note that, by withdrawing the subpoenas to Haley & Aldrich and Ramboll now, Plaintiff is not forfeiting any right to reissue a subpoena to those entities at a later date, should acquiring the information through Defendant prove unavailing.

Sincerely,

/s/ *Matthew C. Maclear*

Matthew C. Maclear
Aqua Terra Aeris Law Group
*Attorneys for Plaintiff California Sportfishing Protection Alliance*


cc: Plaintiff's counsel



P a g e | 2