# EXHIBIT J

ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
WILLIAM N. CARLON (State Bar No. 305739)
Email: wncarlon@packardlawoffices.com
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

[Additional counsel on p. 2]

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>    Defendant. | Case No: 2:21-cv-00073-JDP<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1  MATTHEW MACLEAR (State Bar No. 209228)
   Email: mcm@atalawgroup.com
2  JASON FLANDERS (State Bar No. 238007)
   Email: jrf@atalawgroup.com
3  ERICA A. MAHARG (State Bar No. 279396)
   Email: eam@atalawgroup.com
4  J. THOMAS BRETT (State Bar No. 315820)
   Email: jtb@atalawgroup.com
5  AQUA TERRA AERIS LAW GROUP
   4030 Martin Luther King Jr Way
6  Oakland, CA 94609
   Tel: (415) 568-5200
7
   WILLIAM VERICK (State Bar No. 140972)
8  Email: wverick@igc.org
   KLAMATH ENVIRONMENTAL LAW CENTER
9  1125 16th Street, Suite 204
   Arcata, CA  95521
10 Tel: (707) 630-5061; Fax: (707) 630-5064
11
   J. KIRK BOYD (State Bar No. 122759)
12 Email: jkb@drjkb.com
   LAW OFFICE OF JOHN KIRK BOYD
13 548 Market St., Suite 1300
   San Francisco, CA 94104-5401
14 Tel: (415) 440-2500
15
   BRIAN ACREE (State Bar No. 202505)
16 Email: brian@brianacree.com
   LAW OFFICES OF BRIAN ACREE
17 331 J Street, Suite 200
   Sacramento, CA 95814
18 Tel: (916) 505-6861

19

20

21

22

23

24

25

26

27

28

## I. OBJECTIONS TO DEFINITIONS

DEFINITION NO. 8.

"YOU" or "YOUR" refers to California Sportfishing Protection Alliance, including its members, agents, representatives or anyone else acting on YOUR behalf.

OBJECTION TO DEFINITION NO. 8.

Plaintiffs object to this definition because it purports to require Plaintiff to respond on behalf of all of its members. Plaintiff does not have access to all information held by each member and seeking such information is not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1).

## II. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 27:

Produce all DOCUMENTS and COMMUNICATIONS concerning or discussing any actual or potential payments made to YOU or another on YOUR behalf to FUND or otherwise support the ACTION.

OBJECTIONS TO REQUEST NO. 27:

Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense. Fed. R. Civ. Proc. 26(b)(1). In an environmental enforcement action, the issue is whether Defendant has violated the relevant act; DOCUMENTS and COMMUNICATIONS concerning funding of this ACTION has no bearing on any issues related to liability, standing, or applicable defenses. *See La. Envtl. Action Network v. Cintas Corp.*, No. 03-711-C-M2, 2004 U.S. Dist. LEXIS 31841, **3-5 (M.D. La. Sep. 30, 2004). Therefore, Plaintiff is withholding documents responsive to this Request on this basis. Moreover, Plaintiff will not provide a privilege log of these documents because the Request is wholly irrelevant to this Action.

Moreover, Plaintiff objects to this request because it is disproportionate to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). As explained above, the information requested has no bearing on any claims or defenses; thus, the information lacks any importance to the issues at stake in the action and the burden and expense of gathering this evidence outweighs any possible benefit. *Id*. Plaintiffs are withholding documents responsive to this Request on this basis.

1  Further, Plaintiff objects to this Request because it seeks information that infringes on our donors' First Amendment rights of free association. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). The freedom to associate encompasses the ability to make financial contributions in order to further a common goal. *See Buckley v. Valeo*, 424 U.S. 1, 22 (1976) (holding that contribution limitations impinged on protected associational freedoms); *see also Citizens United v. FEC*, 558 U.S. 310, 339, 342-43 (2010). If CSPA were to disclose its donors and potentially open those donors up to further discovery from Defendant's counsel, this would likely have a chilling effect on current and future donors' willingness to financially support the organization and/or litigation. *See Tree of Life Christian, Sch. v. City of Upper Arlington*, No. 2:11-cv-00009, 2012 U.S. Dist. LEXIS 32205, at *9 (S.D. Ohio Mar. 12, 2012), citing to *Perry*, 59 F.3d. at 1163. Thus, Plaintiff is withholding documents responsive to this Request on this basis.

Finally, Plaintiff objects to the extent this Request seeks disclosure of DOCUMENTS or COMMUNICATIONS that are subject to the attorney-client privilege and/or attorney work product, which are not subject to disclosure. Plaintiff is withholding documents responsive to this Request on this basis.

REQUEST NO. 28:

Produce all DOCUMENTS and COMMUNICATIONS concerning or discussing any payments requested by YOU or or [sic] another on YOUR behalf to FUND or otherwise support the ACTION.

OBJECTIONS TO REQUEST NO. 28:

Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense. Fed. R. Civ. Proc. 26(b)(1). In an environmental enforcement action, the issue is whether Defendant has violated the relevant act; DOCUMENTS and COMMUNICATIONS concerning funding of this ACTION has no bearing on any issues related to liability, standing, or applicable defenses. *See La. Envtl. Action Network v. Cintas Corp.*, No. 03-711-C-M2, 2004 U.S. Dist. LEXIS 31841, **3-5 (M.D. La. Sep. 30, 2004). Therefore, Plaintiff is withholding documents responsive to this Request on this basis. Moreover, Plaintiff will not provide a privilege log of these documents because the Request is wholly irrelevant to this Action.

Moreover, Plaintiff objects to this request because it is disproportionate to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). As explained above, the information requested has no bearing on any claims or defenses; thus, the information lacks any importance to the issues at stake in the action and the burden and expense of gathering this evidence outweighs any possible benefit. *Id.* Plaintiffs are withholding documents responsive to this Request on this basis.

Further, Plaintiff objects to this Request because it seeks information that infringes on our donors' First Amendment rights of free association. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). The freedom to associate encompasses the ability to make financial contributions in order to further a common goal. *See Buckley v. Valeo*, 424 U.S. 1, 22 (1976) (holding that contribution limitations impinged on protected associational freedoms); *see also Citizens United v. FEC*, 558 U.S. 310, 339, 342-43 (2010). If CSPA were to disclose its donors and potentially open those donors up to further discovery from Defendant's counsel, this would likely have a chilling effect on current and future donors' willingness to financially support the organization and/or litigation. *See Tree of Life Christian, Sch. v. City of Upper Arlington*, No. 2:11-cv-00009, 2012 U.S. Dist. LEXIS 32205, at *9 (S.D. Ohio Mar. 12, 2012), citing to *Perry*, 59 F.3d. at 1163. Thus, Plaintiff is withholding documents responsive to this Request on this basis.

Finally, Plaintiff objects to the extent this Request seeks disclosure of DOCUMENTS or COMMUNICATIONS that are subject to the attorney-client privilege and/or attorney work product, which are not subject to disclosure. Plaintiff is withholding documents responsive to this Request on this basis.

REQUEST NO. 29:

Produce all DOCUMENTS concerning or discussing any litigation-funding agreement or similar agreement with any third party to provide FUNDING or other financial support to YOU for the ACTION.

OBJECTIONS TO REQUEST NO. 29:

Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense. Fed. R. Civ. Proc. 26(b)(1). In an environmental enforcement action, the issue is whether Defendant has violated the relevant act; DOCUMENTS and COMMUNICATIONS

concerning funding of this ACTION has no bearing on any issues related to liability, standing, or applicable defenses. *See La. Envtl. Action Network v. Cintas Corp.*, No. 03-711-C-M2, 2004 U.S. Dist. LEXIS 31841, **3-5 (M.D. La. Sep. 30, 2004). Therefore, Plaintiff is withholding documents responsive to this Request on this basis. Moreover, Plaintiff will not provide a privilege log of these documents because the Request is wholly irrelevant to this Action.

Moreover, Plaintiff objects to this request because it is disproportionate to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). As explained above, the information requested has no bearing on any claims or defenses; thus, the information lacks any importance to the issues at stake in the action and the burden and expense of gathering this evidence outweighs any possible benefit. *Id*. Plaintiffs are withholding documents responsive to this Request on this basis.

Further, Plaintiff objects to this Request because it seeks information that infringes on our donors' First Amendment rights of free association. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). The freedom to associate encompasses the ability to make financial contributions in order to further a common goal. *See Buckley v. Valeo*, 424 U.S. 1, 22 (1976) (holding that contribution limitations impinged on protected associational freedoms); *see also Citizens United v. FEC*, 558 U.S. 310, 339, 342-43 (2010). If CSPA were to disclose its donors and potentially open those donors up to further discovery from Defendant's counsel, this would likely have a chilling effect on current and future donors' willingness to financially support the organization and/or litigation. *See Tree of Life Christian, Sch. v. City of Upper Arlington*, No. 2:11-cv-00009, 2012 U.S. Dist. LEXIS 32205, at *9 (S.D. Ohio Mar. 12, 2012), citing to *Perry*, 59 F.3d. at 1163. Thus, Plaintiff is withholding documents responsive to this Request on this basis.

Finally, Plaintiff objects to the extent this Request seeks disclosure of DOCUMENTS or COMMUNICATIONS that are subject to the attorney-client privilege and/or attorney work product, which are not subject to disclosure. Plaintiff is withholding documents responsive to this Request on this basis.

REQUEST NO. 30:

Produce all DOCUMENTS and COMMUNICATIONS related to the Rose Foundation and any "litigation fund" hosted by the Rose Foundation, including the fund titled "Get the Lead Out of

1   Lake Tahoe," available at: https://rosefdn.org/donation-center/donate-to-a-fiscally-sponsored-
2   project/get-the-lead-out-of-lake-tahoe/.

3   OBJECTIONS TO REQUEST NO. 30:

4         Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense. Fed. R. Civ. Proc. 26(b)(1). In an environmental enforcement action, the issue is whether Defendant has violated the relevant act; DOCUMENTS and COMMUNICATIONS concerning funding of this ACTION has no bearing on any issues related to liability, standing, or applicable defenses. *See La. Envtl. Action Network v. Cintas Corp.*, No. 03-711-C-M2, 2004 U.S. Dist. LEXIS 31841, **3-5 (M.D. La. Sep. 30, 2004). Therefore, Plaintiff is withholding documents responsive to this Request on this basis. Moreover, Plaintiff will not provide a privilege log of these documents because the Request is wholly irrelevant to this Action.

      Moreover, Plaintiff objects to this request because it is disproportionate to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). As explained above, the information requested has no bearing on any claims or defenses; thus, the information lacks any importance to the issues at stake in the action and the burden and expense of gathering this evidence outweighs any possible benefit. *Id*. Plaintiffs are withholding documents responsive to this Request on this basis.

      Further, Plaintiff objects to this Request because it seeks information that infringes on our donors' First Amendment rights of free association. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). The freedom to associate encompasses the ability to make financial contributions in order to further a common goal. *See Buckley v. Valeo*, 424 U.S. 1, 22 (1976) (holding that contribution limitations impinged on protected associational freedoms); *see also Citizens United v. FEC*, 558 U.S. 310, 339, 342-43 (2010). If CSPA were to disclose its donors and potentially open those donors up to further discovery from Defendant's counsel, this would likely have a chilling effect on current and future donors' willingness to financially support the organization and/or litigation. *See Tree of Life Christian, Sch. v. City of Upper Arlington*, No. 2:11-cv-00009, 2012 U.S. Dist. LEXIS 32205, at *9 (S.D. Ohio Mar. 12, 2012), citing to *Perry*, 59 F.3d. at 1163. Thus, Plaintiff is withholding documents responsive to this Request on this basis.

Finally, Plaintiff objects to the extent this Request seeks disclosure of DOCUMENTS or COMMUNICATIONS that are subject to the attorney-client privilege and/or attorney work product, which are not subject to disclosure. Plaintiff is withholding documents responsive to this Request on this basis.

Dated: November 20, 2023

AQUA TERRA AERIS LAW GROUP

/s Erica A. Maharg
Erica A. Maharg
Attorneys for Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

**PROOF OF SERVICE**

I am a citizen of the United States, employed in the County of Alameda. My business address is 4030 Martin Luther King Jr. Way, Oakland, California 94609. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

- **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

On November 20, 2023, I served the foregoing document(s) on the parties in this action, located on the **attached service list,** by placing copies thereof in sealed envelopes addressed as shown below for service as designated below:

| | | |
|---|---|---|
| ( ) | By First Class Mail: | Deposited the sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | By Personal Service: | I personally delivered each such envelope to the office of the address on the date last written below. |
| ( ) | By Overnight Mail: | I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (xx) | By Electronic Transmission: | Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 20, 2023, in Hayward, California.

_Esmeralda Bustos_
Esmeralda Bustos

# SERVICE LIST

NAVI DHILLON
Email : navidhillon@paulhastings.com
PETER C. MEIER
Email : petermeier@paulhastings.com
LUCAS GRUNBAUM
Email : lucasgrunbaum@paulhastings.com
PAUL HASTINGS, LLP
101 California Street, 48th Floor
San Francisco, CA  94111

HARIKLIA KARIS
Email: hkaris@kirkland.com
ROBERT B. ELLIS
Email: rellis@kirkland.com
MARK J. NOMELLINI
Email: mnomellini@kirkland.com
KIRKLAND & ELLIS, LLP
300 North LaSalle
Chicago, IL  60654

JONATHAN D. KELLEY
Email: jon.kelley@kirkland.com
KIRKLAND & ELLIS, LLP
4550 Travis Street
Dallas, TX 75205

*Attorneys for Pacific Bell Telephone Company*