Joshua Koltun (Bar No. 173040)
One Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Nonparty Witnesses
Marine Taxonomic Services, Ltd,
Below the Blue, Seth Jones, and
Monique Rydel-Fortner ("BTB-MTS")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>      Plaintiff,<br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>      Defendant | Case 2:21-cv-00073-JDP |
| PACIFIC BELL TELEPHONE COMPANY,<br><br>      Movant,<br>v.<br><br>MARINE TAXONOMIC SERVICES, LTD.<br><br>      Respondent | Case No. 2:24-cv-00022-KJM-JDP<br><br>***UPDATED* PROPOSED ORDER RE COST-SHIFTING**<br><br>Zoom Hearing: January 9, 2025<br>Time:            10 am<br>Courtroom      9<br>Judge:           Hon. Jeremy D. Peterson |

The Motion by Third Party Witnesses Below the Blue, Marine Taxonomic Services, Ltd, Seth Jones, and Monique Rydel-Fortner (hereinafter, collectively, "BTB/MTS"), for cost-shifting, came on for hearing on January 9, 2025.

Upon consideration of the briefs, arguments and evidence in support of and in opposition to the motion the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1. AT&T must reimburse the "significant expense" it incurred in complying with AT&T's subpoena, as well as its attorney fees for seeking such cost-shifting. Such an award is *mandatory* under Fed.R.Civ.P. ("Rule") 45(d)(2)(B)(ii). *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)("*Legal Voice I*"); *Id.,* 757 F.3d 1015, 1016-17 (9th Cir. 2014) ("*Legal Voice II*").

2. I also find that this amount is appropriately awarded as sanctions against AT&T and its counsel of record, jointly and severally, because the discovery in this case was taken for an improper purpose, and because to fail to award the foregoing sum would render BTB-MTS an involuntary uncompensated expert. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003). It does not appear that AT&T had any legitimate need for the documents that BTB-MTS was forced to produce. Although AT&T initially told the Court that it was withdrawing from Consent Decree to obtain an adjudication as to whether the Cables were unsafe, and should be removed, or were safe, and should remain in place, AT&T now claims that it always intended to remove the Cables. Since the judicial remedy sought by plaintiffs was to be consented-to, there was no basis to use the Court's subpoena power to take discovery of BTB/MTS.

3. These significant expenses (and/or sanctions) to be awarded include the fees for the ESI vendor (which AT&T had recommended) and the time counsel and BTB-MTS staff spent reviewing documents for production.

4. BTB-MTS has reasonably incurred the following expenses in complying with the subpoena:

    a) $227,512 for fees charged by A&M, the ESI vendor

        b)       $68,860 in attorney fees

        c)       $85,269 in hours spent by Jones and Rydel-Fortner

        d)       For a total of $381,641.

5. I find, that of that amount, $380,000 was "significant."

6. BTB has also reasonably incurred $35365 in attorney fees such fees to date (64.3 hours).

7. ***Thus the total amount that is awarded to BTB-MTS is $415,365.***

8. AT&T is ordered to may such payment to Joshua Koltun, in trust.  Koltun and BTB-MTS are ordered to reimburse Dow Jones for any portion of the award that Dow Jones paid or advanced to Koltun or A&M, and to pay to A&M such remaining portion as is owed A&M**.**

IT IS SO ORDERED.

Dated: January __, 2025                _____
                                         The Honorable Jeremy D. Peterson
                                         United States Magistrate Judge