MATTHEW MACLEAR (State Bar No. 209228)
Email: mcm@atalawgroup.com
JASON FLANDERS (State Bar No. 238007)
Email: jrf@atalawgroup.com
ERICA A. MAHARG (State Bar No. 279396)
Email: eam@atalawgroup.com
J. THOMAS BRETT (State Bar No. 315820)
Email: jtb@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr Way
Oakland, CA 94609
Tel: (415) 568-5200

[Additional counsel on p. 2]

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>  Defendant. | Case No.: 2:21-cv-00073-JDP<br><br>**SUPPLEMENTAL DECLARATION OF ANDREW PACKARD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE RESOURCE CONSERVATION AND RECOVERY ACT (42 U.S.C. § 6972(e)) AND CODE OF CIVIL PROCEDURE SECTION 1021.5** |

ANDREW L. PACKARD (State Bar No. 168690)
Email: andrew@packardlawoffices.com
LAW OFFICES OF ANDREW L. PACKARD
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062

WILLIAM VERICK (State Bar No. 140972)
Email: wverick@igc.org
KLAMATH ENVIRONMENTAL LAW CENTER
1125 16th Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061; Fax: (707) 630-5064

J. KIRK BOYD (State Bar No. 122759)
Email: jkb@drjkb.com
LAW OFFICE OF JOHN KIRK BOYD
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500

BRIAN ACREE (State Bar No. 202505)
Email: brian@brianacree.com
LAW OFFICES OF BRIAN ACREE
331 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 505-6861

WILLIAM CARLON (State Bar No. 305739)
Email: william@carlonlaw.com
LAW OFFICE OF WILLIAM CARLON
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115

I, Andrew L. Packard, declare:

1. The facts set forth in this declaration are based on my personal knowledge; if called to testify as a witness, I could and would competently testify thereto under oath. As to those matters that reflect a personal opinion, they reflect my personal opinion and judgment upon the matter.

2. I am more than eighteen years old and am competent to testify as to the matters set forth herein.

3. I am an attorney licensed to practice law in the State of California, and my firm has served as counsel for Plaintiff California Sportfishing Protection Alliance ("CSPA") in the above-referenced action.

4. Since the Notice of Motion and Motion for Fees and Costs was filed, I have expended an additional 3.9 hours. My time has been spent preparing this declaration, corresponding with co-counsel on counterarguments to Defendant's Opposition, contacting fee experts regarding multiplier strategy, and editing the reply briefing. In an exercise of billing judgment. These hours have been reduced to 2.4, which equals a 38% reduction.

5. Attached hereto as **Exhibit 1** is a true and correct copy of an agreement between CSPA and the Rose Foundation for Communities and the Environment regarding the use of donations to fund litigation costs associated with the prosecution of this case.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 6th of December 2024 in Petaluma, California.

_____
Andrew L. Packard

# EXHIBIT 1

Single Entity Fund Agreement
between the
Rose Foundation for Communities and the Environment
and
California Sportfishing Protection Alliance

The **Rose Foundation for Communities and the Environment** (Rose) has decided that creating a single entity fund designated for the support of **California Sportfishing Protection Alliance's** (CSPA) Get the Lead Out of Lake Tahoe Campaign will further Rose's charitable purposes. Therefore, Rose shall create the **Get the Lead Out of Lake Tahoe Fund** (a single entity fund hereinafter referred to as "the Fund") and has decided to grant all amounts that it may deposit into that fund to the benefit of CSPA, less any administrative charges as set forth below and subject to Rose's variance power. The Fund shall be managed in accordance with all applicable state and federal law, and subject to the following terms:

1) **Irrevocable Gifts**
All gifts to support the Fund are irrevocable donations to the Rose Foundation for Communities and the Environment, a public charity organized under IRS Code Section 501(c)(3), and Rose shall maintain exclusive control over these donated assets. Rose's current address is 201 Fourth Street, Suite 102, Oakland, CA 94607.

2) **Purpose of Fund**
The overall purpose of the Fund is to support (CSPA), a California public charity organized under IRS Code Section 501(c)3 dedicated to conserving, restoring, and enhancing the state's water quality, wildlife and fishery resources, aquatic ecosystems, and associated riparian habitats. CSPA has brought a federal court lawsuit to enforce state and federal laws which prohibit AT&T's abandonment of eight miles of discarded cables along the bottom of Lake Tahoe. The cables are frayed and leaking lead into the Lake and are having a harmful effect on humans, fish, and the aquatic environment. The goal of the lawsuit is the safe and successful removal of the cables from Lake Tahoe. This Fund will support CSPA's legal costs associated with expert discovery needed to support their claims. CSPA's designated Attorney Contact Person(s) may request grants from the Fund by submitting invoices for all manner of costs associated with discovery, including but not limited to laboratory fees, scuba diver support, and expert testimony among others. The grants for the benefit of CSPA shall be paid to the client trust account of the designated Attorney Contact, and Rose shall normally provide such grant disbursements within 15 business days. CSPA hereby warrants that it shall direct its attorneys to use any and all grants awarded from the Fund solely for consultant and expert costs, as well as filing fees, deposition expenses, trial preparation costs, and any other non-attorney fee expense in the case ("Litigation Costs"), in support of its lawsuit with AT&T. CSPA shall repay to Rose any portion of amounts granted which are not used for the charitable purposes described herein. Further, should CSPA prevail in its lawsuit and thereby get all or a portion of its Litigation Costs reimbursed by Defendant, CSPA shall repay Rose the recovered portion of those Litigation Costs that were paid to the benefit of CSPA through this Fund. However, it is understood that the payments for the benefit of CSPA's litigation costs are a repayable grant, and if for any reason whatsoever such recovery does not occur, or does not occur in full CSPA, shall have no further obligation to Rose. CSPA further warrants that it

1

shall not use any portion of the funds granted herein to participate or intervene in any political campaign on behalf or in opposition to any candidate for public office, or to induce or engage in violations of law or public policy, or to cause any private inurement or improper private benefit to occur, nor to take any action inconsistent with IRC Section 501(c)(3). Rose reserves the right, if CSPA breaches this Agreement, or if CSPA's conduct jeopardizes the Rose Foundation's legal or tax status, to withhold, withdraw, or demand immediate return of funds granted pursuant to this Agreement, and to expend such funds for other charitable purposes within Rose's sole judgment.

3)  Variance Power

It is specifically understood that the sole purpose of the Fund is to support CSPA in its legal efforts to force ATT's clean-up of the lead cables in Lake Tahoe. However, as required by law, all assets contributed to the Fund are irrevocable gifts to the Rose Foundation and legal control and responsibility for the funds rest with Rose and are subject to its variance power. Variance power gives Rose the authority to modify any restriction or condition on the distribution of funds for any specified charitable purposes or to specified organizations if, in the sole judgment of the Rose Foundation Board of Directors, such restriction or condition becomes unnecessary, incapable of fulfillment or inconsistent with the charitable needs of the community served.

4)  Restricted Fund

The Fund shall be accounted for separately for all purposes outlined herein. Any and all donations to the Fund shall be regranted to CSPA or otherwise disbursed in accordance with the purposes of the Fund. As described in paragraph 2, if any Litigation Costs can be recouped from a successful outcome of CSPA's litigation against AT&T previously paid from this Fund, such funds shall be repaid to Rose and become the general property of the Rose Foundation for use on litigation costs, or other projects, whose purpose is to improve water quality in California.

5)  Administrative Charges

Rose shall charge the following fees to defray its services and costs in administering the Fund, as well as helping to defray Rose's overall administrative costs including its annual audit and the costs of providing its community programs. Rose shall charge a flat Administrative Fee of 2% for each donation received to be collected upon receipt of the donation, plus an additional 4% surcharge on all credit card donations. Once charged, these fees become the general property of Rose, and are not subject to the specifications of this Agreement.

6)  Annual Activity and Status Reports

Rose shall provide CSPA with an annual report, and the report shall describe all additions to the Fund and all charges and disbursements, including all donations received, fees charged, investment gain/loss (if applicable), and the report shall also identify the net assets of the Fund. These annual reports shall be designed to meet CSPA's reasonable specifications, and it is understood that these specifications may change or evolve over time. CSPA may also request interim reports from time to time as needed or desired.

CSPA shall provide Rose with an annual report and copies of its annual state and federal tax filings. CSPA shall also notify Rose of any change in its executive staff, designated contact person, or of any change to its tax or legal status.

7) **Solicitation of Funds**
CSPA may solicit grants, gifts, or contributions to Rose, earmarked for the Fund. CSPA shall keep Rose appraised of its fundraising activities related to the Fund and provide copies of such fundraising solicitations. At its sole discretion, Rose may require an advance list of CSPA's choice of funding sources to be approached, and pre-approval of the text of related fundraising materials.

Rose maintains a number of individual funds, and unless donors clearly indicate their intent to support the *Get the Lead Out of Lake Tahoe Fund*, Rose may be unable to properly credit their donations to the Fund. **Therefore, *donors must be instructed to make checks payable to the Rose Foundation*, and indicate the *Get the Lead Out of Lake Tahoe Fund* in the memo line of the check or in a cover note.** In the instance of a credit card donation, donors must similarly choose the **Get the Lead Out of Lake Tahoe Fund** from any list of available Rose funds.

8) **Acknowledgement & Privacy**
Rose shall acknowledge receipt of all gifts directly to the Fund's Donors. Such acknowledgements shall meet all legal requirements for charitable gift acknowledgement and shall state Rose's variance power over the Fund's assets. Unless specifically requested by a Donor, Rose shall keep all Donors' identities completely confidential beyond compliance with the minimum disclosures of Donor identity required by applicable state and federal law. Except as allowed for in this agreement, Rose shall not sell, rent or otherwise provide Donors' contact information to other entities whatsoever.

9) **No Agency**
Nothing in this agreement shall constitute the naming of CSPA as an agent or legal representative of Rose for any purpose whatsoever except as specifically and to the extent set forth herein. This Agreement shall not be deemed to create any relationship of agency, partnership, or joint venture between the parties hereto, and CSPA shall make no such representation to anyone.

10) **CSPA Contact Person**
CSPA shall designate an Attorney Contact person or persons, and CSPA specifically warrants that such Attorney Contact shall have the authority to request disbursement of monies from the Fund to the Attorney Contact's client trust account for the purposes

described in Paragraph 2. All disbursement requests shall be in made writing and may be delivered to the Rose Foundation by either electronic or hard copy. CSPA's initial designated contact person for the fund shall be:

CSPA CONTACT INFO
Chris Shutes, Executive Director, CSPA
Andrew Packard, Lead Attorney, Law Offices of Andrew L. Packard

CSPA may change its contact person at any time by written notice to Rose signed by the Chair of CSPA's Board of Directors.

12)   **Indemnity and Hold Harmless**
CSPA hereby irrevocably and unconditionally agrees, to the fullest extent permitted by law, to defend, indemnify, and hold harmless the Rose Foundation, its officers, directors, employees and agents, from and against any claims, liabilities, losses and expenses (including reasonable attorney's fees) directly, indirectly, wholly or partially arising from or in connection with any act or omission of CSPA in relation to this agreement, its employees or agents, in applying for or accepting grants from the Fund, in expending or applying the funds furnished pursuant to such grants, or in carrying out the program or project to be funded or financed by such grants, except to the extent that such claims, liabilities, losses or expenses arise from or in connection with any act or omission of the Rose Foundation, or its officers, directors, employees, or agents.

13)   **Conflict of Terms**
In the event of an inconsistency between these terms and conditions and any terms and conditions appearing elsewhere in connection this Fund, these terms and conditions, as interpreted by Rose, shall govern, and Rose reserves the right to take any actions at any time which, in its discretion, it deems reasonably necessary or desirable for the proper administration of the Fund at Rose in compliance with applicable law.

14)   **Dormancy**
If after 3-years the Fund has had no activity, the Rose Foundation may expend any balance remaining in the restricted fund designated for the Fund within the Rose Foundation's sole judgment.

15)   **Applicable Law**
This Agreement shall be governed by and construed in accordance with the laws of the State of California applicable to such agreements. Bold-face type in certain sections is provided for the convenience of the reader only and does not amend the meaning of the text in any way.

16)   **Entire Agreement**
This Agreement constitutes the entire agreement between CSPA and Rose on the subject hereof, and supersedes any previous oral or written understandings between the parties. The Agreement may only be modified upon mutual written consent.

17) **CSPA Address**

CSPA shall be contacted at the following organizational address:

ORGANIZATION ADDRESS
California Sportfishing Protection Alliance
1608 Francisco Street
Berkeley, CA 94703

AGREED:

_____         9/11/23_____
Tim Little, Executive Director, Rose Foundation              Date


_____         September 8, 2023_____
Chris Shutes, Executive Director, CSPA                       Date