UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

Plaintiff,

v.

PACIFIC BELL TELEPHONE
COMPANY,

Defendant.

No.  2:21-cv-00073-DAD-JDP

ORDER DENYING MOTION FOR
RECONSIDERATION

(Doc. No. 179)

This matter is before the court on movant Below the Blue and Martine Taxonomic Services, Inc.'s ("BTB") October 16, 2025 request for reconsideration of the assigned magistrate judge's September 30, 2025 order (Doc. No. 178).  (Doc. Nos. 179, 180.)  On October 28, 2025, defendant filed an opposition to that request.  (Doc. No. 189.)  For the reasons explained below, the court will deny movant's motion for reconsideration.

**BACKGROUND**

On January 14, 2021, plaintiff filed this action against defendant Pacific Bell Telephone Company.  (Doc. No. 1.)  On September 29, 2021, this case was reassigned to Magistrate Judge Jeremy D. Peterson for "all further proceedings and entry of final judgment" pursuant to 28 U.S.C. § 636(c) and Local Rule 305.  (Doc. No. 17 at 1.)  On September 26, 2023, defendant filed a motion to compel movant BTB's compliance with a subpoena and set that motion for hearing

1

before the assigned magistrate judge. (Doc. No. 65.) On November 13, 2023, the assigned magistrate judge granted that motion to compel. (Doc. No. 80.) On January 4, 2024, movant Below the Blue filed a motion for reconsideration of the magistrate judge's order before the assigned magistrate judge. (Doc. No. 98.) That same day, defendant filed a motion to compel movant and non-party Below the Blue's compliance with the court's orders. (Doc. No. 104.) On February 2, 2024, the assigned magistrate judge denied movant's motion for reconsideration and granted in part defendant's motion to compel. (Doc. No. 124.)

On January 23, 2024 and June 21, 2024, the previously-assigned district judge related several civil cases to this action. (Doc. Nos. 116, 137.) A review of these case dockets reveals that they pertain to motions to quash subpoenas, a motion to enforce an out of district subpoena, and a motion to compel compliance with subpoena. *See* Case Nos. 2:23-cv-03052-KJM-JDP, 2:24-cv-00022-KJM-JDP, 2:24-mc-00096-KJM-JDP, 2:24-mc-00004-KJM-JDP. On August 14, 2024, those motions were denied without prejudice to renewal upon completion of procedures of the assigned magistrate judge regarding the filing of formal discovery motions. *Id.* As a result, those related cases were closed. *Id.*

On November 6, 2024, movant Below the Blue filed a motion for to shift costs for compliance with the subpoena to defendant. (Doc. No. 159.) In this motion, movant stated explicitly for the first time[1] that its position was that, because it had not consented to have its rights fully adjudicated by a magistrate judge, it could seek reconsideration of the orders granting the motions to compel from a district court judge. (*Id.* at 8.) On November 21, 2024, defendant filed an opposition to that motion and on December 2, 2024, movant filed its reply thereto. (Doc. Nos. 170, 173.) On January 7, 2025, the assigned magistrate judge took movant's motion to shift costs for compliance with the subpoena under submission on the papers (Doc. No. 177) and on September 30, 2025, the assigned magistrate judge denied that motion (Doc. No. 178). On

---

[1] Movant appears to have alluded to this possibility during the January 25, 2024 hearing on movant's motion to partially reconsider the magistrate judge's earlier order (Doc. No. 80) granting defendant's motion to compel compliance with the subpoena. (Doc. No. 122 at 61.) The court observes that movant did not request reconsideration by a district judge of any of the magistrate judge's prior orders. The court does not rely movant's failure to do so in resolving the pending motion.

2

October 16, 2025, movant filed a motion for reconsideration of that order noticed before a district judge who was not assigned to this action in light of the parties having consented to magistrate judge jurisdiction. (Doc. Nos. 179, 180.) On October 17, 2025, the assigned magistrate judge directed the Clerk of the Court to randomly assign a district judge to this action to consider that motion and the Clerk of Court assigned the undersigned. (Doc. Nos. 182, 183.) On October 24, 2025, the court deemed movant's motion for reconsideration timely pursuant to the parties' stipulation. (Doc. No. 187.) On October 28, 2025, defendant filed its opposition to the pending motion for reconsideration. (Doc. No. 189.)

## LEGAL STANDARD

Title 28 U.S.C. § 636(c)(1) provides that:

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves.

Title 28 U.S.C. § 636(c)(3) then provides that:

> Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.

## DISCUSSION

Movant BTB argues that it is entitled to reconsideration of a magistrate judge's order by an Article III judge because "it has never consented to have its rights finally adjudicated by a Magistrate Judge[.]" (Doc. No. 180 at 10–11.) Defendant argues that movant has no right to reconsideration before a district judge because the parties in the case had consented to proceeding before a magistrate judge and the case had been referred to Magistrate Judge Peterson for any and all proceedings pursuant to 28 U.S.C. § 636(c). (Doc. No. 189 at 11–13.)

/////

It is undisputed that the magistrate judge had the consent of the named parties to this action and that this action was accordingly reassigned to that magistrate judge.  Movant BTB has conceded that it is a nonparty to this action.   (Doc. No. 180 at 12) (arguing that the magistrate judge erred because the obligation to pay "significant expenses to nonparties" is mandatory and it is a nonparty in this action).  Nonetheless, movant BTB contends that its consent was required in order for the assigned magistrate judge to have the authority to rule on its motion to shift costs. (Doc. No. 180 at 10–11.)  The Ninth Circuit has held that "[p]arty therefore means the same thing in § 636(c)(3) as parties does in § 636(c)(1):  one by or against whom a lawsuit is brought." *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 688 (9th Cir. 2016) (cleaned up) (quoting *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009)).  In that opinion, the Ninth Circuit found that a magistrate judge possessed jurisdiction to rule on a motion to intervene where the parties in the action had consented to magistrate judge jurisdiction but the proposed intervenor had not, explaining that:

> We agree with the Seventh Circuit that a prospective intervenor is not a party as that term is used in § 636(c)(1).  The Supreme Court has held that a prospective intervenor is not a party as that term is used in federal law, and he does not become a party until he actually intervenes in the suit.  . . .  Further, a prospective intervenor does not become a party to the suit unless and until he is allowed to intervene. If the actual parties to the suit have given consent, the consent of prospective intervenors is not necessary for the magistrate judge to exercise jurisdiction over the action.  While later-added parties must give consent for a magistrate judge to exercise jurisdiction, *prospective* parties do not have the same right.
>
> [Proposed intervenor] MOM Hui argues that nothing in 28 U.S.C. § 636(c) suggests that the term parties is limited to existing parties to a lawsuit and that legally, the term party encompasses a wide range of meanings, including, primarily, one who takes part in a transaction, such as a party to a contract.  But that argument is foreclosed by *Eisenstein*'s holding that a party as that term is used in federal law, is one by or against whom a lawsuit is brought.  That a would-be intervenor may stand to be bound by a judgment or otherwise adversely affected by it does not make him a party to the suit.

*Id.* at 687 (emphasis in original) (cleaned up).

In arguing that a nonparty "cannot be subject to the jurisdiction of a Magistrate Judge without consenting thereto[]" movant BTB cites the decision in *Irwin v. Mascott*, 370 F.3d 924,

929 (9th Cir. 2004).[2]  (Doc. No. 180 at 10.)  However, the procedural posture in *Irwin* was very different to that of this case.  In *Irwin*, all parties had consented to magistrate judge jurisdiction pursuant to § 636(c) in a prior class action, which had settled with a portion of the settlement requiring that the defendants obey an injunction.  *Irwin*, 370 F.3d at 928.  Following breaches of that injunction by a nonparty employee of the defendants, the plaintiffs moved for contempt sanctions against that nonparty.  *Id.*  The issue before the Ninth Circuit was then whether the nonparty was barred from raising a challenge to magistrate judge consent jurisdiction in the newly-filed contempt proceedings based on a violation of the injunction entered in a prior case.  *Id.* at 929–30.  Here, the question before the court is whether a nonparty's consent is required for the magistrate judge to exercise jurisdiction over an entire civil action where the parties have consented, and accordingly *Irwin* is simply inapposite.  Moreover, the court has been unable to locate any authority treating the holding in *Irwin* as requiring that a nonparty be virtually represented in a case prior to reassignment to a magistrate judge pursuant to § 636(c).  Instead, the court has identified subsequent authority that "numerous federal courts recognize that a lack of non-party consent *cannot* destroy a magistrate judge's § 636(c)(1) jurisdiction."  *Solan v. Chappell*, No. 13-cv-01779-SS, 2013 WL 6839433, at *1 n.3 (C.D. Cal. Dec. 27, 2013) (emphasis added) (collecting cases).

Indeed, the district court order which was affirmed by the Ninth Circuit in *Robert Ito* anticipated the very argument advanced by movant here and concluded that permitting such a challenge would completely undercut the application of § 636(c):

> Would-be intervenors are certainly not the only nonparties who might demand that issues be addressed by Article III judges, and the Second Circuit's reasoning [in *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21 (2d Cir. 1993) (disagreed with by *Robert Ito Farm, Inc.*, 842 F.3d at 686–87)] could arguably invite other challenges by nonparties that could render application of § 636(c) impossible.  Could a nonparty witness seeking to quash a subpoena requiring the witness to appear at a deposition seek review of a magistrate judge's decision by a district judge even when the

---

[2]  Contrary to movant's contention, in *Irwin* the Ninth Circuit held that the nonparty was subject to the magistrate judge's jurisdiction because the named parties had consented to magistrate judge jurisdiction in prior litigation and the named defendants were the nonparty's virtual representatives in that prior litigation.  *Irwin*, 370 F.3d at 930.

5

magistrate judge is presiding under § 636(c)?  What, if any, trial rulings in a § 636(c) case could nonparties immediately appeal to district judges?  For example, could a trial witness held in civil contempt for refusing to answer a question appeal to a district judge? . . .  It is not clear to this court that a prospective intervenor has more rights to consideration by an Article III judge than every other nonparty affected by rulings made by a magistrate judge operating under § 636(c).  Yet, the disruption to an ongoing trial if every ruling affecting a nonparty during trial can be immediately appealed to a district judge is obvious.

*Robert Ito Farm, Inc. v. County of Maui*, No. 14-cv-00511-SOM, 2015 WL 134070 (D. Haw. Jan. 9, 2015), *aff'd*, 842 F.3d 681.  The court finds this reasoning persuasive.  Permitting a nonparty movant to seek a district judge's review on reconsideration of the orders of the magistrate judge presiding over an action thwart application of § 636(c) as enacted.  Therefore, based on this persuasive reasoning and the binding Ninth Circuit precedent described above, the court finds that the presiding magistrate judge had jurisdiction to decide movant's motion to shift costs pursuant to 28 U.S.C. § 636(c) and without movant's consent.  Accordingly, the court concludes that the present motion for reconsideration is improperly before it, and that any appeal from the magistrate judge's order may only be pursued before the Ninth Circuit Court of Appeals.

For the reasons above, the court DENIES movant BTB's motion for reconsideration (Doc. No. 179) of the presiding magistrate judge's September 30, 2025 order.

IT IS SO ORDERED.

Dated:   **June 26, 2026**                    _____
                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE